FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 24 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  

Case No. 19-cv-00449

---------------------------------------------------------------X

NEW FALLS CORPORATION,

**AFFIRMATION**

Plaintiff,

-against-

SONI HOLDINGS, LLC, KUNAL SONI, ANJALI SONI and 632 MLK BLVD JR LLC,

Defendants.

---------------------------------------------------------------X

STEVEN GIORDANO, an attorney duly admitted to practice before this Court, under the penalties of perjury affirms the truth of the following:

1. I am an associate with the firm of VLOCK & ASSOCIATES, P.C., attorneys for Plaintiff in the above-referenced action.

2. I am fully familiar with the facts and circumstances stated herein.

3. I make this affirmation in support of Plaintiff's motion, by Order to Show Cause, which seeks an Order:

   a. Pursuant to Fed. R. Civ. Pro. Rule 65, issuing a Preliminary Injunction against Defendants and their representatives, agents, successors and assigns, from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of the Defendants' ownership interest in the premises located at 632-634 MLK Jr. Boulevard, Newark, New Jersey 07102, pending a determination of this action for fraudulent conveyance; and

   b. For such other and further relief as the Court deems just and proper under the circumstances.

## FACTS

4. On or about May 14, 2007, Defendant SONI HOLDINGS, LLC, for valuable and substantial consideration, executed and delivered to Plaintiff's predecessor-in-interest, AmSouth Bank, a Note for Business and Commercial Loans ("Note") for a business loan in the sum of $301,216.50, to be repaid with interest at the rate set forth therein. A copy of the said Note is annexed hereto as part of Exhibit "A" and incorporated herein as if more fully set forth at length thereafter.

5. The said Note was assigned and transferred to Plaintiff NEW FALLS CORPORATION by Allonge dated September 15, 2015, which is permanently affixed to the Note and made a part thereof. A copy of the said Allonge is annexed hereto as part of Exhibit "A."

6. Plaintiff is the owner and holder of the Note.

7. Defendant SONI HOLDINGS, LLC, defaulted under the terms of the Note by failing to pay principal and interest when due.

8. On or about February 22, 2018, a Judgment was entered in the United States District Court, Northern District of Alabama, Case No.17-cv-1330, in favor of Plaintiff, New Falls Corporation, against Defendant, SONI HOLDINGS, LLC, in the sum of $265,834.84. On or about April 18, 2018, this Court docketed the said Judgment in favor of Plaintiff against the Defendant in the sum of $265,834.84. A copy of the Court stamped filed Certification of Judgment and Abstract of Judgment is attached hereto as Exhibit "B."

9. No part of the said Judgment has been satisfied.

10. By deed recorded on April 4, 2016 ("Deed"), the Defendants SONI HOLDINGS, LLC, ANJALI SONI and KUNAL SONI transferred all right, title and interest in and to the real

property known as and located at 632-634 Martin Luther King Jr. Boulevard, Newark, New Jersey ("Premises") and further described as Block No. 103, Lot No. 41, on the tax map of the City of Newark, County of Essex, State of New Jersey, from Defendant SONI HOLDINGS, LLC, to Defendant 632 MLK BLVD JR LLC. A copy of the Deed, together with the appurtenant transfer documents, are attached hereto collectively as Exhibit "C."

11. The Deed was recorded in the office of the Essex County Clerk on April 4, 2016 at 1:11:09 p.m. under Instrument No. 2016028532.

12. As set forth in the documents attached hereto, the transfer of the Premises was effectuated by Defendant SONI HOLDINGS, LLC, to Defendant 632 MLK BLVD JR LLC, by their alleged members and/or agents, Defendants ANJALI SONI and KUNAL SONI.

13. Thereafter, the Defendant KUNAL SONI, in an effort to continue to hinder, delay and defraud Plaintiff, offered perjurious testimony under oath when questioned about the assets of Defendant SONI HOLDINGS, LLC. On November 26, 2018, the deposition of Defendant KUNAL SONI, purported manager of Defendant SONI HOLDINGS, LLC, and son of Defendant ANJALI SONI, was taken and he testified that the only asset ever owned by SONI HOLDINGS, LLC, was located in the State of Missouri. Specifically, Defendant KUNAL SONI testified in pertinent part:

> Q. What assets, other than 1175 East Karsch Boulevard in Missouri, does Soni Holdings, LLC currently own?
>
> A. That's it.
>
> Q. Have there been any other assets that Soni Holdings has owned since you've been managing member, since 2013?
>
> A. No, not that I'm aware of, no.

*A copy of the relevant pages 234-235 of the deposition of Defendant KUNAL SONI taken on November 26, 2018, is attached hereto as Exhibit "D."*

14. The above-quoted, sworn testimony by Defendant KUNAL SONI was a lie intended to hinder, delay and defraud Plaintiff from discovering the fraudulent conveyance of the Premises, in order to avoid recovery on the Judgment.

15. On or about January 23, 2019, this action was commenced by the filing of the Complaint. Attached hereto as Exhibit "E" is a copy of the Complaint in this action.

16. As demonstrated below, absent injunctive relief, Plaintiff will suffer irreparable harm because Defendants will be able to further hinder, delay and defraud Plaintiff from obtaining satisfaction of the Judgment by encumbering or transferring the Premises once again, which would moot the very purpose of this action for fraudulent conveyance. Given the Defendants' fraud and failure to divulge the information regarding the fraudulent conveyance, it is evident that they will undertake methods to further their fraud against Plaintiff by encumbering and/or transferring the Premises to prevent Plaintiff from recovering on the Judgment.

