UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
NEW YORK Case No. 19-cv-00449
(ADS)(AKT)

---

NEW FALLS CORPORATION.,

                                                                                        Plaintiff,

-against-

SONI HOLDINGS, LLC, KUNAL SONI, ANJALI SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI CAPITAL RESOURCES, LLC, KANWAL KAPUR, WEANONA HUGIE and RICHARD SPEARS,

                                                                                        Defendants.

---

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' APPLICATION TO VACATE OF DEFAULT
AND PERMIT DEFENDANTS TO APPEAR

---

                                            LAW OFFICE OF ERIC J. WARNER, LLC
                                            Attorneys for Defendants, Weanona Hugie
                                            & Richard Spears
                                            99 Hudson Street
                                            Fifth Floor
                                            New York, New York 10013
                                            (646) 706-5240
                                            (646) 706-5113 (fax)

Eric J. Warner, Esq.,
Of Counsel & On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ii

PRELIMINARY STATEMENT 1

LEGAL ARGUMENT 5

THE COURT SHOULD VACATE DEFAULT AND PERMIT DEFENDANTS TO APPEAR 5

CONCLUSION 6

# TABLE OF AUTHORITIES

### CASES

Davis v. Musler, 713 F.2d 907 (2nd Cir. 1983)……………………………………….…..1, 5

Flaks v. Koegel, 504 F.2d 702 (2nd Cir 1974)……………………………………………....5

Meehan v. Snow, 652 F.2d 274 (2d Cir. 1981)…………………………………………..1, 3, 5

Oceanic Trading Corp. v. Vessel Diana, 423 F.2d 1 (2d Cir. 1970)………………………..5

Radack v. Norwegian Am. Line Agency, 318 F.2d 538 (2nd Cir 1963)………..…..………..5

### STATUTES

Federal Rule of Civil Procedure R. 55……………………………………….……....1-3, 5

## **PRELIMINARY STATEMENT**

The standard to vacate default is that of "good cause." *See* F.R.C.P. 55 (c). Furthermore, while Default Judgment has not even been entered against Defendants, Weanona Hugie and Richard Spears (hereinafter referred to collectively as "Defendants"), it is respectfully submitted that, as set forth in detail, *supra.*, even if default judgment had been entered, Defendants fully satisfy the standard of vacating a default judgment, namely: (1) meritorious defense; (2) lack of prejudice to Plaintiffs; and (3) absence of willful misconduct. *See* Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

Surely, if Defendants can demonstrate that they have satisfied the standard for vacation of default judgment, they no doubt can demonstrate "good cause," the vacation of mere default should be granted, and they should be permitted to appear in this matter. Indeed, in Davis v. Musler, 713 F.2d 907, 916 (2nd Cir. 1983), the Second Circuit Court of Appeals held that: "This court has never hesitated to reverse the denial of a motion to vacate a default judgment where further fact-finding was necessary to ensure that substantial justice was served." Thus, to the extent that Defendant can demonstrate that they have satisfied the standard for vacation of default judgment, surely then have they demonstrated the standard of "good cause" for the mere vacation of default.

As Plaintiffs note, this action was commenced by the filing of the Amended Summons and Amended Complaint on January 26, 2019. A copy of the Amended Summons and Amended Complaint is annexed to Plaintiffs' papers as Exhibit "A."

Plaintiffs allege that Defendant Hugie was served with a copy of the Amended and Complaint on March 21, 2019 through a Mr. Justin Zappia, whom Plaintiffs claim is a "person authorized to accept service at [Hugie's] place of business." *See* Paragraph 6 to Plaintiffs' Affirmation of Counsel in Support of Plaintiffs' Motion for Default Judgment.

While it remains unclear if the aforementioned service is proper service as to the individuals Defendant Hugie, Ms. Hugie has since retained the services of this firm to represent her in this

1

matter only a little over one (1) month after the purported March 21, 2019 service upon an individual with no apparent relation to this action, who, by Plaintiffs' own admission is only seemingly authorized to accept service at Ms. Hugie's "place of business" and not necessarily on behalf of Ms. Hugie individually. Id.

To be sure, Plaintiffs' allegations of some sort of fraudulent notarization are also dubious at best and seem to be oddly concerned about the expiration of Ms. Hugie's notary commission as displayed by her notary stamp. See Plaintiffs' Amended Complaint affixed to Plaintiffs' moving papers, paras 58 & 64.

As Plaintiffs' allegations of fraud against Ms. Hugie are not alleged with even a *scintilla* of specificity or particularity, it is respectfully submitted that Ms. Hugie possesses a strong defense of the merits against the allegations which oddly appear to sound in "fraudulent notarization," which, respectfully, in itself, demonstrates that good cause has been shown for the vacation of default under F.R.C.P. 55(c).

Further, it is wholly unclear what prejudice Plaintiffs would suffer by permitting Ms. Hugie to appear in this matter when only slightly over one (1) month has past and when it does not even appear, by Plaintiffs' own admission, that she was even properly served. See Paragraph 6 to Plaintiffs' Affirmation of Counsel in Support of Plaintiffs' Motion for Default Judgment. Moreover, the facts that Ms. Hugie is now seeking to vacate default and cross-moving against Plaintiffs' attempt to summarily have a default judgment entered respectfully demonstrate that Ms. Hugie's default is in no way acting with any willful misconduct or indifference.

