# The Law Offices of Kenneth A. Reynolds, Esq., P.C.

105 Maxess Road, Suite 124
Melville, New York 11747
Tel. (631) 994-2220
www.kareynoldslaw.com

June 3, 2019

**VIA ECF**
Honorable A. Kathleen Tomlinson
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   New Falls Corporation v. Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632
>        MLK BLVD JR, LLC, Om P. Soni, Soni Capital Resources, LLC, et al
>        Case No. 19-cv-00449 (SJF)(AKT)
>        **Motion for Decision and/or Expedited Hearing on Preliminary Injunction**

Dear Honorable A. Kathleen Tomlinson,

This office represents Defendants Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR, LLC, Om P. Soni and Soni Capital Resources, LLC with respect to the instant case (the "Defendants"). Defendants, by this Letter Motion, are seeking relief in accordance with Rules 65(b)(2), 65(b)(3), 65(c) and 65(d) of the Federal Rules of Civil Procedure such that the Defendants be granted relief in the form of an expedited hearing and/or decision on the merits concerning Plaintiff's Motion for Preliminary Injunction ("Preliminary Injunction Motion") filed on January 24, 2019 [Docket No. 6] and the Court's entry of the Amended Order to Show Cause and Temporary Restraining Order (the "TRO") dated January 24, 2019 [Docket No. 9] signed by the Honorable Sandra J. Feuerstein.

The Defendants seek such relief as the contract of sale by and between Defendant 632 MLK BLVD JR, LLC, as seller, and Liel Shishi MLK, LLC, as purchaser, (annexed hereto as Exhibit "A"), together with previously granted extensions of time by the prospective purchaser, requires that the sale of the premises known as 632-634 Martin Luther King Blvd., Newark, New Jersey, which is the subject of the Preliminary Injunction Motion and TRO, close on or before June 4, 2019.

Honorable Sandra J. Feuerstein, in the TRO dated January 24, 2019, which has been annexed hereto as Exhibit "B", ordered that the temporary restraining order remain in effect through the date in which a decision is made on the Plaintiff's preliminary injunction. Said hearing is presently scheduled for June 26, 2019 before Your Honor. Subsequent to the TRO, the Defendants filed a separate motion to increase the amount of the Rule 65(c) bond as ordered in the TRO (the "Bond Motion") [Docket No. 24]. The Bond Motion together with Plaintiff's opposition was submitted to Your Honor as directed by and in compliance with the text order of April 17, 2019.

Based upon the foregoing, the TRO has been in place since January 24, 2019, i.e., approximately four (4) months. Pursuant to the first "ordered" paragraph on the second page of the TRO which states:

> "ORDERED, the pending the determination on this matter, the Defendants, their representatives, agents, successors and assigns are hereby restrained from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of the Defendants' interest in the premises known as and located at 632-634 MLK Jr. Blvd., Newark, New Jersey 07102,…"

Pursuant to Rules 65(b)(2), which states in pertinent part as follows:

> "The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record."

The TRO has been in effect for approximately four (4) months, which is contrary to Rule 65(b)(2) of the Federal Rules of Civil Procedure.

Additionally, the hearing on the Preliminary Injunction Motion is scheduled for June 26, 2019, which date is now five (5) months after the issuance of the TRO, and as such, is adverse to Rule 65(b)(3) which states:

> "(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except for hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order."

The Defendants hereby respectfully request that the Court issue a decision on the merits based solely upon the papers filed by each party in connection with the preliminary injunction and the TRO and/or an expedited hearing on the Preliminary Injunction Motion and the Bond Motion, as well as, the Defendants' contract of sale as referenced herein, or such contract will be deemed breached by the prospective purchasers for Defendants' failure to close on or before June 4, 2019 in accordance with the contract of sale and the prior extensions granted by the purchasers.

Respectfully Submitted,

*/s/ Kenneth A. Reynolds*
Kenneth A. Reynolds, Esq.