FILED
CLERK
10:25 am, Aug 07, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NEW FALLS CORPORATION,

                Plaintiff,             **MEMORANDUM OF**
                                    **DECISION & ORDER**
       -against-                2:19-CV-00449 (ADS)(AKT)

SONI HOLDINGS, LLC, KUNAL SONI,
ANJALI SONI, 632 MLK BLVD JR LLC, OM
P. SONI, SONI CAPITAL RESOURCES, LLC,
KANWAL KAPUR, WEANONA HUGIE and
RICHARD SPEARS,
                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Vlock & Associates, P.C.**
*Attorneys for the Plaintiff*
630 Third Avenue 18th Floor
New York, NY 10017
        By:    Steven Paul Giordano, Esq., Of Counsel.

**The Law Offices of Kenneth A. Reynolds, Esq., P.C.**
*Attorneys for Defendants Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni and Soni Capital Resources, LLC*
105 Maxess Road Suite 124
Melville, NY 11747
        By:    Kenneth A. Reynolds, Esq., Of Counsel.

**The Mead Law Firm, PC**
*Attorneys for Defendants Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni and Soni Capital Resources, LLC*
21-65 38th Street Suite 2
Astoria, NY 11105
        By:    Wesley Robert Mead, Esq., Of Counsel.

**Abrams Garfinkel Margolis Bergson, LLP**
*Attorneys for Defendant Kanwal Kapur*
1430 Broadway 17th floor n
New York, NY 10018
        By:    Robert J. Bergson, Esq.,
                  Andrew William Gefell, Esq., Of Counsel.

**Law Office of Eric J. Warner, LLC**
*Attorneys for Defendants Weanona Hugie and Richard Spears*
233 Mt. Airy Road First Floor
Basking Ridge, NJ 07920
    By:    Eric James Warner, Esq., Of Counsel.

**SPATT, District Judge**:

On January 23, 2019, plaintiff New Falls Corporation (the "Plaintiff") commenced this action against defendants Soni Holdings, LLC, Kunal Soni, Anjali Soni, and 632 MLK BLVD JR LLC, and filed an amended complaint on March 15, 2019, adding defendants Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur, Weanona Hugie, and Richard Spears (collectively, the "Defendants"). The Plaintiff alleges that, in an attempt to avoid repayment of $265,834.84 pursuant to a Note held by the Plaintiff and on which judgment was entered in the Plaintiff's favor, the Defendants have conspired to fraudulently convey real property located at 632-634 MLK Jr. Boulevard, Newark, New Jersey 07102 (the "Newark Property").

On January 24, 2019, the Plaintiff filed a motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P." or "Rule"), prohibiting the Defendants and their representatives, agents, successors and assigns, from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of the Defendants' ownership interest in the Newark Property pending a determination of this action for fraudulent conveyance. The same day then-presiding United States District Court Judge Sandra J. Feuerstein signed a temporary restraining order pending the determination of the Plaintiff's motion; scheduling a show cause hearing; and ordering the Plaintiff to give security in the amount of $2,500.

On February 6, 2019, Judge Feuerstein held the show cause hearing; set a briefing schedule for the motion for a preliminary injunction; and granted the Defendants leave to move to increase the amount of the bond.

On February 22, 2019, Judge Feuerstein referred the Plaintiff's motion for a preliminary injunction to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation as to whether the motion should be granted, after which the case was subsequently reassigned to this Court.

On February 28, 2019, the Defendants filed their motion to increase the amount of the bond, which the Court referred to Judge Tomlinson for a report and recommendation on April 16, 2019.

On July 5, 2019, Judge Tomlinson issued a Report and Recommendation ("R&R") recommending that the Court grant the Plaintiff's motion for a preliminary injunction and deny the Defendants' motion to increase the amount of the bond.

Presently before the Court are the Defendants' objections to the R&R. For the reasons stated below, the Court overrules the Defendants' objections and adopts the R&R in its entirety.

## I. BACKGROUND

**A. THE R&R.**

The Court presumes the parties' familiarity with the case and refers them to the R&R for a complete factual background.

