UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW FALLS CORPORATION,

                      Plaintiff,

     -against-

SONI HOLDINGS, LLC, KUNAL SONI, ANJALI SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI CAPITAL RESOURCES, LLC, KANWAL KAPUR, WEANONA HUGIE and RICHARD SPEARS,

                      Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-0449 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff New Falls Corporation ("Plaintiff" or "New Falls") commenced this action against Soni Holdings, LLC ("Soni Holdings"), Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur, Weanona Hugie ("Hugie"), and Richard Spears ("Spears") (collectively, "Defendants"), alleging that Defendants engaged in various fraudulent activities to avoid repaying the balance of a promissory note executed by Soni Holdings and made payable to Plaintiff's predecessor-in-interest, AmSouth Bank. *See generally* Complaint ("Compl.") [DE 1]; Amended Complaint ("Am. Compl.") [DE 26] ¶ 19.

Defendants Hugie and Spears failed to answer or otherwise respond to the Amended Complaint. On April 30, 2019, Plaintiff requested entry of a Certificate of Default from the Clerk of the Court. *See* DE 35. That same day, the Clerk of the Court issued a Certificate of Default against Defendants Hugie and Spears pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 55(a). *See* DE 35, 36. On May 3, 2019, Plaintiff moved to enter default

judgment against Defendants Hugie and Spears. *See* Plaintiff's Notice of Motion for Default Judgment ("Pl's Mot.") [DE 38]. On May 13, 2019, Defendants Hugie and Spears appeared and cross-moved to vacate entry of the defaults. *See* Defendants' Notice of Cross-Motion to Vacate Entry of Default ("Defs.' Cross-Mot.") [DE 42].

On May 6, 2019, Judge Spatt referred the instant motions to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b), as to whether the motions should be granted, and, if so, what relief, if any, should be awarded. *See* May 6, 2019 Electronic Order. For the reasons which follow, this Court respectfully recommends to Judge Spatt that Plaintiff's motion to enter default judgments be DENIED and that Defendants Hugie and Spears' motion to vacate their defaults be GRANTED.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the underlying facts and procedural history of this case which are set forth in detail in this Court's January 24, 2018 Report and Recommendation. *See* Report and Recommendation dated January 24, 2018 [DE 57]. As such, the Court will recite only those facts necessary to evaluate the instant motion.

On January 23, 2019, Plaintiff New Falls commenced this action against Soni Holdings, Kunal Soni, Anjali Soni, and 632 MLK BLVD JR LLC. *See* Compl. Plaintiff filed an Amended Complaint on March 15, 2019 adding as defendants, among others, Weanona Hugie and Richard Spears as defendants (the "Moving Defendants"). *See* Am. Compl. Plaintiff also added Om P. Soni, Soni Capital Resources, LLC and Kanwal Kapur as Defendants. The Amended Complaint alleges, among other things, that Defendants attempted to fraudulently convey real property located at 632-634 MLK Jr. Boulevard, Newark, New Jersey (the "Property") to avoid repaying the balance of a promissory note executed by Soni Holdings and made payable to Plaintiff's

2

predecessor-in-interest, AmSouth Bank (the "Note").[1] *Id*. ¶¶ 39-56.  The alleged purpose of this fraudulent conveyance was to render Soni Holdings insolvent and, consequently, judgment-proof to Soni Holdings' creditors.  *Id.* ¶ 49.

As it relates to the Moving Defendants, the Amended Complaint alleges that Defendant Hugie, a notary public, backdated and falsely notarized a purchase and sale agreement which purported to convey the subject Property from Soni Holding to another entity owned by the Soni Defendants ("Purchase and Sale Agreement").  *See* Am. Compl. ¶¶ 14, 55, 58-59.  The Amended Complaint further asserts that Defendant Spears, the manager of Soni Holdings, directed Defendant Hugie in January of 2019 to falsely notarize the Purchase and Sale Agreement. Plaintiff claims that Spears also executed a scheme, between 2012 and 2018, to conceal Soni Holdings' liquid assets from creditors by depositing Soni Holdings' income into a bank account registered under a fictitious Taxpayer Identification Number.  *Id.* ¶¶ 15, 61, 67-74.

