UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NEW FALLS CORPORATON,

                      Plaintiff,                         **AMENDED**
                                                      **MEMORANDUM & ORDER**
                 -against-                        2:19-cv-0449 (SJF) (AKT)

SONI HOLDINGS, LLC, KUNAL SONI,
ANJALI SONI, 632 MLK BLVD JR LLC, OM
P. SONI, SONI CAPITAL RESOURCES, LLC,
KANWAL KAPUR, WEANONA HUGIE and
RICHARD SPEARS,

                      Defendants.
----------------------------------------------------------X
**FEUERSTEIN, District Judge**:

       Pending before the Court are the objections of defendants Soni Holdings, LLC ("Soni Holdings"), Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni and Soni Capital Resources, LLC (collectively, the "Soni Defendants") to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated September 30, 2020 ("the Report"), DE 114, recommending that the Soni Defendants' motion to reconsider, vacate, or modify the Court's August 7, 2019 Order granting a preliminary injunction against Soni Holdings, Kunal Soni, Anjali Soni and 632 MLK BLVD JR LLC (the "Partial Soni Defendants") and to strike the Amended Complaint be denied. For the reasons set forth below, the Report is accepted in its entirety.

## I. BACKGROUND

### A. Initial Proceedings

       In January 2019, Plaintiff New Falls Corporation ("Plaintiff") moved under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 65 for a temporary restraining order and preliminary

1

injunction enjoining the Partial Soni Defendants from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of their interest in the Newark Property. ECF 6. The Court granted the temporary restraining order and ordered Plaintiff to post a bond in the amount of $2,500 in a non-interest bearing account. ECF 8, 9. The Court later referred the preliminary injunction motion to Judge Tomlinson for a Report and Recommendation. ECF 2/22/19 entry.

Following the referral, the Partial Soni Defendants moved under Rule 65(c) to increase the amount of bond, ECF 24, arguing that they had entered into a contract of sale for the Newark Property in the amount of $ 1.78 million, and that if they were unable to close the sale in April 2019, they would not only lose that income, but they would become liable for breaching the contract for the sale. ECF 24-1 at 3–4. The Court also referred this motion to Judge Tomlinson for a Report and Recommendation. ECF 4/16/19 entry.

### B. The Amended Complaint and Decisions on the Initial Motions

While both motions were pending, Plaintiff filed an amended complaint, seeking relief from all of the Soni Defendants, defendant Kanwal Kapur ("Kapur"), and defendants Weanona Hugie ("Hugie") and Richard Spears ("Spears") (Hugie and Spears are collectively referred to herein as the "Other Defendants"). ECF 26. As to the newly added Defendants, Plaintiff claimed that: (1) Om B. Soni signed the guaranty for the Note with Plaintiff's predecessor, and, at the time of his signature, he was the sole member of Soni Holdings and therefore he received the proceeds of the loan, *id.* at 4; (2) Soni Capital Resources, LLC is a foreign limited liability company with one member, defendant Anjali Soni, *id.*; and (3) the Other Defendants assisted the Soni Defendants with their fraudulent schemes, *id.* at 5–6.

The amended complaint also alleges as follows:

2

Om B. Soni feigned that he did not sign the guaranty and Soni Holdings had been in default on the loan since April 2014. *Id.* at 7. Defendants made numerous false statements about the assets of Soni Holdings, including whether it owned the Newark Property. *Id.* at 7–10. Plaintiff learned, after it filed the initial complaint, that the Soni Defendants were attempting to further fraudulently convey the Newark Property by way of a sale to another Soni family-owned entity named Liel Shishi MLK LLC. *Id.* at 11–12. The Soni Defendants further falsely claimed that this new agreement (the "Family Agreement") had been notarized in 2011 by Hugie, despite her notary stamp saying that her commission expired in November 2020, thus showing that the Defendants had backdated the document. *Id.* at 12–13. Defendant Spears, the manager of Soni Holdings, directed Hugie to falsely notarize the Family Agreement. *Id.* at 13. Hugie later made a false statement, under oath, that she notarized the Family Agreement in 2011. *Id.* at 14.

