**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
NEW FALLS CORPORATON,

                Plaintiff,

        -against-

SONI HOLDINGS, LLC, KUNAL SONI,
ANJALI SONI, 632 MLK BLVD JR LLC, OM
P. SONI, SONI CAPITAL RESOURCES, LLC,
KANWAL KAPUR, WEANONA HUGIE and
RICHARD SPEARS,

                Defendants.
--------------------------------------------------------X

**MEMORANDUM & ORDER**
2:19-cv-0449 (SJF) (AKT)

**FILED**
**CLERK**

3:59 pm, Mar 08, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**FEUERSTEIN, District Judge**:

On January 23, 2019, plaintiff New Falls Corporation ("Plaintiff") commenced this action against defendants Soni Holdings, LLC ("Soni Holdings"), Kunal Soni, Anjali Soni and 632 MLK BLVD JR LLC (collectively, the "Partial Soni Defendants") claiming, *inter alia*, fraudulent conveyances.[1] On March 15, 2019, plaintiff filed an amended complaint, *inter alia*, adding Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur ("Kapur"), Weanona Hugie ("Hugie") and Richard Spears ("Spears") as defendants and an additional claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* This action is the most recent in a series of actions filed by Plaintiff which grow out of the same alleged factual nexus. The actions concern different aspects of allegedly fraudulent activity of members of the Soni family in their attempts to avoid repayment of funds to Plaintiff in connection with a business loan which is evidenced by a promissory note (the "Note") and Guaranty Agreement. Soni Holdings executed the Note, which was made payable to Plaintiff's

---

[1] This case has appeared before multiple judges in this district. It was reassigned to the undersigned on July 22, 2020.

predecessor-in-interest, AmSouth Bank.[2]  In the present action, Plaintiff alleges, *inter alia*, that in an attempt to avoid repayment of $265,834.84 pursuant to the Note held by Plaintiff, and on which judgment was entered in Plaintiff's favor, all of the defendants have conspired to fraudulently convey real property located at 632-634 MLK Jr. Boulevard, Newark, New Jersey 07102 (the "Newark Property").

Several motions are pending before the Court, which arose in the following order: (1) Plaintiff's motion pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") for sanctions against defendants Soni Holdings, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni, and Soni Capital Resources, LLC (collectively, the "Soni Defendants") and their counsel for allegedly making false misrepresentations to, and withholding information from, the Court in connection with the Soni Defendants' previously filed motion for reconsideration,[3] ECF 87; (2) Plaintiff's motion pursuant to Rule 70(e) of the Federal Rules of Civil Procedure and the Court's inherent power for contempt and enforcement of the Court's temporary restraining order and preliminary injunction, ECF 88; (3) the Soni Defendants' motion pursuant to Rule 11, 28 U.S.C. § 1927 and the Court's "Inherent Authority" for sanctions against Plaintiff and its

---

[2] Regions Bank is the successor by merger to AmSouth Bank.

[3] On December 15, 2019, the Soni Defendants filed a motion, *inter alia*, pursuant to Rules 60(b)(2) and (3) and 65 of the Federal Rules of Civil Procedure and the Court's inherent powers, ECF 74, seeking reconsideration, vacatur and/or modification of Judge Spatt's August 7, 2019 order, ECF 64, granting Plaintiff's motion for a preliminary injunction, denying the Soni Defendants' motion to increase the amount of the bond, and preliminarily enjoining the Soni Defendants and their representatives, agents, successors and assigns from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of their ownership interest in the Newark Property pending the final determination of this action. That motion was referred to the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, on December 23, 2019. ECF 75. Magistrate Judge issued a report and recommendation regarding that motion on September 30, 2020. ECF 114. By order dated March 5, 2021, the Court overruled the Soni Defendants' objections thereto and adopted that report and recommendation. ECF 119.

counsel, ECF 92; and (4) Plaintiff's motion pursuant to, *inter alia*, Rule 60 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") for reconsideration of the Court's March 31, 2020 order dismissing Plaintiff's claims against Kapur in their entirety with prejudice, modification of that order to deem the dismissal of Plaintiff's claims against Kapur to be without prejudice, and reinstatement of Plaintiff's claim against Kapur for tortious interference with the collectability of a debt, ECF 102. For the following reasons, the Court denies the parties' respective motions for sanctions; grants Plaintiff's motion for contempt; and denies Plaintiff's motion for reconsideration of the March 31, 2020 order.

## I.   BACKGROUND

### A.  Initial Proceedings

Plaintiff filed its initial complaint against the Partial Soni Defendants, seeking to collect the debt owed on a certain promissory note by way of a judgment from the United States District Court in the Northern District of Alabama (the "Judgment"), later entered in this Court, in the amount of $265,834.84. ECF 1 at 1–4.  It raised several causes of action under the New York Debtor and Creditor Law.  *Id.* at 4–6.

In January 2019, Plaintiff moved under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 65 for a temporary restraining order and preliminary injunction enjoining the Partial Soni Defendants from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of their interest in the Newark Property.  ECF 6.  The Court granted the temporary restraining order and ordered Plaintiff to post a bond in the amount of

$2,500.00 in a non-interest bearing account.  ECF 8, 9.  The Court later referred the preliminary injunction motion to Judge Tomlinson for a Report and Recommendation.  ECF 2/22/19 entry.