## A PRELIMINARY INJUNCTION SHOULD BE GRANTED TO MAINTAIN THE STATUS QUO PENDENTE LITE

17. "[P]reliminary injunctions are proper to prevent a defendant from making a judgment uncollectible, *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2nd Cir. 1985); see also *International Controls v. Vesco*, 490 F.2d 1334, 1347 (2nd Cir. 1974), *cert. denied*, 417 U.S. 932, 94 S. Ct. 2644, 41 L. Ed. 2d 236 (1974), and '[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.'" *Republic of Philippines v. Marcos*, 806 F.2d 344 (2nd Cir. 1986).

18. "[A]n injunction may issue to stop a defendant from dissipating assets in an effort to frustrate a judgment." *Chemical Bank v. Haseotes*, 13 F.3d 569 (2nd Cir. 1994).

19. A preliminary injunction may be granted only when the party seeking the injunction establishes that, "1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Statharos v. N.Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 321 (2nd Cir. 1999).

**A.  Plaintiff is likely to succeed on the merits.**

20. In this case, the fraudulent conveyance is clearly set forth in the documentary evidence outlined in the Complaint and herein. Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the said conveyance on April 4, 2016, was made by Defendants with actual intent to defraud, hinder and delay creditors. Furthermore, pursuant to DCL § 273, the said conveyance was effectuated by Defendants with intent presumed in law to defraud, hinder and delay creditors, were made without consideration, and were made at a time when Defendant SONI HOLDINGS, LLC, was insolvent, or was thereby rendered insolvent, causing damage to Plaintiff.

21. Plaintiff has been expending substantial time and money in an attempt to satisfy the Judgment. However, Plaintiff has been thwarted by Defendants and has not received any money towards satisfaction of the Judgment.

22. The Premises is a substantial asset that would likely fully satisfy the Judgment in this case, but for the fraudulent conveyance. Accordingly, Plaintiff commenced the instant action to reverse the fraudulent conveyance.

23. However, given the fraud of the Defendants SONI HOLDINGS, LLC, ANJALI SONI, KUNAL SONI and 632 MLK BLVD JR LLC, it is more than likely that they will sell, transfer, convey, hypothecate, mortgage, lien, encumber, or otherwise dispose of the Defendants' ownership interest in the Premises upon learning of this action.

24. The likelihood of success on the merits of this fraudulent conveyance action is extremely strong given that the documentary evidence of the recorded Deed and appurtenant transfer documents relating to the Premises. When the transfer was made, Defendant SONI HOLDINGS, LLC, was duly indebted to Plaintiff. There transfer was made without any consideration. The transfer was to a new entity owned and/or controlled by the Defendants. There are no questions of fact and all of the badges of fraud regarding fraudulent conveyance are present.

**B. If a preliminary injunction is not granted, Plaintiff will suffer irreparable harm.**

25. As noted above, Defendant SONI HOLDINGS, LLC, its alleged member ANJALI SONI, and its manager KUNAL SONI committed fraud through the transfer of the Premises without consideration, out of the name of Defendant SONI HOLDINGS, LLC, and into the name of another entity which they own and control, Defendant 632 MLK JR BLVD LLC. Thereafter, the Defendants willfully failed to divulge the ownership interests of the said entity and the

fraudulent transfer of the said ownership to avoid Judgment satisfaction. Plaintiff is the victim of the fraudulent conveyance outlined herein.

26. Clearly, Defendants were hiding the above-referenced facts and if they found out that Plaintiff commenced or intended to commence this action, they will encumber or transfer the Premises once again to attempt to avoid the satisfaction of the Judgment.

27. If a preliminary injunction is not granted, Plaintiff will suffer irreparable harm before a decision on the merits can be rendered because Defendants will undoubtedly sell, transfer, convey, hypothecate, mortgage, lien, encumber, or otherwise dispose of the Defendants' ownership interest in the Premises upon learning of this action and Plaintiff will be left with nothing to satisfy the underlying Judgment. The very object of this action would be mooted absent a preliminary injunction.

### C. The equities balance decidedly in Plaintiff's favor.

28. In addition to the prejudice which will be suffered by Plaintiff if a Preliminary Injunction is not granted, the equities clearly favor the Plaintiff herein, such that the Court should maintain the status quo pending the determination of this fraudulent conveyance action.

29. No prejudice will be suffered by the Defendants if they are enjoined from transferring or encumbering the Premises. Indeed, there will be no hardship suffered by Defendants if they are simply required to maintain the property without further encumbrance or transfer.

30. If the Court grants the requested Preliminary Injunction, Defendants still maintain all of their defenses to the fraudulent conveyance action. Thus, a Preliminary Injunction will maintain the status quo until this Court can decide the merits of the fraudulent conveyance action.

31. Plaintiff has no adequate remedy at law, absent the issuance of the Preliminary Injunction.

32. No prior application for the relief sought herein has been made by Plaintiff.

WHEREFORE, it is respectfully requested that this Court grant Plaintiff's motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:    New York, New York
          January 23, 2019

                                              /s/ Steven Giordano
                                              STEVEN GIORDANO