The foregoing analysis also respectfully applies to Defendant Spears whom Plaintiffs similarly concede: "was served with a copy of the Amended Summons and Amended Complaint by process server on March 26, 2019 by delivery to a Renda Mclurkin, a person purportedly authorized to accept service at his place of business." See Paragraph 7 to Plaintiffs' Affirmation of Counsel in Support of Plaintiffs' Motion for Default Judgment. Here, not only was purported service upon Mr. Spears only very recently effectuated, but it is unclear whether this Renda

2

Mclurkin was in any way a proper agent to accept service on behalf of Mr. Spears as an individual. Moreover, with all due respect to this Court and my adversary, the allegations against Mr. Spears are seemingly as meritless as those alleged against Ms. Hugie for purported improper notarization.

Indeed, Plaintiffs assert that Mr. Spears had "signature authority on bank accounts belonging to the said Defendant. . . ." See Paragraph 60 to the Amended Complaint. Plaintiff conclusorily allege that Mr. Spears: "perpetrated numerous frauds to perpetrate the fraudulent schemes." Id. The Amended Complaint then appears to conclusorily allege that Mr. Spears, the mere property manager of one of Plaintiffs' Newark New Jersey properties, then somehow directed Ms. Hugie to engage in fraudulent notarization. Id. at Para 61. These allegations also place into question this Court's personal jurisdiction over these New Jersey residents, who, at all relevant times, have resided and worked in New Jersey.

Mr. Spears also respectfully meets the standard for the vacation of default judgment, which has not yet even be entered, in that his appearance now (slightly over a month after questionable service was purportedly made upon an individual who is not Mr. Spears and who has no apparent relation to this litigation and questionable authority to accept service upon Mr. Spears as an individual) will surely not prejudice Plaintiffs. Furthermore, Mr. Spears present vigorous attempt to appear in this matter, like Ms. Hugie, despite the questionable efficacy of the service of process on individuals who likely did not even have authority to accept service upon Ms. Hugie or Mr. Spears, also respectfully shows the absence of malice.

Thus, while default judgment has not even been entered against the Defendants in this matter, these Defendants respectfully already satisfy the three-prong standard for the vacation of default judgment – (1) possession of a meritorious defense; (2) lack of prejudice to Plaintiff; and, (3) the absence of malice. See Meehan v. Snow, 652 F.2d 274 (2d Cir. 1981). Surely then must these Defendants be found to also satisfy the less stringent standard of "good cause" for the vacation of default under F.R.C.P 55 (c).

Respectfully, it is not even clear, should this Court vacate these two (2) Defendants, how

3

Plaintiffs will survive a Motion to Dismiss as to these two (2) Defendants. Accordingly, it is respectfully submitted that Default should be vacated as to Defendants Hugie and Spears and that said Defendants should be permitted to appear.

**LEGAL ARGUMENT**

**THE COURT SHOULD VACATE DEFAULT AS TO DEFENDANTS HUGIE AND SPEARS AND PERMIT THEM TO APPEAR IN THIS MATTER.**

Despite to Plaintiffs' conclusorily claims to the contrary, Pursuant to Rule 55 of the Federal Rules of Civil Procedure, this Court should respectfully find good cause to vacate default against Defendants WEANONA HUGIE and RICHARD SPEARS. As set forth above in detail, the aforementioned Defendants respectfully already satisfy the standard for vacation of default judgment, so they surely satisfy the good cause standard for the vacation of default under the Rule 55 Good Cause standard

In Davis v. Musler, 713 F.2d 907, 916 (2nd Cir. 1983), the Second Circuit Court of Appeals held that: "This court has never hesitated to reverse the denial of a motion to vacate a default judgment where further fact-finding was necessary to ensure that substantial justice was served. E.g., [Flaks v. Koegel, 504 F.2d 702 (2nd Cir 1974)]; Oceanic Trading Corp. v. Vessel Diana, 423 F.2d 1 (2d Cir. 1970); Radack v. Norwegian Am. Line Agency, 318 F.2d 538 (2nd Cir 1963).

The Davis court continued that: "The extreme sanction of a default judgment must remain a weapon of last, rather than first, resort", Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981), which should only be imposed "upon a serious showing of willful default." Davis, *supra*., 713 F.2d at 916.

Respectfully, if this Circuit has been reluctant to see litigation summarily disposed of through the entry of default judgment, then so too should any default be vacated under the far less stringent standard applicable to the vacation of default – namely good cause. *See* F.R.C.P 55 (c). The facts of this matter respectfully warrant such relief.

Respectfully, it is not even clear, should this Court vacate these two (2) Defendants, how Plaintiffs will survive a Motion to Dismiss as to these two (2) Defendants. Plaintiffs' allegations of purported fraud in the means that documents were notarized lack any cognizable particularity or specificity, and it seems that Plaintiffs have personal jurisdiction issues with respect to these

5

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the Court should vacate default Defendants WEANONA HUGIE and RICHARD SPEARS, deny Plaintiffs' motion for the entry of default in its entirety, permit the aforesaid Defendants to appear in this matter, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:	New York, New York
	May 11, 2019

                                            Respectfully submitted,

                                            LAW OFFICE OF ERIC J. WARNER, LLC
                                            Attorneys for Defendants, Weanona Hugie
                                            & Richard Spears
                                            99 Hudson Street
                                            Fifth Floor
                                            New York, New York 10013

                                            By: /s/ Eric J. Warner
                                            Eric J. Warner, Esq.