Judge Tomlinson found that the ultimate relief sought by the Plaintiff included equitable remedies—namely, an order (i) vacating and setting aside the Deeds in connection with the fraudulent conveyances of properties and (ii) restoring title of the properties to Soni Holdings,

3

LLC—so that the Court could issue a preliminary junction consistent with the authority of *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999).

Pursuant to this finding, Judge Tomlinson proceeded to address whether the Plaintiff satisfied the prerequisites of for issuing a preliminary injunction, finding: (1) dissipation of the Newark Property would cause irreparable harm to the Plaintiff by rendering the money judgment the Plaintiff seeks to enforce effectively meaningless; (2) the Plaintiff appeared likely to satisfy its burden of showing a fraudulent conveyance, due to the absence of real consideration from a previous conveyance of the Newark Property, the insolvency of Soni Holdings, LLC, and several other badges of fraud; and (3) the balance of equities and public interest favored the Plaintiff in light of the evidence supporting a strong inference that the most recent attempt to transfer the Newark Property was fraudulent.

As for the Defendants' motion to increase the amount of the bond, Judge Tomlinson found that there was substantial, credible evidence that the alleged sale of the property to "Liel Shishi MLK LLC" was fraudulent, so that the Defendants were unlikely to suffer any harm by being forced to retain the Newark Property as it exists pending a decision on the merits of the action.

**B. THE DEFENDANTS' OBJECTIONS.**

The Defendants object that the R&R: (1) improperly considered causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, added in the Amended Complaint, which were absent from the Complaint when the Plaintiff moved for a preliminary injunction; (2) failed to apply the heightened standard required by the Second Circuit for assessing preliminary injunction motions; (3) ran afoul of the *Noerr-Pennington* doctrine, which creates an immunity from suit under the First Amendment for attempts to petition the government; and (4) erred by finding the existence of irreparable harm.

4

## II. DISCUSSION

### A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R.

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original

petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, ––– Fed.Appx. –––, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE.**

As a preliminary matter, the Court must first determine the standard of review to apply. For the most part, the Defendants' objections are poorly organized recitations of various disparate points of law without any accompanying attempt to relate those legal conclusions to the facts of the case. To the extent that the objections actually make an argument, they are entirely conclusory and do not even attempt to grapple with Judge Tomlinson's thorough analysis. Accordingly, the Court reviews the R&R for clear error. *See IndyMac Bank, F.S.B.*, 2008 WL 4810043, at *1. Finding none, the Court adopts the R&R in its entirety.

Nonetheless, the Court also reviewed the R&R under the *de novo* standard. For the reasons that follow, the Court concurs with Judge Tomlinson's reasoning.

1. **As to Judge Tomlinson's Consideration of the RICO Claims in the Amended Complaint.**

The Defendants contend that the R&R committed clear error by considering the RICO claims added in the Amended Complaint. According to the Defendants, these claims were beyond the proper scope of consideration because the Plaintiff's motion "relied entirely on the original complaint which did not include the R.I.C.O. causes of action" and the Plaintiff "never sought to amend their Preliminary Injunction motion to include the R.I.C.O. based causes of action." ECF 58 at 2–3. Thus, the Defendants believe that the "Plaintiff's pleading choice proves that its primary relief in this action is the seeking of monetary damages," such that the issuance of an injunction would be improper. *Id.* at 3.

The Defendants provide no explanation why Judge Tomlinson's consideration of materials in the Amended Complaint constitutes an error, let alone clear error. Nor do the Defendants cite any authority as to why it would be "contrary to law." *Id.* The Plaintiff possessed the authority to amend the Complaint as a matter of right. Considering that the Amended Complaint was the operative pleading at the time, the Court sees no reason why Judge Tomlinson should have overlooked properly plead allegations when reviewing the motions. *See Dong v. Miller*, No. 16-cv-5836, 2018 WL 1445573, at *6 (E.D.N.Y. Mar. 23, 2018) (finding defendant suffered "[n]o unfair prejudice" by magistrate judge's consideration of allegations in amended complaint submitted after filing of motion for preliminary injunction).