Service of the Summons and Amended Complaint was effectuated March 21, 2019 on Defendant Hugie at her principal place of business located at 2007 Oak Tree Road, Edison, New Jersey 08817 through Justin Zappia, a "person authorized to accept service."  *See* Hugie Return of Service [DE 32]; *see also* Affirmation of Steven Giordano in Support of Request for Default ("Giordano Aff. I") [DE 35-1] ¶ 4.  On March 26, 2019, the Summons and Amended Complaint were served on Defendant Spears at his principal place of business located at 1549 Springfield Avenue, Maplewood, New Jersey 07040 through Renda McLurkin, who is Defendant Spears' "managing agent."  *See* Spears Return of Service [DE 33]; *see also* Giordano Aff. I ¶ 5.

---

[1] On February 22, 2018, a district court sitting in the Eleventh Circuit entered judgment in Plaintiff's favor against Defendant Soni Holdings in the amount of $265,834.84 which purportedly represents the remaining balance owed on the Note.  *See* Am. Compl. ¶ 33. That judgment was registered in this district on April 18, 2018.  *Id.* ¶ 34.

3

The Moving Defendants had until April 11, 2019 and April 16, 2019, respectively, to answer or otherwise respond to the Amended Complaint but did not do so.  On April 30, 2019, Plaintiff requested a Certificate of Default from the Clerk of the Court.  *See* DE 35.  On April 30, 2019, the Clerk of the Court issued a Certificate of Default against the Moving Defendants pursuant to Rule 55(a).  *See* DE 36, 37.  Plaintiff moved to have a default judgment entered against the Moving Defendants on the issue of liability only on May 3, 2019, reserving the issue of damages until the conclusion of the case.  *See* Pl.'s Mot.; Affirmation of Steven Giordano in Support of Application for Default Judgment ("("Giordano Aff. II") [DE 38-1]; Plaintiff's Memorandum of Law in Support of Motion to Enter Default Judgment ("Pl.'s Mem.") [DE 38-8].

On May 13, 2019, the Moving Defendants appeared and cross-moved to vacate the defaults against them, arguing that service was not properly effectuated on the Moving Defendants and that "good cause" otherwise exists to vacate the entry of defaults.  *See* Defs.' Cross-Mot.; Defendants' Memorandum in Support of Motion to Vacate Entry of Default and in Opposition to Motion to Enter Default Judgment ("Defs.' Opp'n") [DE 42-1].  Plaintiff's opposed the Moving Defendants' cross-motion to vacate the entry of defaults on May 28, 2019 and Defendants replied to Plaintiff's opposition.  *See* Plaintiff's Opposition to Cross-Motion to Vacate Entry of Default ("Pl.'s Opp'n") [DE 47]; s*ee* Defendants' Reply Memorandum in Support of Motion to Vacate Entry of Judgment ("Defs.' Reply") [DE 53].

Judge Spatt referred the instant motions to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b), to determine whether the motions should be granted, and, if so, what relief, if any should be awarded.  *See* May 6, 2019 Electronic Order.

4

### III. MOTION TO VACATE ENTRY OF DEFAULT

#### A. Legal Standard

Rule 55 sets forth the procedural steps for obtaining and vacating an entry of default. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... the clerk shall enter the party's default." FED. R. CIV. P. 55(a). Following entry of default upon the plaintiffs' request, defendants may seek to set aside the entry of default pursuant to Rule 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 n.5 (2d Cir.1981) ("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course."). If a Rule 55(c) motion is not made or is unsuccessful, and if no hearing is necessary to determine damages, a default judgment may be entered by the court or by the clerk. *Id.* at 276. Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." FED. R. CIV. P. 55(c). Where, as here, the clerk has entered a notation of default[2] but a default judgment has not yet been rendered, the Court applies the "good cause" standard set forth in in Rule 55(c). *Gov't Employees Ins. Co. v. Anikeyev*, No. 14-CV-3775, 2016 WL 1275042, at *2 (E.D.N.Y. Mar. 31, 2016) (citing *Meehan*, 652 F.2d at 276).