Plaintiff further alleges: (1) that Defendants engaged in another scheme, creating a bank account at JP Morgan Chase for Soni Holdings under the name "Soni Holdings MLK LLC" to conceal resources from Plaintiff and other creditors, *Id.* at 14–15; and (2) that Defendants also fraudulently conveyed properties in Reunion, Florida and in Oyster Bay, New York. *Id.* at 15–17.

The amended complaint pleads seven causes of action: the first cause of action alleges several claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and the remaining causes of action consist of the six state law claims under the New York Debtor and Creditor Law .from the initial complaint. *Id.* at 18–33. Plaintiff seeks damages in the amount listed on the Note, along with statutory interest; statutory treble damages pursuant to 18 U.S.C. § 1964(c); punitive damages; the voiding of the deeds for the

3

Newark Property, as well as the properties in Reunion and Oyster Bay; attorneys' fees, expenses and costs; and any other relief as the Court deems proper. *Id.* at 33–34.

In April 2019, the Soni Defendants answered the amended complaint. ECF 31. That same month, after the Other Defendants did not answer or otherwise respond, Plaintiff requested certificates of default as to them. ECF 35. On April 30, 2019, the Clerk of the Court entered defaults as to the Other Defendants, pursuant to FED. R. CIV. P. 55(a). ECF 36, 37.

Plaintiff moved for a default judgment, on liability only, as to the Other Defendants. ECF 38. The Court referred that motion to Judge Tomlinson for a Report and Recommendation. ECF 39. The Other Defendants appeared and moved to vacate the default judgment motion. ECF 42.

On July 5, 2019, Judge Tomlinson issued the Report and Recommendation (the "First R&R") as to the motions for a preliminary injunction and an increase in bond. ECF 57. In the First R&R, Judge Tomlinson recommended granting the motion for a preliminary injunction and denying the motion for an increase in bond. *Id.*

As to the preliminary injunction, Judge Tomlinson reasoned that: first, the dissipation of the Newark Property would cause irreparable harm to Plaintiff in that it would render any later money judgment meaningless; second, Plaintiff appeared likely to satisfy its burden of showing a constructive fraudulent conveyance; third, the equities tipped in Plaintiff's favor in that the "evidence supports a strong inference that the most recent attempt to transfer the Newark Property is fraudulent," and that therefore, no injury would occur to the Defendants in preventing its sale; and fourth, enjoining a fraudulent transfer was in the public interest. *Id.* at 24–27. As to the motion to increase bond, Judge Tomlinson reasoned that the above-noted evidence as to the alleged sales contract, strongly indicative of fraud, undercut the Soni Defendants' argument that

4

they would suffer irreparable harm if they were unable to move ahead with the planned sale of the Newark Property, since it was likely that they were trying to sell the property either to someone closely related to the Soni family, or to an entity that did not exist. *Id.* at 27–28.

The Soni Defendants objected to the First R&R, arguing that it improperly considered the RICO claims added in the amended complaint, which did not exist at the time of the preliminary injunction motion. The Soni Defendants also claimed that the First R&R, which did not apply the Second Circuit's heightened standard for assessing a preliminary injunction motion; ran afoul of the *Noerr-Pennington* doctrine, which creates a First Amendment-based immunity from suit for attempts to petition the government; and erred by finding the existence of irreparable harm. *See generally* ECF 58. Plaintiff responded to the objections. ECF 63.

On August 7, 2019, the Court issued an order that overruled the Soni Defendant's objections and adopted the First R&R in its entirety. ECF 64. The Court reasoned that the amended complaint was the operative pleading at the time of the First R&R, and thus, there was no reason for Judge Tomlinson to abstain from considering it. *Id.* at 7–8. The Court also reasoned that the proposed heightened preliminary injunction standard applied to requests for affirmative relief and was irrelevant to this case, which sought prohibitive relief. *Id.* at 8–9. The Court further ruled that *Noerr-Pennington* also did not apply to the facts of the case, and that the Soni Defendants in their objection failed to acknowledge Judge Tomlinson's legal support for finding irreparable harm. *Id.* at 9–11.

The Soni Defendants appealed the August 7, 2019 order, ECF 68, but later withdrew the appeal, which the Second Circuit dismissed with prejudice. ECF 89.

In addition, Defendant Kapur moved to dismiss the complaint against him for failure to state a claim. ECF 40. Kapur made the motion on both subject matter jurisdiction and merits-based grounds. ECF 40-6.