Following the referral, the Partial Soni Defendants moved under Rule 65(c) to increase the amount of bond, ECF 24, arguing that they had entered into a contract of sale for the Newark Property in the amount of  $ 1.78 million, and that if they were unable to close the sale in April 2019, they would not only lose that income, but they would become liable for breaching the contract for the sale.  ECF 24-1 at 3–4.  The Court also referred this motion to Judge Tomlinson for a Report and Recommendation.  ECF 4/16/19 entry.

### B.  The Amended Complaint and Decisions on the Preliminary Injunction

With the preliminary injunction motion pending, Plaintiff filed an amended complaint, ECF 26, seeking relief from all of the Soni Defendants, Kapur, Hugie and Spears (collectively, "Defendants") and adding a cause of action for RICO violations (first cause of action). The amended complaint alleges, *inter alia*, that Defendants engaged in a "long-term pattern of wrongful conduct," including "several fraudulent conveyances of real property, mail fraud, wire fraud, money laundering, mutilating/falsifying and backdating documents, false and fraudulent notarization of a Soni 'Family Agreement,' which provided the claimed justification for the conveyance of a valuable income producing property that was owned by the Judgment-Debtor Defendant SONI HOLDINGS, LLC, racketeering, perjury, witness tampering, and numerous other unlawful acts in attempt to defraud Plaintiff," which rendered Soni Holdings insolvent and left Plaintiff without the ability to collect on the debt Soni Holdings owes to it.  ECF 26 at 1-2. Plaintiff seeks damages in the amount listed on the Note, along with statutory interest; statutory treble damages pursuant to 18 U.S.C. § 1964(c); punitive damages; the voiding of the deeds for the Newark Property, as well as for other properties the Soni Defendants allegedly fraudulently

conveyed; attorneys' fees, expenses and costs; and any other relief as the Court deems proper. *Id.* at 33–34.

On July 5, 2019, Judge Tomlinson issued the Report and Recommendation (the "First R&R") as to the motions for a preliminary injunction and an increase in bond. ECF 57. In the First R&R, Judge Tomlinson recommended granting the motion for a preliminary injunction and denying the motion for an increase in bond. *Id.*

As to the preliminary injunction, Judge Tomlinson reasoned that: first, the dissipation of the Newark Property would cause irreparable harm to Plaintiff in that it would render any later money judgment meaningless; second, Plaintiff appeared likely to satisfy its burden of showing a constructive fraudulent conveyance; third, the equities tipped in Plaintiff's favor in that the "evidence supports a strong inference that the most recent attempt to transfer the Newark Property is fraudulent," and that therefore, no injury would occur to Defendants in preventing its sale; and fourth, enjoining a fraudulent transfer was in the public interest. *Id.* at 24–27. As to the motion to increase bond, Judge Tomlinson reasoned that the above-noted evidence as to the alleged sales contract, strongly indicative of fraud, undercut the Soni Defendants' argument that they would suffer irreparable harm if they were unable to move ahead with the planned sale of the Newark Property, since it was likely that they were trying to sell the property either to someone closely related to the Soni family, or to an entity that did not exist. *Id.* at 27–28.

The Soni Defendants objected to the First R&R, arguing that it improperly considered the RICO claims added in the amended complaint, which did not exist at the time of the preliminary injunction motion. The Soni Defendants also claimed that the First R&R, which did not apply the Second Circuit's heightened standard for assessing a preliminary injunction motion, ran afoul of the *Noerr-Pennington* doctrine, which creates a First Amendment-based immunity from suit

for attempts to petition the government; and erred by finding the existence of irreparable harm. *See generally* ECF 58.  Plaintiff responded to the objections.  ECF 63.

In August 2019, the Court issued an order that overruled the Soni Defendants' objections and adopted the First R&R in its entirety.  ECF 64.  The Court reasoned that the amended complaint was the operative pleading at the time of the First R&R, and thus, there was no reason for Judge Tomlinson to abstain from considering it and its RICO claims.  *Id.* at 7–8.  The Court also reasoned that the proposed heightened preliminary injunction standard applied to requests for affirmative relief, making it irrelevant to this case, which sought prohibitive relief.  *Id.* at 8–9. The Court further ruled that *Noerr-Pennington* also did not apply to the facts of the case, and that the Soni Defendants in their objection failed to acknowledge Judge Tomlinson's legal support for finding irreparable harm.  *Id.* at 9–11.

The Soni Defendants appealed the adoption order.  ECF 68.  They later withdrew the appeal, which the Second Circuit dismissed with prejudice.  ECF 89.

In addition, Kapur moved, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint against him for failure to state a claim.  ECF 40.

### C.  The Ruling on Kapur's Motion

In May 2020, Judge Tomlinson issued a Report and Recommendation (the "Second R&R"), ECF 104, ruling on Plaintiff's motion for a default judgment as to defendants Hugie and Spears (collectively, the "Other Defendants"), ECF 38, and the Other Defendants' cross-motion to vacate their entries of default, ECF 42.  Judge Tomlinson recommended that the Court deny the default judgment motion and grant the cross-motion to vacate. ECF 104.

Neither party objected to the Second R&R.  The Court adopted the Second R&R in its entirety and directed the Clerk of the Court to vacate the defaults as to the Other Defendants. ECF 106.