Regardless, Judge Tomlinson's analysis would still stand even if the Court disregarded the RICO claims. The R&R primarily based its finding that the Plaintiff sought equitable relief on the Amended Complaint's demand for an order (i) vacating and setting aside the Deeds in connection

7

with the fraudulent conveyances of the Newark and Florida Properties and (ii) restoring title of both Properties to Soni Holdings, LLC. The original Complaint demanded the exact same relief pursuant to New York Debtor and Creditor Law and common law tortious interference, both of which Judge Tomlinson cited in the R&R. R&R at 21, 24. Therefore, the primary relief sought by the Plaintiff has been equitable in nature from the outset. The inclusion or exclusion of the RICO claims in the Court's review would have had no effect on the outcome of the motion.

2. **As to the Standard of Review Applied by the R&R.**

The Defendants fault the R&R for failing to utilize the heightened standard applied to preliminary injunctions commanding an affirmative act or mandating a specific course of conduct. Courts only issue such injunctions "upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation omitted); *see also N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (requiring a "clear" or "substantial" likelihood of success as well as a "strong showing" of irreparable harm).

The heightened standard for affirmative relief is inapplicable to the present motion, which requests a prohibitory injunction. The Plaintiff seeks an order barring the Defendants from disposing of their interest in the Newark Property pending the resolution of this case. To comply with the order, the Defendants have to take no action other than refraining from contemplated future conduct. It is difficult to contemplate a more definitive example of relief designed to preserve the *status quo* than what the Plaintiff requests. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006) ("A preliminary injunction is usually prohibitory and seeks generally only to maintain the status quo pending a trial on the merits. A prohibitory injunction is one that forbids or restrains an act."); *Norcom Elecs. Corp. v. CIM USA Inc.*, 104 F.

Supp. 2d 198, 207 (S.D.N.Y. 2000) ("A preliminary injunction is 'prohibitory' if it bars conduct that would alter the status quo before a court or arbitrator has an opportunity to resolve the merits of the action.").

### 3. As to the Veracity of the Allegations in the Amended Complaint.

The Defendants argue that the R&R erred by accepting the truth of the factual allegations in the Amended Complaint despite the existence of deposition testimony to the contrary. This is a red herring. The portions of the R&R pointed to by the Defendants merely provide the factual background for the motion. Rather than unquestioningly accepting the allegations in the Amended Complaint, Judge Tomlinson based her findings on the substantial evidentiary presentations made by the Plaintiff, namely, the April 2016 conveyance of the Newark Property from Soni Holdings, LLC to 632 MLK BLVD JR LLC; the deposition testimony of Kunal Soni; and several other "badges of fraud" identified in the Giordano Affidavit. R&R at 25–27.

As part of this objection, the Defendants also claim that the R&R erred by considering the Soni deposition without Mr. Soni's corrections to errata pursuant to Rule 30(e)(1). The Defendants provide no explanation of how those corrections would have substantively changed the outcome of the motion other than hinting that Soni's testimony was inadvertent rather than an outright lie. ECF 58 at 5. In light of this reality, as well as the other evidence cited by the Plaintiff, the Court finds no reason to consider the errata sheet because it concurs with the R&R's assessment that the Plaintiff carried its burden of persuasion.

### 4. As to the *Noerr-Pennington* Doctrine.

The Defendants argue that Hugie's participation in the alleged fabrication of the Family Agreement is entitled to immunity under the *Noerr-Pennington* doctrine because she is licensed by the State of New Jersey. The Court strongly disagrees.

9

"*Noerr–Pennington* immunity is a First Amendment-based doctrine that protects private parties from liability ... in connection with efforts to petition" the government for redress of a grievance. *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 233 (2d Cir. 2004). It is limited exclusively to "activities attempting to influence legislative, executive, administrative or judicial action." *EDF Renewable Dev., Inc. v. Tritec Real Estate Co., Inc.*, 147 F. Supp. 3d 63, 68 (E.D.N.Y. 2015). In other words, the party seeking immunity must engage in "conduct aimed at persuading the government of a position or expressing views in these kinds of circumstances." *In re Buspirone Patent Litig.*, 185 F. Supp. 2d 363, 370 (S.D.N.Y. 2002).