Since Rule 55(c) does not define "good cause," the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC* ("*Bricklayers & Allied Craftworkers Local 2*"), 779 F.3d 182, 186 (2d Cir. 2015) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "These criteria are:

---

[2] "The default notation is an interlocutory action; it is not itself a judgment." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986) (citing *Meehan*, 652 F.2d at 276; 6 Moore's Federal Practice ¶ 55.03[1], [2], at 55–13 to 55–17 (1985)).

5

'(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Id*. (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)); *Kuklachev v. Gelfman*, No. 08-CV-2214, 2009 WL 497576, at *2 (E.D.N.Y. Feb. 26, 2009) (quoting *Holford USA v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996)) (internal quotation marks omitted). In addition to the three criteria set forth above, courts have discretion to consider other "equitable factors." *Enron Oil Corp.*, 10 F.3d at 96 (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). Such factors may include whether the defaulting party's failure to respond to the Complaint was the result of a "mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. (citing the same).

The Second Circuit also has noted that "[a]lthough the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment…because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp.*, 10 F.3d at 96 (internal citation omitted). In fact, "[t]he standards are sufficiently similar [ ] that courts often look to Rule 60(b) decisions in deciding Rule 55(c) cases and vice versa." *Gov't Employees Ins. Co.*, 2016 WL 1275042, at *2 n.1 (citing *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 n.1; *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96). Thus, "good cause" under Rule 55(c) "should be construed generously." *Enron Oil Corp.*, 10 F.3d at 96. For example, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the

6

defaulting party." *Id.* Finally, "[t]he dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Gov't Employees Ins. Co.*, 2016 WL 1275042, at *2 (citing *McLean v. Wayside Outreach Dev. Inc.*, 624 Fed. App'x 44, 45 (2d Cir. 2015) (internal quotation marks and citations omitted)); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) (internal quotation marks and citations omitted). With these principles in mind, the Court now turns to the instant motions.

  **B.**  **Application**

    *1.*  *Willfulness*

A finding of willfulness is appropriate where "there is evidence of bad faith" or that a defendant's default is the result of "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008). In contrast, "[n]egligence or carelessness does not amount to willfulness." *Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002); *see also Car-Freshner Co. v. Air Freshners, Inc.*, No. 10-CV-1491, 2012 WL 3294948, at *4 (N.D.N.Y. Aug. 10, 2012) ("[W]illfulness within this Circuit does not include careless or negligent errors even when the negligence is gross."). Where a litigant's conduct is egregious, "the court may find a default to have been willful where the conduct ... was not satisfactorily explained." *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Here, the Moving Defendants do not dispute that they were aware of the instant action. Instead, they contend that their appearance in this matter, along with their prompt opposition and

7

cross-motion to Plaintiff's motion to enter default judgment, evidences a lack of willfulness and indifference.  *See* DE 42-1 at 5.  While Plaintiff aptly points out that it is unclear based on the record before the Court as to why the Moving Defendants defaulted in the first instance, it is at least evident from the record that the Moving Defendants did not intend to willfully avoid appearing in this action.  *See Sacks v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-3*, No. 12-CV-6338, 2016 WL 11480710, at *7 (E.D.N.Y. Aug. 15, 2016), *report and recommendation adopted sub nom. Sacks v. Deutsche Bank Nat'l Tr. Co.*, No. 12-CV-6338, 2016 WL 5338540 (E.D.N.Y. Sept. 23, 2016) (finding that the defendant did not act willfully despite its lack of explanation for the default because there was no evidence that the delay in responding was strategic or otherwise in bad faith).  In their submissions, the Moving Defendants briefly mention Defendant Hugie's efforts to obtain counsel after being served with the Amended Complaint.  *See* Defs.' Opp'n at 4-5.  While any such efforts would have been relevant to the factor of willfulness, *see Dixon v. Ragland*, No. 03-CV-0826, 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005) ("[W]here there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful."), those efforts were not set forth in an Affidavit by an individual with personal knowledge of them, *see* Local Civ. R. 7.1 ("All motions shall include…supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.").  Consequently, the Court will not consider these facts in its analysis.