### C. Rulings on the Default Judgment Motion and Kapur's Motion to Dismiss

In May 2020, Judge Tomlinson issued the Report and Recommendation ruling on the default judgment motion and the cross-motion to vacate the entries of default. (the "Second R&R"). ECF 104. Judge Tomlinson recommended that the Court deny the default judgment motion and grant the cross-motion to vacate. *Id.*

Neither party objected to the Second R&R. The Court adopted the Second R&R in its entirety and directed the Clerk of the Court to vacate the defaults as to the Other Defendants. ECF 106.

In addition to the Second R&R, the Court issued a short order granting Kapur's motion to dismiss. ECF 101.

### D. The Motion Pending Before the Court

In November 2019, the Soni Defendants moved by way of order to show cause for reconsideration, modification and/or vacatur of the Court's August 7, 2019 order adopting the First R&R. ECF 69. In that same motion, they also asked for the Court to strike Plaintiff's amended complaint. *Id.*

The Court initially referred that motion to Judge Tomlinson for a Report and Recommendation. ECF 72. It then issued an electronic order denying the motion, ruling that the Soni Defendants had not made a clear and specific showing that they sought the type of emergency relief that would necessitate an order to show cause. ECF 12/11/19 entry. The Court instructed the Soni Defendants to move by way of notice of motion for the relief they sought. *Id.*

The Soni Defendants then moved by way of notice of motion to reconsider, vacate, and modify the August 7, 2019 order, and to strike the Plaintiff's amended complaint. ECF 74. The Court referred the motion to Judge Tomlinson for a Report and Recommendation. ECF 75.

### E. The Third and Pending R&R

Judge Tomlinson issued the Report and Recommendation as to the motion to reconsider, vacate, and modify (the "Third R&R") on September 30, 2020. ECF 114. In the Third R&R, Judge Tomlinson recommended that the Court deny the motion.

Judge Tomlinson found that the motion was procedurally defective because the Soni Defendants moved for relief under FED. R. CIV. P. 60(b) but the ruling on the preliminary injunction was not a final order. However, Judge Tomlinson considered the motion under FED. R. CIV. P. 54(b), which allows for the reconsideration of non-final orders. *Id.* at 9–10.

As to the reconsideration portion of the motion, Judge Tomlinson recounted the Soni Defendants' arguments that Plaintiff obtained the preliminary injunction by making two false representations: that Regions Bank validly assigned it the Note, and that the balance on the Note was $204,559.72, when in fact it was $16,732.11, *Id.* at 11–12; and found that these arguments lacked merit because the Note was affixed to Plaintiff by allonge, and the Note's transaction history supported the Plaintiff's $204,559.72 figure. *Id.* at 11–14. Judge Tomlinson relied in part on an affidavit by Wade Parker, the Senior Vice President of Regions Bank, that Plaintiff submitted in its opposition. *Id.* at 7, 12, 14. Judge Tomlinson referred to the document as a declaration, while Plaintiff's opposition deemed it an affidavit.

Additionally, the Soni Defendants made three new arguments related to the likelihood of success on the merits of the fraudulent conveyance claims, that: (1) the January 2019 agreement to transfer the Newark Property to Liel Shishi MLK LLC is a legitimate agreement with a bona

7

fide purchaser; (2) the so-called Family Agreement, dated August 26, 2011, lacked any impropriety; and (3) the Court should vacate the injunction pursuant to *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999). *Id.* at 15–18.

As to (1), the Soni Defendants relied on the declaration of Cheskel Parnes, the managing member of Liel Shishi MLK LLC. Judge Tomlinson found this to be insufficient support for the argument:

> [T]he Parnes Declaration raises as many questions as it seeks to answer. The fact that Parnes concedes LIEL SHISHI MLK LLC did not legitimately exist as a registered entity until after the Agreement was executed and the preliminary injunction was entered is suspicious at best. Further, Parnes takes great care to dispel the notion that he had any prior relationship with 632 MLK BLVD JR LLC or its principals or owners. However, Parnes notably neglects to address whether he was closely related to or had any prior relationships with any other individuals in the Soni family involved in the alleged fraudulent scheme or their various closely held corporations – a factor the Court considered as one of the many "badges of fraud" alleged by New Falls.