On March 31, 2020, the Court issued a short order granting Kapur's motion to dismiss. ECF 101.  Therein, the Court reasoned that the facts in the amended complaint failed to allege that Kapur engaged in the conduct of a RICO enterprise, given that the complaint alleged that the Soni family, and not Kapur, directed the transactions at issue.  *Id.* at 7–9.  The Court also ruled that the amended complaint failed to allege that Kapur entered into a corrupt agreement to commit predicate acts, or that Kapur's conduct caused a RICO injury.  *Id.* at 11–13.  In addition, the Court ruled that the DCL claims failed as to Kapur because he is not a debtor to Plaintiff and was not alleged to have disposed of any encumbered property.  *Id.* at 14.  Finally, the Court disposed of the tortious interference claim because the amended complaint failed to allege that Kapur engaged in wrongful means.  *Id.* at 13–15.

### D.  The Third R&R

In November 2019, the Soni Defendants moved by way of order to show cause for reconsideration, modification and/or vacatur of the Court's adoption of the First R&R.  ECF 69. In that same motion, they also asked for the Court to strike Plaintiff's amended complaint.  *Id.*

The Court initially referred that motion to Judge Tomlinson for a Report and Recommendation.  ECF 72.  It then issued an electronic order denying the motion, ruling that the Soni Defendants had not made a clear and specific showing that they sought the type of emergency relief that would necessitate an order to show cause.  ECF 12/11/19 entry.  The Court instructed the Soni Defendants to move by way of notice of motion for the relief they sought.  *Id.*

7

The Soni Defendants then moved by way of notice of motion for reconsideration, modification, and vacatur of the Court's August 7, 2019 order adopting the First R&R, granting Plaintiff's motion for a preliminary injunction and denying the Defendant's motion to increase the amount of the bond.  ECF 74.  The Court referred the motion to Judge Tomlinson for a Report and Recommendation.  ECF 75

Judge Tomlinson issued the Report and Recommendation as to the motion for reconsideration, modification, and vacatur (the "Third R&R") on September 30, 2020.  ECF 114. In the Third R&R, Judge Tomlinson recommended that the Court deny the Soni Defendants' motion, including the request to strike the amended complaint.  *Id.*  By order dated March 5, 2021, the Court overruled the Soni Defendants' objections to the Third R&R, ECF 115, and adopted the Third R&R in its entirety.  ECF 119.

### E.  The Pending Motions

There are four motions pending before the Court: Plaintiff's motion for sanctions pursuant to FED. R. CIV. P. 11, based on the representations made in the Soni Defendants' motion for reconsideration, modification, and vacatur, ECF 87; Plaintiff's motion pursuant to FED. R. CIV. P. 70 for contempt and enforcement of the Court's temporary restraining order and preliminary injunction, ECF 88; the Soni Defendants' motion for sanctions under Rule 11 and 28 U.S.C. § 1927, ECF 92; and Plaintiff's motion for reconsideration of the Court's order dismissing Kapur from the action.  ECF 102.

## II.     DISCUSSION

### A.  The Motions for Sanctions

#### 1.   The Legal Standards

Pursuant to Rule 11(b), an attorney who presents, *inter alia*, a "written motion" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the motion is (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) supported by facts known or likely to be discovered on further investigation.  FED. R. CIV. P. 11(b); *see Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010).

The Supreme Court has held that the purpose of this Rule "is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359, (1990), *superseded on other grounds as recognized in de la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 (S.D.N.Y. 2003).  The standard for triggering Rule 11 sanctions is objective unreasonableness. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) ("When sanctions are imposed on motion of an adversary, the standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." (quotations and citation omitted)); *accord Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). Even upon determining that Rule 11 has been violated, a court retains the discretion to decide whether to impose sanctions.  *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d

Cir. 2012) ("[E]ven when a district court finds a violation of Rule 11, the decision whether to impose a sanction for a Rule 11(b) violation is [] committed to the district court's discretion." (quotations, alterations and citation omitted)).

Pursuant to § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Galin v. Hamada*, 753 F. App'x 3, 9 (2d Cir. 2018) (summary order). A more heightened showing applies to sanctions under § 1927, requiring that courts make a finding of "'conduct constituting or akin to bad faith.'" *Star Mark*, 682 F.3d at 178 (quoting *In re 60 E, 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (citation and internal quotation marks omitted)).

### 2. Application to the Plaintiff's Motion

Plaintiff seeks sanctions under Rule 11, alleging that the Soni Defendants and their counsel made the following false and fraudulent statements in the motion for reconsideration, modification, and vacatur: (1) that records from Regions Bank showed a payment on the debt that forms the basis for this action, even though the Soni Defendants have admitted that they had stopped making payments on the debt, and that payment is in fact a part of the proceeds paid by Plaintiff to Regions Bank to purchase the debt on the Note, ECF 87-27 at 8–15; (2) that only $16,732.11 remained on the Note, as opposed to the $204,559.72 sought by Plaintiff, when the former figure only represents the records of Regions Bank having written off most of the balance on the Note after the assignment to the Plaintiff, *id* at 15–17; (3) that Plaintiff omitted or altered Regions Bank records to obtain the underlying judgment, despite having no evidence to support this claim, *id.* at 17–19; and (4) that Plaintiff improperly filed the amended complaint 24 days

after the filing of the answer, which the record shows as being filed 21 days after the answer, *id.* at 19–20.