The Defendants are correct that *Noerr-Pennington* covers pre-litigation activity "to assure that 'a party's right to file a lawsuit without liability is unimpeachable unless the suit is a 'sham,' meaning 'objectively baseless.'" *Gov't Employees Ins. Co. v. Hazel*, No. 11-cv-00410, 2014 WL 4628655, at *16 (E.D.N.Y. Aug. 11, 2014), *report and recommendation adopted*, 2014 WL 4628661 (E.D.N.Y. Sept. 15, 2014) (quoting *Ginx, Inc. v. Soho Alliance*, 720 F.Supp.2d 342, 363 (S.D.N.Y.2010)). However, the pre-litigation conduct must come in the form of a "petitioning activity," such as "concerted actions before courts and administrative agencies" or "concerted efforts incident to litigation." *Primetime 24 Joint Venture v. Nat'l Broad.*, Co., 219 F.3d 92, 99–100 (2d Cir. 2000).

Here, the alleged misconduct was not related to any petition to the judiciary or other legal process. Rather, the Plaintiff claims Hugie abused her license as a notary by backdating a fabricated document to help the Soni Family evade the reach of those processes. The only potential similarity between these allegations and cases where pre-litigation behavior received *Noer-Pennington* protection is that Hugie engaged in the allegedly fraudulent behavior during pending litigation. If that alone sufficed to trigger the *Noerr-Pennington* doctrine, the Court cannot imagine

of a type of mid-litigation misconduct that would not receive immunity under the Defendants' stated position. *Cf. In re Buspirone Patent Litig.*, 185 F. Supp. 2d at 369 ("[I]n deciding whether a particular type of conduct is petitioning activity for *Noerr–Pennington* purposes, it is critical to distinguish between activities in which the government acts or renders a decision only after an independent review of the merits of a petition and activities in which the government acts in a merely ministerial or non-discretionary capacity in direct reliance on the representations made by private parties.")

Therefore, the R&R committed no error by considering the allegations against Hugie.

**5. As to the Existence of Irreparable Harm.**

The Defendants contend that the R&R erred in finding irreparable harm because the Plaintiff could be made whole through monetary recovery. However, as Judge Tomlinson noted, "[i]t is familiar law that where a non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction, such that an award of monetary relief would be meaningless, injunctive relief is proper." *Dong*, 2018 WL 1445573, at *11 (quoting *Firemen's Ins. Co. of Newark, New Jersey v. Keating*, 753 F. Supp. 1146, 1153 (S.D.N.Y. 1990)); see *Black v. Owen*, No. 14-cv-23, 2018 WL 806511, at *2 (D. Conn. Feb. 9, 2018) ("[A]n injunction may issue to stop a defendant from dissipating assets in an effort to frustrate a judgment."); *see also, e.g.*, *Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406, 416 (2d Cir. 1985); *Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc.*, 440 F. Supp. 2d 195, 210–11 (E.D.N.Y. 2006). Due to the Defendants' failure to acknowledge, let alone distinguish, these cases, the Court can and does reject their objection outright.

## III. CONCLUSION

For the foregoing reason, the Court overrules the Defendants' objections and adopts the R&R in its entirety. The Court grants the Plaintiff's motion for a preliminary junction and denies the Defendant's motion to increase the amount of the bond.

Pending a final disposition of the case in this Court, or an Order by this court vacating the preliminary injunction, it is **ORDERED** that the Defendants and their representatives, agents, successors and assigns are prohibited from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of the Defendants' ownership interest in the premises located at 632-634 MLK Jr. Boulevard, Newark, New Jersey 07102.

**SO ORDERED**.

Dated: Central Islip, New York

August 7, 2019

    ___/s/ Arthur D. Spatt___

ARTHUR D. SPATT

United States District Judge