On March 21, 2019 and March 26, 2019, the Moving Defendants were served with the Amended Complaint which added the Moving Defendants as parties.  *See* DE 32, 33.  The Moving Defendants had until April 11, 2019 and April 16, 2019 to answer or otherwise respond to the Amended Complaint but did not do so.  *See* FED. R. CIV. P. 12(a)(1)(A) ("A defendant

8

must serve an answer within 21 days after being served with the summons and complaint"). The Clerk of Court entered its notation of default against the Moving Defendants on April 30, 2019. *See* DE 36, 37. On May 3, 2019, Plaintiff's moved to have a default judgment entered as to liability only against the Moving Defendants. *See* Pl.'s Mot. The Moving Defendants appeared and cross-moved to vacate the entry of default on May 13, 2019. *See* Defs.' Cross-Motion.

Based on this timeline, the Moving Defendants were in default for approximately four weeks prior to appearing in this action. Indeed, the Moving Defendants appeared and cross-moved to vacate the entry of default just ten days after Plaintiff filed its motion to enter default judgment and two weeks after the Clerk of the Court entered the notation of default. Here, the Moving Defendants' short delay in appearing and making application to set aside the entry of default supports a finding that the Defendants' default was not willful and reflects an intent to defend against the action. *See, e.g.*, *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful."); *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311, 2019 WL 2233828, at *1 (E.D.N.Y. May 22, 2019) ("[Nine days] after plaintiff filed its motion for default judgment, [defendant] filed an affidavit in opposition to plaintiff's motion. Such action supports a finding that default was not willful because it evidences an intention and attempt to defend against the action.") (citation omitted); *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-7458, 2019 WL 2435644, at *7 (E.D.N.Y. March 25, 2019) ("[T]wo days [after notation of default entered], [defendant] moved to vacate the Clerk's entry of default. Such actions support a finding that defendants' default was not willful because they evidence an intention and attempt to defend against the action.") (citation omitted); *see also Prestige Capital Corp. v. Fuber LLC*, No. 16-CV-9577, 2017 WL 2558803, at

9

*3 (S.D.N.Y. June 5, 2017) (finding that the defendant did not act willfully despite its lack of explanation for the default because defendant promptly appeared and moved to set aside the entry of default).

Drawing all inferences in favor of the Moving Defendants and noting the relatively brief period of time the Moving Defendants were in default – as well as the prompt application to vacate the default -- the Court finds that the default was not willful. *See Flanagan v. Modern Concrete Corp.*, No. 07-CV-499, 2008 WL 2559377, at *3, (E.D.N.Y. June 23, 2008) ("Under the lenient standard of Rule 55(c), the Court must resolve any doubt about Defendants' willfulness in favor of the Defendants.") (citing *Enron Oil Corp.*, 10 F.3d at 98). Under these circumstances, the default appears to have been "negligent and careless" rather than willful. *See MacEwen Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36, 39 (N.D.N.Y. 1997) ("[G]enerally, in this Circuit, willfulness does not include careless or negligent errors even when the negligence is gross."); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("Willfulness" in the context of a motion for default entails more than negligence or carelessness.); *see also Dow Chem. Pacific Ltd.*, 782 F.2d 329 ("In the context of an entry of a certificate of default, willfulness refers to 'conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained.'") (citation omitted).

Accordingly, the Court finds that this factor weighs in favor of the Moving Defendants.

### 2.    *Meritorious Defense*

The second factor a court must consider in deciding whether to vacate a clerk's certificate of default is whether the defaulting party has a meritorious defense to the claims against it. *See Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (citing *Guggenheim Capital, LLC*, 722 F.3d at 96). "The test of such a defense is measured not by whether there is a likelihood that

10

it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98 (citation omitted). "The defaulting defendant 'need only meet a low threshold to satisfy this factor.'" *Gench v. HostGator.com LLC*, No. 14-CV-3592, 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014); *see also Am. Alliance Ins. Co., Ltd.*, 92 F.3d at 61 (The defense "need not be ultimately persuasive at this stage" to satisfy this factor). Nonetheless, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98.