*Id,* at 16 (citing the First R&R).

As to (2), the Soni Defendants relied on a declaration by Hugie, the same declaration relied on in support of the objection to the First R&R; thus, the Court did not need to consider it again. *Id.* at 16–17. Also as to (2), despite the Soni Defendants' submitting documentation that Hugie was a notary in August 2011, "the fact still remains that the date of the Family Agreement and the date it was stamped by Ms. Hugie differ by almost eight years, lending support" to the Plaintiff's backdating theory. *Id.* at 17. As to (3), the Court had already considered the *Grupo* case when ruling on the First R&R, and the Soni Defendants here failed to address the Court's reasoning in the First R&R. *Id.* at 17–18. Judge Tomlinson further noted that the Soni Defendants had relitigated their preliminary injunction arguments as to irreparable harm and the balance of the equities, and that it was unclear how 632 MLK BLVD JR LLC would be unable to

8

find another buyer if Liel Shishi MLK LLC is unable to purchase the Newark Property. *Id.* at 19.

With regard to vacatur and modification, Judge Tomlinson also recommended denial. *Id.* at 21–22. She based this on "the same reasons provided above" in the section dealing with reconsideration. *Id.* at 21.

In addition, Judge Tomlinson recommended denying the request to strike the amended complaint. *Id.* at 22–24. She reasoned that Second Circuit precedent from *Washington v. New York City Board of Estimate*, 709 F.2d 292, 795 (2d Cir. 1983), along with the majority of other Circuits, held that a party may amend its complaint and add new defendants without leave of court if it does so within the amount of time allowed by Rule 15. *Id.* at 24.

The Soni Defendants timely objected to the R&R. ECF 115. That objection is currently before the Court.

## II. DISCUSSION

### A. A District Court's Review of a Magistrate Judge's R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.")  The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-Civ-6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Frankel v. City of New York*, Nos. 06-Civ.-5450, 07-Civ.-3436 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary."  *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983).

10

"There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).

### B. Application to the Facts of This Case

The Soni Defendants raise four objections to the Third R&R. ECF 115. First, they contend the Third R&R should have recommended granting the motion to strike pursuant to Rule 21 and the Second Circuit's holding in *Washington*. *Id.* at 4–7. Second, they assert that Judge Tomlinson ruled incorrectly on irreparable harm, and that pursuant to *Grupo*, the Court should overturn the Third R&R as to the request to reconsider and vacate the preliminary injunction. *Id.* at 7–13. They emphasize the Third R&R's failure to consider the deposition testimony of Plaintiff's President, who testified that Plaintiff was more interested in collecting money than obtaining the Newark Property. *Id.* at 7–8.

Third, the Soni Defendants contend that Plaintiff's state law DCL claims do not permit a preliminary injunction because of the offer to place the amount equal to the Judgment into a court-ordered account. *Id.* at 14–29. Fourth, and finally, the Soni Defendants assert that Judge Tomlinson erred in considering the Parker document, which they also refer to as a declaration, because it was not sworn under penalty of perjury and therefore not a valid declaration. *Id.* at 19–25.

Plaintiff responds to the objections, ECF 117, arguing that all of the grounds listed in the objections lack merit. *See generally id.* They claim that the Parker Declaration, which they still refer to as an affidavit, is valid because it was sworn before a notary. *Id.* at 21. In their reply, the Soni Defendants largely reiterate their arguments. ECF 118.

11

The Court considers each of the Soni Defendants' four objections in turn. For the reasons that follow, the Court overrules the objections and adopts the R&R in its entirety.

### 1. As to the First Objection

The Court reviews the first objection *de novo*. For the reasons provided in the Third R&R, the Court overrules the objection.