Plaintiff also argues that the motion for reconsideration is untimely and improper in light of a pending appeal. *Id.* at 20–24. Additionally, Plaintiff argues that the reconsideration motion is frivolous to the extent that it seeks to vacate the Judgment, in that this Court lacks jurisdiction to vacate a decision from another district court. *Id.* at 24–25. Plaintiff asks for sanctions in the form of a fine and attorneys' fees and costs. *Id.* at 26.

Plaintiff relies on a sworn statement submitted by Wade Parker, a Senior Vice President of Regions Bank (the "Parker Document"), ECF 86-1, asserting that: on September 15, 2015, the Note was assigned to Plaintiff, in the amount of $204,559.72; following this assignment, on or about September 17, 2015, Regions Bank applied part of the proceeds paid by Plaintiff for the purchase of the debt, noting the application as a "payment" per the bank's accounting records; and this notation does not implicate payment by the Soni Defendants, who have rendered no payments on the Note since April 2014. *Id.*

In opposition, the Soni Defendants contend that Plaintiff fails to show a Rule 11 violation. ECF 92. They argue that they had an objectively reasonable basis to pursue their factual and legal claims in the motion for reconsideration, modification, and vacatur, even if their motion is ultimately denied. ECF 92-1 at 14. They refer to a subpoena response by Regions Bank, which yielded the $16,732.11 figure and raised "significant doubt" as to whether Plaintiff actually purchased the debt at issue in the case. *Id.* at 10.

The Soni Defendants further claim that: (1) Plaintiff's motion contains only conclusory allegations about the Soni Defendants' counsel, which is insufficient to merit Rule 11 sanctions and does not comport with due process; (2) the Soni Defendants were entitled to present new

evidence to the Court that suggested Plaintiff obtained the Judgment through fraud and, thus, perpetrated a fraud upon the Court; (3) only one of the Soni Defendants was a party to the Judgment in Alabama, and that in order to register a judgment from another court, a court needs to adopt the judgment as its own, thus giving it the authority to consider issues of fraud, misrepresentation, and/or misconduct; (4) the new evidence in the form of the Regions Bank subpoena response was obtained through lawful process, was verified, and arose as a result of an objectively reasonable inquiry; (5) Plaintiff has attempted to mislead the Court by claiming that Parker is a corporate officer entitled to disavow the subpoena response, especially given that Regions Bank's public records do not list him as an officer; (6) Parker's sworn statement is not admissible because it is not sworn under penalty of perjury; (7) Plaintiff's motion does not comply with Rule 11's safe harbor provisions; and (8) attempts to ascertain from Plaintiff the veracity of the Regions Bank subpoena response were met with Plaintiff's lack of cooperation, *Id.* at 14–18, ECF 92-2 at 19–23.  In support for (5), the Soni Defendants submit documents detailing the executive leadership team at Regions Bank, which does not include Parker.  ECF 92-8.

In reply, Plaintiff reiterates its arguments and contends that the Soni Defendants continue to make false accusations despite possessing the Parker Document and knowing that they have not made payments on the Note.  ECF 98 at 3.  Plaintiff claims the Soni Defendants have brought no evidence that Parker is not an officer from Regions Bank.  *Id.* at 6.  Plaintiff also alleges that counsel has compounded this error by failing to submit affidavits from his clients speaking to whether they have made payments on the Note.  *Id.* at 4.

Plaintiff's motion for sanction is denied. The Court recently denied the Soni Defendants' reconsideration motion on the merits, finding no timeliness issue, DE 119, mooting part of

Plaintiff's motion. The appeal issue is also moot since the Soni Defendants voluntarily dismissed the aforementioned appeal by the time the Court ruled on the reconsideration motion.

Further, in the March 5, 2021 order denying the motion for reconsideration, the Court ruled that the Parker Document is a declaration because it is sworn before a notary public. DE 119. This ruling constitutes the law of the case.

"The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case unless cogent and compelling reasons militate otherwise." *Hernandez v. Sessions*, 731 F. App'x 51, 55 (2d Cir. 2018) (summary order) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)).  Such compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Johnson*, 564 F.3d at 99–100 (internal quotation marks omitted); *see Sheet Metal Air, Rail and Transp. Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc.*, No, 15-CV-2224 (KAM) (PK), 2018 WL 4771897, at \*6 (E.D.N.Y. Oct. 3, 2018).

The Soni Defendants raise multiple arguments as to the Parker Document, none of them sufficient to justify departing from the law of the case doctrine.  First, they assert that the document is not an affidavit within the meaning of 28 U.S.C. § 1746 because it is not sworn under penalty of perjury.  This is the very argument rejected by the Court in its recent order.  DE 119.  In the alternative, the Soni Defendants claim that the notary public's name is illegible, rendering it impossible to look up the notary in a search.  The Court disagrees.  As noted in the Plaintiff's reply, the name on the document reads "Kimberly K. Bartlett."  ECF 98 at 7.

The Soni Defendants submitted documentation concerning the executives of Regions Bank, documentation that does not include Parker.  Nevertheless, the materials do not go so far

as to nullify the Parker Document.  Parker identifies himself as a Senior Vice President at Regions Bank, and the documents submitted by the Soni Defendants list, *inter alia*, senior executive vice presidents.  The Soni Defendants thus have not demonstrated that Regions Bank also does not have a number of senior vice presidents, of which Parker is a member. Accordingly, the Soni Defendants present no compelling reasons to depart from the law of the case doctrine, and the Court's prior ruling regarding the Parker Document stands.