  Here, the Moving Defendants fail to sufficiently articulate a defense or present any evidence which, if proven at trial, would constitute a complete defense. First, the Moving Defendants contend that the Court lacks personal jurisdiction over them by vaguely asserting that the individuals who accepted service on their behalf were not the proper agents to do so. *See* Defs.' Opp'n at 4 ("[I]t *remains unclear* if the aforementioned service is proper service") (emphasis added); *see also id.* at 5 ("[T]he *purported* March 21, 2019 service upon an individual with no apparent relation to this action…and is *only seemingly authorized* to accept service...") (emphasis added); *see also* Defs.' Opp'n at 6 ("*[U]nclear* whether [the individual] was in any way a proper agent to accept service on behalf of [Defendant Spears].") (emphasis added); *see also* Defs.' Opp'n at 6 ("[T]he *questionable efficacy* of the service of process on individuals who *likely did not even have authority* to accept service upon [the Moving Defendants]…") (emphasis added); *see also* Defs.' Reply at 3-4. The Moving Defendants provide no explanation or basis in either fact or law to support the contention that service was improper. Where, as here, the Moving Defendants have failed to timely answer and are found to have had actual notice of the proceedings, the burden is on them to establish a lack of proper service. *See Burda Media, Inc.*

11

*v. Vierteli*, 417 F.3d 292, 299 (2d Cir. 2005) ("[O]n motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur."). The vague and unsupported suggestions regarding service proffered by the Moving Defendants are simply insufficient to meet their burden. *See 77 Charters, Inc. v. SYC Realty LLC*, No. 10-CV-1681, 2012 WL 1077706, at *4-5 (E.D.N.Y. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012) (finding that unspecified facts and bare assertions are insufficient to meet the defendants' burden of establishing a lack of proper service).

Second, the Moving Defendants contend that the allegations pleaded against them in the Amended Complaint "place into question this Court's personal jurisdiction over these New Jersey residents, who, at all relevant times, have resided and worked in New Jersey." Defs.' Opp'n at 6, 8. Again, the Moving Defendants provide no explanation, legal argument, or factual evidence in support of this contention. While the Moving Defendants need not establish their defense conclusively, they "must present some evidence beyond conclusory denials to support [their] defense." *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320–21 (2d Cir. 1986) ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts.").

Lastly, the Moving Defendants contend that Plaintiff's allegations of fraud against them do not state a claim for which relief can be granted because they "are not alleged with even a scintilla of specificity or particularity" and are "dubious at best." Defs.' Opp'n at 5, 8; *see also* Defs.' Reply at 3-4. A plaintiff's failure to state a claim for which relief may be granted may

constitute a meritorious defense. *See Weinstein v. Cardis Enters. Int'l N.V.*, No. 16-CV-2661, 2016 WL 11264710, at *8 (E.D.N.Y. Dec. 22, 2016), *report and recommendation adopted as modified*, No. 16-CV-2661, 2017 WL 354191 (E.D.N.Y. Jan. 24, 2017) (finding that plaintiff's failure to plead with particularity all necessary elements of each fraud-based cause of action may constitute meritorious defenses). While such a defense may rely on the plaintiff's pleading without the need for supporting evidence, *see id.*, the defendant must still "articulate [the] defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations.'" *FedEx TechConnect, Inc. v. OTI, Inc.*, 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (quoting *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993)). Here, the Moving Defendants do not identify a single element of fraud that is pleaded without specificity or particularity, nor do they explain in what ways the allegations of fraud lack specificity or particularity. Without more, the Moving Defendants' argument is merely a conclusory denial, insufficient to constitute a meritorious defense. *See Westchester Fire Ins. Co. v. Tyree Serv. Corp.*, 304 F.R.D. 111, 114 (E.D.N.Y. 2014) ("Defendant must do more than merely 'alleg[e] that a defense exists.'") (quoting *Dudley v. Pendagrass*, No. 06–CV–0216, 2008 WL 4790501, at *4 (E.D.N.Y. Oct. 31, 2008)).

Accordingly, the Court finds that the Moving Defendants fail to present any meritorious defenses. This second factor, therefore, weighs in favor of the Plaintiff and against vacatur of the defaults.