The Soni Defendants base their objection on a selective reading of *Washington*, observing that in that case, the plaintiff had requested that the court amend the caption to add additional defendants, and that accordingly, a party must seek the court's leave to file an amended complaint, even where it may amend the complaint as a matter of right. 709 F.2d at 793, 795. That the plaintiff in *Washington* happened to request an amendment does not bear on the case's pertinent holding, that Rule 15 permits a party "to amend his complaint *as a matter of right*." *Id.* at 795 (emphasis added). Considering this language, as well as the Soni Defendants' contentions that amendment here will fundamentally change the nature of the action, the Court still finds no reason to depart from *Washington*. *See Gentlemen v. State Univ. of N.Y.–Stony Brook*, No. 16-CV-2012 (ADS) (AKT), 2016 WL 6892151, at *3 (E.D.N.Y. Nov. 21, 2016) (citing *Washington* for premise that a party has a right to amend a complaint under Rule 15); *Spehar v. Fuchs*, No. 02-Civ.-9352 (CM), 2003 WL 23353308, at *6 (S.D.N.Y. June 18, 2003) ("I thus grant plaintiffs' request to amend their complaint, although *they were not required to seek my permission*.") (emphasis added).

### 2. As to the Second Objection

In this objection, the Soni Defendants challenge Judge Tomlinson's application of *Grupo*. The Court agrees with the reasoning of the third R&R, which declined to consider the effort to relitigate the recommendation as to *Grupo* made in the First R&R. *See DiMartino v. Berryhill*,

327 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2018) (applying a clear error standard where a party "'simply reiterates the original arguments.'") (quoting *IndyMac Bank, F.S.B.*, 2008 WL 4810043, at *1).

As this objection again seeks to relitigate the *Grupo* interpretation by Judge Tomlinson, the Court reviews it for clear error. *Id.* Finding no such error, the Court overrules the objection.

### 3. As to the Third Objection

The Court overrules the third objection, which it also reviews for clear error. This objection disregards the reasoning of the First R&R, in which Judge Tomlinson determined that this is a mixed case with a nexus between the injunctive relief requested and the ultimate equitable relief sought, thus justifying the preliminary injunction. ECF 56–57. The Soni Defendants also do not note Judge Spatt's August 7, 2019 order that fully adopted the R&R, in which he rejected a similar objection outright. ECF 64 at 13. The Court again rejects the argument here.

### 4. As to the Fourth Objection

The Court also overrules the fourth objection, which it reviews under a *de novo* standard. Signing under penalty of perjury is a necessary condition to the validity of an unsworn declaration. *See* 28 U.S.C. § 1746; *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012). A declaration sworn before a notary public, however, need not comply with the § 1746 penalty of perjury requirements. *Dubreus v. N. Shore Univ. Hosp.*, No. 12-CV-940 (DRH) (GRB), 2012 WL 5879110, at *3 (E.D.N.Y. Nov. 30, 2012) ("[W]hat defendants overlook is that the declaration was sworn to before a notary public. As the declaration is a sworn document, its admissibility does not hinge on the requirements set forth in Section 1746.").

The document Plaintiff submitted was sworn before a notary public. ECF 86-1 at 3. Whether characterized as a declaration or affidavit, the Parker document is admissible. *Dubreus*, 2012 WL 5879110, at *3; *see Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No. 09-CV-2614, 2011 WL 6329194, at *4 n.2 (E.D.N.Y. Dec. 16, 2011) (finding declarations inadmissible since they were neither "sworn to before an officer authorized to administer oaths, such as a notary public" nor "made under penalty of perjury, pursuant to 28 U.S.C. § 1746"); *Lamoureux v. Anazaohealth Corp.*, No. 03-CV-01382 (WIG), 2010 WL 4875870, at *2 (D. Conn. Nov. 18, 2010) ("To be admissible . . . an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public. Alternatively, under 28 U.S.C. § 1746, an unsworn declaration, which is dated and signed by the defendant under penalty of perjury and verified as true and correct may be used in lieu of a sworn affidavit.") (internal citation and quotation marks omitted).

The argument concerning Parker does not change the Court's decision. It is admissible and need not comply with the § 1746 penalty of perjury requirements.

Neither party has objected to any other part of the R&R. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the remaining portions of the R&R for clear error, and, finding none, now concurs in both its reasoning and result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at * 1 (E.D.N.Y. Feb. 9, 2015) (reviewing R&R without objections for clear error).

### III. CONCLUSION

For the foregoing reasons, the Court overrules the objections and adopts the Third R&R in its entirety. The Soni Defendants' motion to reconsider, vacate, and modify the adoption order is denied. .

It is **SO ORDERED.**

                                                 /s/ *Sandra J. Feuerstein*
                                                 Sandra J. Feuerstein
                                                 United States District Judge

Dated: Central Islip, New York
       *March 5, 2021*