Considering whether the Soni Defendants' allegations of fraud in their motion for reconsideration were objectively unreasonable necessarily implicates a ruling on the veracity of the fraud allegations themselves.  *See Lorber v. Winston*, 993 F. Supp. 2d 250, 253 (E.D.N.Y. 2014) ("[I]n order to determine the moving Defendants' Rule 11 motion, the Court would be required to resolve whether or not the alleged fraud that Lorber accused the moving Defendants of participating in actually occurred."); *Kingvision Pay-Per-View Ltd. v. Ramirez*, No. 05-Civ.-2778 (HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005) (declining to award Rule 11 sanctions in that "[w]ithout an evidentiary record against which the factual allegations [of the defendant's second counterclaim] [could] be compared, it [was] difficult if not impossible genuinely to conclude they are 'objectively unreasonable' or abusive of the judicial process") (citing *Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994)).

The *Lorber* holding is not exactly on point with regard to this case.  *Lorber* pertained to an action that had been dismissed prior to deciding any factual questions, whereas here, the action is ongoing.  993 F. Supp. 2d at 253.  Procedural differences aside, the cautioning against making a preliminary factual determination as to fraud remains persuasive.  *See Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003) ("In assessing whether Rule 11

14

sanctions should be imposed, the court does not judge the merits of an action.") (citing *Cooter & Gell*, 496 U.S. at 396, 110 S. Ct. 2447).  An established policy reason for ruling on sanctions—that collateral litigation on sanctions distracts parties from focusing on the merits of an action, fosters animosity among counsel, and delays proceedings—has borne out acutely in this case. *See Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 194 (S.D.N.Y. 2014) (collecting cases).

The Court declines to grant Plaintiff's sanctions motion at this stage of the litigation. Although this case, along with the several related cases, has been ongoing for almost two years, the action has yet to proceed past the pretrial stage.  The Court thus lacks the full evidentiary record necessary to determine the objective reasonableness of the Soni Defendants' fraud allegations in the reconsideration motion.  Accordingly, Plaintiff's motion for Rule 11 sanctions against the Soni Defendants is denied without prejudice.

### 3.  Application to the Soni Defendants' Motion

The Soni Defendants base their sanctions motion on Plaintiff's motion for sanctions.  In addition to claiming that Plaintiff's motion fails to comply with Rule 11 or the Eastern District's local rules, they assert that Plaintiff made several false and/or unverified statements in its sanctions motion.  *See generally* ECF 92-2.

For the reasons set forth above, the Court denies the Soni Defendants' sanctions motion as to Rule 11 without prejudice.

Regarding § 1927, the Court also denies, without prejudice, the Soni Defendants' motion. The record is not yet developed to the point where the Court may ascertain whether either party's submissions were objectively unreasonable.  It follows that the Court also may not determine whether Plaintiff's conduct has met the even higher standard of abuse necessary for § 1927

sanctions. *See Star Mark Mgmt., Inc.*, 682 F.3d 178; *Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at *15 (S.D.N.Y. Aug. 8, 2017) (denying § 1927 motion at an early stage of the litigation, despite finding that the evidence may ultimately have merit); *Forbes v. NAMS Int'l, Inc.*, No. 07-CV-0039 (TJM) (DEP), 2007 WL 1814656, at *6 (N.D.N.Y. June 21, 2007) (declining to grant § 1927 motion because, "[a]t this early stage in the litigation the court is not well-positioned to evaluate the merits" of the claim).

### B. The Motion to Enforce the Temporary Restraining Order and Preliminary Injunction

#### 1. The Legal Standard

Rule 70(e) "provides a remedy of contempt if a party fails to comply with a judgment requiring the performance of a specific act." *Ecopetrol S.A. v. Offshore Expl. and Prod. LLC*, 172 F. Supp. 3d 691, 695 (S.D.N.Y. 2016). A Rule 70 civil contempt sanction "'serves to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance.'" *Carione v. United States*, No. 03-CV-4024 (DRH), 2012 WL 976049, at *7 (E.D.N.Y. Mar. 22, 2012) (quoting *Bd. of Trs. of the Loc. 295/Loc.-I.B.T. Emp. Grp. Pension Tr. Fund v. Hail Air Freight, Inc.*, No. 06-Civ.-528 (GEL), 2008 WL 1758719 (S.D.N.Y. Apr. 16, 2008) (internal quotation marks and citation omitted)).

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Vintage Flooring & Tile, Inc.*, No. 11 Civ. 1316 (PKC), 2012 WL 2958177, at *2 (S.D.N.Y. July 20, 2012) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs,*

*Inc.*, 369 F.3d 645, 655 (2d Cir.2004)). "A civil contempt sanction should either seek to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995) (quotations and citation omitted). Thus, where a court imposes a sanction to be paid to the opposing party, "the sanction should correspond at least to some degree with the amount of damages." *Id.*; *see also Vintage Flooring*, 2012 WL 2958177, at *2.

### 2. Application to the Facts of This Case

Plaintiff alleges that the Soni Defendants violated the temporary restraining order and preliminary injunction by: (1) failing to pay real estate taxes on the Newark Property, despite continuing to collect rents on the Newark Property; and (2) causing a lien to be placed on the Newark Property by ATCF II New Jersey LLC.  ECF 88-1 at 8.  As to taxes, it alleges that the Soni Defendants have failed to pay tax bills amounting to $63,533.88, and it attaches a copy of a lien redemption statement from the city of Newark in support.  *Id.*; ECF 88-12.  Plaintiff also submits vendor records by Soni Holdings, LLC for collection of rent.  ECF 88-13.