### 3. *Prejudice*

Next, the Court must consider whether Plaintiff would be prejudiced if the entry of defaults were to be set aside. To establish prejudice, a plaintiff must demonstrate "the loss of

13

evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion - circumstances that make it more difficult for plaintiff to prosecute its case." *Kuklachev*, 2009 WL 497576, at *3 (quoting *Roberts v. Keith*, No. 04-CV-0079, 2007 WL 2712853, at *15 (S.D.N.Y. 2007)); *Pennachio v. Powers*, No. 05-CV-985, 2010 WL 3767141, at *3 (E.D.N.Y. Aug. 9, 2010), *report and recommendation adopted*, 2010 WL 3744052 (Sept. 20, 2010).

Here, there is no showing that Plaintiff would be prejudiced if the defaults were vacated and the Moving Defendants were permitted to respond to the Amended Complaint. Although Plaintiff contends that it will suffer prejudice in the form of delay in the resolution of this matter, "delay alone is not a sufficient basis for establishing prejudice." *See Enron Oil Corp.*, 10 F.3d at 98. Plaintiff does not contend, and the record does not show, that the "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." *New York v. Green*, 420 F.3d 99, 100 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Just ten days after Plaintiff filed its motion to enter default judgments and two weeks after the Clerk of the Court entered its notation of default, the Moving Defendants appeared and cross-moved to vacate the defaults. At that point, the Moving Defendants had only been in default for approximately four weeks – a period that hardly would be defined as "prejudicial."

Where, as here, the delay occasioned by the default is brief, the risk of any resulting loss of evidence, discovery difficulties, or opportunities for fraud is minimal. *See Westchester Fire Ins. Co.*, 304 F.R.D. at 114 (noting that an eight week delay caused by the defendants' default "not so prolonged as to raise a serious risk of lost evidence or increased difficulties of discovery" to prejudice plaintiff); *see also Malletier v. Barami Enterprises, Inc.*, No. 04-CV-1547, 2006 WL 328343, at *6 (S.D.N.Y. Feb. 14, 2006) ("Given the relatively short delay involved in this case,

14

mere speculation on these points is insufficient to show prejudice."); *see also OneWest Bank, N.A. v. Zahtila*, No. 15-CV-2405, 2017 WL 507316, at *3 (E.D.N.Y. Jan. 23, 2017) *report and recommendation adopted*, No. 15-CV-2405, 2017 WL 499947 (E.D.N.Y. Feb. 7, 2017) ("Lastly, the Court finds that the third factor weighs in [defendant's] favor because any prejudice to [plaintiff] is minimal as [defendant] filed her motion to vacate shortly after the Clerk noted her default.").

Moreover, although Plaintiff contends that it has "expended...time and money to move this matter along," Plaintiff does not explain how it has moved this matter along aside from filing the Complaint, Amended Complaint, and motion for preliminary injunction and how the Moving Defendants' *default*, in any way, caused Plaintiff to expend this "time and money." *See Directv, Inc. v. Rosenberg*, No. 02-CV- 2241, 2004 WL 345523, at *4 (S.D.N.Y. Feb. 24, 2004) (finding prejudice to plaintiff where defendant's "obstinate conduct *caused* plaintiff to incur *substantial* attorney's fees and costs") (emphasis added).  While Plaintiff has presumably incurred costs and fees in connection with the instant motions, "costs and legal fees in pursuing a default judgment, as well as the costs incurred with respect to countering a defendant's motion to vacate, do not constitute prejudice." *Gesualdi v. Gayle Bard Landscapes, Inc.*, 2011 WL 2457882, at *3 (E.D.N.Y. May 31, 2011) (citations omitted).  Nonetheless, it is well-established that the "cost of litigating an action is insufficient evidence of prejudice." *Sacks*, 2016 WL 11480710 at *8 (citing *Pennachio*, 2010 WL 3767141, at *3); *see Ningbo Mizhihe I&E Co. v. Dreshow*, No. 19-CV-6655, 2019 WL 6841995, at *4 (S.D.N.Y. Dec. 16, 2019) (finding that the fees incurred by plaintiff because of defendants' default were insufficient to prejudice plaintiff).