Plaintiff contends that these actions place the Newark Property in jeopardy of foreclosure, ECF 88-1 at 9; and that if the Newark Property falls into foreclosure, it will potentially eradicate Plaintiff's interest in the Newark Property, thus circumventing both the temporary restraining order and the preliminary injunction.  *Id.*

As to Rule 70(e), Plaintiff argues that both the temporary restraining order and the preliminary injunction adopted the same clear and unambiguous language, prohibiting the Soni Defendants' from selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise dissipating and/or disposing of the Newark Property, *Id.* at 10; and that there is clear and convincing evidence that the Soni Defendants violated these orders in that

they hypothecated, caused to be liened and disposed and otherwise dissipated the Newark Property. *Id.* at 10–11. Plaintiff requests that the Court hold the Soni Defendant in contempt for violating the Court's clear and unambiguous orders and direct the Soni Defendants to pay the unpaid real estate taxes on the property and maintain the status quo and pay all future taxes on the Newark Property. *Id.* at 11–12.

In opposition, the Soni Defendants contend that they have not hypothecated the Newark Property, pledged it as collateral, or disposed of it. ECF 93 at 7. As to the rent collecting and the lien, the Soni Defendants claim that the temporary restraining order and preliminary injunction were not clear and unambiguous as to the allocation of rent monies, which violates the particularity requirements of FED. R. CIV. P. 65. *Id.* They request a hearing and a jury trial, pursuant to Local Civil Rule 83.6(b), before the Court rules on the contempt issue. *Id.* at 10. They also request that, upon a finding of no contempt, the Court order Plaintiff to pay their costs, disbursements, and reasonable attorneys' fees. *Id.*

The Soni Defendants also contend that they acted with reasonable diligence, energy, and good faith in their interpretation of the temporary restraining order and preliminary injunction, namely by way of hiring, maintaining, and paying a management company to manage the Newark Property's affairs, and not pledging or selling the Newark Property. *Id.* at 10–11. They assert that they informed the Court and Plaintiff in its motion for reconsideration, modification, and vacatur of the "financial and other hardships associated with" the Newark Property, thus making contempt a drastic and inequitable result. *Id.* Additionally, the Soni Defendants argue that those of them who do not own the Newark Property cannot be held in contempt. *Id.* at 12. Further, the Soni Defendants ask that if the Court holds them in contempt, the temporary restraining order and preliminary injunction be modified to allow for the sale of the Newark

Property, with Plaintiff receiving the proceeds of the sale. *Id.* at 13–14. They submit, *inter alia*, the sealed declaration of Defendant Kunal Soni, the owner of the Newark Property, who alleges that the expenses caused by the litigation have left the Soni Defendants unable to comply with an order to pay taxes. *Id.* at 12.

In reply, Plaintiff argues first that the Soni Defendants have contradicted themselves in saying that the Court's orders were unclear, while attempting to comply with them. ECF 99 at 1. Second, Plaintiff asserts that the opposition amounts to an admission by the Soni Defendants that they are collecting rent on the Newark Property while causing it to be encumbered by tax liens; dissipating and/or disposing of their interest in the property; and enriching themselves at the Newark Property's expense, thus prejudicing Plaintiff and not maintaining the status quo. *Id.* at 2–3, 6, 7.

Third, Plaintiff contends that despite Kunal Soni's declaration, litigation expenses do not make it impossible for the Soni Defendants to comply with the temporary restraining order and the preliminary injunction. *Id.* at 3. In fact, according to Plaintiff, the Soni Defendants are exacerbating their financial situation by spending money on this litigation. *Id.* at 8. Fourth, Plaintiff argues that the Court's orders comported with Rule 65 in their specificity. *Id.* at 4–5. Fifth, and finally, Plaintiff asserts that, given the Soni Defendants' admissions, there is no need for a hearing. *Id.* The Court agrees.

A plain reading of the Soni Defendants' opposition reveals that they have collected rent on the Newark Property, not paid real estate taxes on the Newark Property, and allowed its encumbrance by lien. Plaintiff's submissions affirm these uncontested facts. With the key allegations of contempt not in issue, the Soni Defendants are not entitled to a hearing. *See Harris ex rel. Beare v. Millington*, No. 07-CV-3391 (TLM) (MDG), 2012 WL 2906017, at *3

n.1 (E.D.N.Y. July 16, 2002) ("An evidentiary hearing will not be held absent demand by Mr. Lukman *and a factual dispute* raised by him.") (emphasis added).

In addition, the Court grants the contempt motion, Plaintiff's motion has met all three prongs of the standard for contempt under Rule 70(e). First, the identical language in the temporary restraining order and the preliminary injunction is clear and unambiguous: the language barred the Soni Defendants from, *inter alia*, "liening, encumbering, or otherwise disposing of the Defendants' ownership in the premises located at 632-634 MLK Jr. Boulevard, Newark, New Jersey 07102." *See Ferrara v. Metro D Excavation & Found., Inc.*, No. 10-CV-4215 (SLT) (LB), 2012 WL 6962214, at *3 (E.D.N.Y. Nov. 30, 2012) ("The Court's order explicitly tells defendant what it must do to comply with the order and by when . . . . The order is clear and unambiguous.") (Bloom, M.J.), *adopted by*, 2013 WL 357818 (E.D.N.Y. Jan. 29, 2013).