As noted by the Moving Defendants, the record indicates no prejudice will be suffered by Plaintiff in light of the Moving Defendants' appearance in the very early stages of this action -- a

15

mere seven weeks after being served with the Amended Complaint and prior to any significant developments in the case. The only activity in this case revolved around Plaintiff's motion for injunctive relief against certain Defendants, excluding the Moving Defendants, *see* DE 6, which was granted by the Court on August 7, 2019. *See* DE 68. The Court points out that it has yet to conduct an initial conference with the parties or implement a discovery schedule in this case. *See Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (determining that the plaintiff would suffer no prejudice from vacatur since the case was in its early stages, and there was no indication that evidence had been lost or vacatur "would result in difficulties of discovery"); *see also JAS Forwarding (USA), Inc. v. Owens Truckmen, Inc.*, No. 17-03589, 2017 WL 5054715, at *3 (E.D.N.Y. Nov. 1, 2017) (observing that the court was "hard pressed to find that the Plaintiff would be prejudiced by a vacatur" since discovery had just begun and the plaintiff moved to vacate the entry of default less than three months after it was entered and approximately four months after the suit was commenced.).

Accordingly, the Court finds that this factor weighs in favor of vacating the defaults.

### 4. *Balance of the Factors*

Although the Moving Defendants have failed to sufficiently raise a meritorious defense at this juncture, the Court finds that their default was not willful and Plaintiff will not be prejudiced by setting aside the defaults. Weighing these three factors, the Court concludes that vacating the entry of default is more appropriate under these circumstances in light of the fact that "strong public policy favors resolving disputes on the merits." *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("[S]trong public policy favors resolving disputes on the merits."); s*ee also Westchester Fire Ins. Co.*, 304 F.R.D. at 114 (vacating entry of default despite

lack of meritorious defense "particularly given the Second Circuit's preference for resolving disputes on the merits").

Such a finding is consistent with the Second Circuit's view that "[d]efaults are not favored…and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citing *Klapprott v. United States*, 335 U.S. 601, 69 S. Ct. 384, 93 L. Ed. 266 (1949); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957); *SEC v. Vogel*, 49 F.R.D. 297, 299 (S.D.N.Y. 1969)). "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Peoples v. Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014) (quoting *Meehan*, 652 F.2d at 277); *see also Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1982) (internal quotations and citations omitted) (noting that a default judgment is a "weapon of last, rather than first, resort, [and] should only be imposed upon a serious showing of willful default").

Accordingly, this Court respectfully recommends to Judge Spatt that the motion by Defendants Hugie and Spears to vacate their defaults be GRANTED.

### IV.   MOTION TO ENTER DEFAULT JUDGMENT

Having determined that the defaults should be set aside, the Court further recommends that Plaintiff's motion to enter default judgment against Defendants Hugie and Spears be denied as moot. *See Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd*, 643 Fed. App'x. 43 (2d Cir. 2016), *cert. denied*, 136 S. Ct. 2489 (2016), *reh'g denied*, 137 S. Ct. 18 (2016) (denying a motion for default judgment as moot where the Court set aside the entry of default); *see also Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 698 (S.D.N.Y. 1986) (denying a motion for default judgment where the Court sets aside the entry of a default under Rule 55(c)); *see also Lichtenstein v. Jewelart, Inc.*, 95 F.R.D.

17

511, 513 (E.D.N.Y. 1982) ("As the Court's ruling on defendant's Rule 55(c) cross-motion is dispositive, plaintiffs' motion for a default judgment need not be considered."); *see also Diaz v. Westbury Pancake House, Inc.*, No. 16-CV-743 (DRH)(SIL), 2017 WL 650733, at *8 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom.*, 2017 WL 639253 (E.D.N.Y. Feb. 16, 2017) (denying a motion for default judgment as moot where the Court set aside the entry of default).

### IV.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Spatt that the motion brought by Defendants Weanona Hugie and Richard Spears to vacate their defaults be GRANTED, and that Plaintiff New Falls Corporation's motion to enter default judgment be DENIED.

### V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* FED. R. CIV. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the 14-day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       May 8, 2020

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
United States Magistrate Judge