A party meets the second prong of the contempt standard upon a showing of "a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (internal quotation marks omitted). The uncontested evidence of the Soni Defendants' failure to pay taxes and the liening of the Newark Property are sufficient for this showing. *See Ames v. Dynasty Elec., Inc.*, No. 05-CV-988 (ARR), 2006 WL 8439090, at *2 (E.D.N.Y. Apr. 6, 2006) (determining that, with regard to the court's interim order and the plaintiff's assertion of the defendant's noncompliance, that "[d]efendant has not disputed this fact, thus conceding that they have failed to comply with the court's interim order").

Plaintiff has also met the requirements of the third and final prong. In showing that the Soni Defendants have not met their legal obligations with regard to the Newark Property, they

have shown a lack of good faith or reasonable diligence in complying with the Court's orders. The Soni Defendants' counter argument, that they have complied with the order in part by preventing the Newark Property's sale, managing its affairs, and declining to pledge the Newark Property to another, is unavailing.  However well the Soni Defendants complied with a portion of the orders, it failed to "develop and execute reasonable methods of compliance" with the entirety of the orders, which is a necessary component for establishing reasonable diligence.  *See Casale v. Kelly*, 710 F. Supp. 2d 347, 359 (S.D.N.Y. 2010) (internal quotation marks omitted). Moreover, the Court is not persuaded by the Kunal Soni affidavit and the argument concerning litigation expenses.  *Cf. Mitchell Grp. USA, LLC v. Udeh*, No. 14-CV-3745 (DLI) (JD), 2015 WL 6760109, at *7 (E.D.N.Y. Nov. 5, 2015) ("Neither these excuses nor Bustos' other actions satisfy the reasonable diligence standard articulated in the third prong of the civil contempt analysis.").

The impossibility defense also fails.  Such a defense "will not lie where the defendant cannot demonstrate that it has made diligent efforts to comply with the order, and no circumstances have changed."  *Parris v. Pappas*, No. 10-CV-1128 (WWE), 2017 WL 9480196, at *3 (D. Conn. 2017) (internal quotation marks omitted); *see In re Harripersad*, No. 18-Civ.-2092, 2019 WL 1499194, at *5 (E.D.N.Y. Apr. 5, 2019) (the impossibility burden lies with the contemnor).

Based on the foregoing, the Court grants Plaintiff's Rule 70(e) motion and finds the Soni Defendants in civil contempt for failure to comply with the temporary restraining order and the preliminary injunction.  In addition, the Court orders the Soni Defendants to pay all outstanding real estate taxes and liens on the Newark Property, and submit written proof of payment with the Court within 60 days of the entry of this order.  *See Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*,

349 F. Supp. 2d 509, 517 (E.D.N.Y. 2004) (declaring that civil contempt sanctions must be remedial in nature) (citing *Manhattan Indus., Inc. v. Sweater Bee By Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989)). The Court further orders the Soni Defendants to pay all future taxes on the Newark Property, in compliance with the temporary restraining order and the preliminary injunction.

The Court also awards Plaintiff attorneys' fees and costs associated with briefing the motion for contempt. *See, e.g.*, *New York v. U.S. Cap. Funding, LLC*, No. 09-CV-0004 (JFB) (ETB), 2011 WL 3489914, at *8 (E.D.N.Y. Aug. 9, 2011). The Court shall determine this portion of the award after Plaintiff submits documentation of those fees and costs, also within 60 days of the entry of this order. In addition, the Court refers the determination of attorneys' fees and costs to Judge Tomlinson.

## C. The Reconsideration Motion

### 1. The Legal Standard

Parties may bring reconsideration motions pursuant to FED. R. CIV. P. 59(e) and 60(b), as well as Local Rule 6.3. *United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255,

22

257 (2d Cir. 1995); *accord Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Courts consider three factors when ruling on reconsideration motions.  They determine: (1) whether there has been "an intervening change of controlling law"; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs.,* 684 F.3d at 52 (quotations, alterations and citation omitted). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, *see Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("A party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [reconsideration] to advance new facts and theories in response to the court's rulings" (quotations, brackets and citation omitted)); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters . . . were presented to the court on the underlying motion" (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. Oct. 17, 2016) ("A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have previously been made" (quotations and citation omitted)); *Norton*, 47 F. Supp. 3d at 155 ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration"); *Redd*, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . ." (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical Surveys*, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues . . ." (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); *In re Citigroup ERISA Litig.*, 112 F. Supp. 3d 156, 158 (S.D.N.Y. 2015).

## 2.  Application to the Facts of This Case

Plaintiff moves pursuant to Local Rule 6.3 and Rules 8, 60(b)(2), and 60(b)(3) of the Federal Rules of Civil Procedure for reconsideration of the March 31, 2020 order dismissing Plaintiff's claims against Kapur in their entirety with prejudice.  ECF 102.  First, Plaintiff asks that the Court modify the dismissal as to Kapur from with prejudice to without prejudice, contending that dismissals pursuant to Rule 8 should generally give a party leave to amend and that with respect to Kapur, there is "clearly evidence of wrongful, egregious conduct and more evidence will and has been discovered."  ECF 102-1 at 12–13.  In particular, Plaintiff alleges that Kapur intentionally modified and falsified documents with regard to the Newark Property.  *Id.* at 13. Plaintiff also alleges that in October 2019, it learned that Kapur had failed to produce nearly two hundred (200) documents that contained evidence of other properties that Kapur helped to fraudulently convey.  *Id.* at 14–16.

24

Plaintiff also asks for the Court to modify its order so as to reinstate the fifth cause of action in the amended complaint for tortious interference with the collectability of a debt against Kapur. *Id.* at 17. Plaintiff reiterates its arguments about the concealment and falsification of documents and asserts that Kapur violated New York Penal Law § 175.05 in his falsification of business records. *Id.* at 18–20. Plaintiff further claims that the Court erred in recounting the amended complaint's allegations as to Kapur. *Id.* at 22–24.

Kapur raises the following arguments in opposition: (1) Rule 60(b) does not apply to orders, such as this one, that fail to resolve all of the claims of all of the parties, ECF 105 at 7–9; (2) Plaintiff's arguments in the reconsideration motion reiterate those the Court already considered in ruling on the 12(b)(6) motion, *id.* at 9–10; (3) Plaintiff's Rule 8 argument is not a proper basis for reconsideration because it was not presented to the Court when ruling on the motion to dismiss and, in any event, the claim is meritless because the Court did not dismiss the action under Rule 8, but Rule 12, *id.* at 10–13; and (4) the Court similarly should not consider the argument about reinstating the tortious interference claim, which was not presented to the Court when ruling on the motion to dismiss, and, in any event, the argument lacks merit because the complaint does not allege with sufficient particularity that Kapur redacted documents with the intent to defraud. *Id.* at 13–15.

In reply, Plaintiff asserts that the Rule 12(b)(6) motion was final as to Kapur, and thus, that Rule 60(b) applies; and that it is not attempting to relitigate old arguments or to present new ones, but rather seeks to present matters that it believed the Court overlooked. ECF 107.

Rule 60(b) applies to final orders. *See Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. June 3, 2015) (summary order) (holding that Rule 60(b) "applies only to final orders and judgments."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996)

("By its own terms, Rule 60(b) applies only to judgments that are final.") The order subject to the motion here dismissed Kapur from the action, but the action otherwise remains pending as to the other defendants, rendering it interlocutory. *See Ashmore v. CGI Grp., Inc.*, 860 F.3d 80, 86 (2d Cir. 2017) ("To state it another way, finality does not attach to an order that dismisses some plaintiffs but not all.") (internal quotation marks omitted). As a result, Rule 60(b) does not apply, and the Court denies the motion to the extent that it raises grounds under Rule 60.

Thus, the only available avenue for Plaintiff to move for reconsideration of the March 31, 2020 is through Local Rule 6.3. *See Kittay v. Korff (In re Palermo)*, No. 08-CV-7421 (RPP), 2011 WL 446209, at *4 (S.D.N.Y. Feb. 4, 2011) (ruling that where Rules 59 and 60 do not apply to reconsideration motions, "the only ground available for [defendant] to move for reconsideration is under Local Rule 6.3"). However, even under Local Rule 6.3, the motion fails. The new arguments Plaintiff advances on its reconsideration motion claims could have been previously presented to the Court prior to the determination of Kapur's motion to dismiss and a party may not use a motion for reconsideration to raise arguments for the first time that they were free to raise on the underlying motion. *See, e.g. Paul v. Furstenberg Fin. SAS (In re Furstenberg Fin. SAS)*, 785 F. App'x 882, 886 (2d Cir. Aug. 30, 2019) (summary order) ("Because a party may not advance new arguments or requests for relief in a motion for reconsideration if they were not previously presented to the Court, the district court did not abuse its discretion in denying the request [for reconsideration]." (quotations and citation omitted)); *Williams v. Romarm*, 751 F. App'x 20, 24 (2d Cir. Sept. 20, 2018) (summary order) (holding that the district court acted within its discretion in denying the plaintiff's motion for reconsideration because the motion "merely reiterated earlier arguments without pointing to controlling decisions

or data that the court overlooked and raised new arguments that could have been raised in the opposition to the motion to dismiss." (quotations and citation omitted)).

In addition, Plaintiff has not pointed to controlling decisions or data that the Court overlooked, and the Court sees no reason to depart from any of the findings or conclusions in the March 31, 2020 order regarding the insufficiency of Plaintiff's claims against Kapur in the amended complaint.  Accordingly, Plaintiff's motion for reconsideration of the March 31, 2020 order is denied in its entirety.

## III.    CONCLUSION

For the foregoing reasons, the Court: (1) denies, without prejudice, the parties' respective motions for sanctions; (2) grants Plaintiff's motion for contempt, orders the Soni Defendants to pay past due taxes on the Newark Property and submit proof of payment within sixty (60) days of the entry of this order, orders the Soni Defendants to maintain the status quo in accordance with the temporary restraining order and preliminary injunction by paying all future taxes and legal obligations with regard to the Newark Property as they become due, awards reasonable attorneys' fees and costs to Plaintiff in connection with the contempt motion, orders Plaintiff to submit documentation of its fees and costs in connection with the contempt motion within sixty (60) days of the entry of this order, and refers that determination on attorneys' fees and costs to Judge Tomlinson; and (3) denies Plaintiff's motion for reconsideration of the March 31, 2020 order.

**SO ORDERED.**

                                                        /s/
                                                   Sandra J. Feuerstein
                                                   United States District Judge

Dated: Central Islip, New York
          March 8, 2021

27