UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW FALLS CORPORATION,<br><br>                      Plaintiff,<br><br>         v.<br><br>SONI HOLDINGS, LLC, KUNAL SONI,<br>ANJALI SONI, 632 MLK BLVD JR LLC,<br>OM P. SONI, SONI CAPITAL<br>RESOURCES, LLC, KANWAL KAPUR,<br>WEANONA HUGIE, and RICHARD<br>SPEARS,<br><br>                   Defendants. | **MEMORANDUM & ORDER**<br>19-CV-00449 (HG) (LGD) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff seeks to hold several of the Defendants (collectively, the "Soni Defendants") in contempt for failing to abide by the Court's previous orders:  (i) enjoining them from encumbering, or permitting liens upon, their real estate in Newark; and (ii) requiring them to pay all taxes that come due on that property to avoid such liens.[1]  *See* ECF No. 155.  Since the Soni Defendants have allowed unpaid taxes to accrue on the property, the Court holds them in contempt and, as a remedy, directs Plaintiff to submit proof of its attorneys' fees incurred to prepare this motion.

**PROCEDURAL HISTORY**

These parties have an intricate litigation history, which the Court explained in its recent order denying the Soni Defendants' motion to enjoin litigation pending in Nassau County

---

[1]  As used in this decision, the term "Soni Defendants" refers to Soni Holdings, LLC, Kunal Soni, Anjali Soni, Om P. Soni, 632 MLK BLVD JR LLC, and Soni Capital Resources, LLC.  *See* ECF No. 155-17 at 1.

Supreme Court. *See* ECF No. 170. The Court will therefore summarize only the facts necessary to decide this motion.

Soni Holdings, LLC ("Soni Holdings") defaulted on a promissory note in 2014, and Plaintiff allegedly acquired that note from the original lender in September 2015. ECF No. 26 ¶¶ 21–24. The promissory note was guaranteed by Om Soni, who likewise has not paid Plaintiff. *Id.* ¶¶ 19–20. Plaintiff commenced a breach of guaranty lawsuit against Om Soni in December 2016 and procured a default judgment against Soni Holdings in February 2018. *Id.* ¶¶ 28, 33–34.

In April 2016, while Soni Holdings was indebted to Plaintiff, Soni Holdings transferred a rental property that it owned in Newark (the "Newark Property") to 632 MLK BLVD JR LLC. *Id.* ¶ 45. At the time of the transfer, Soni Holdings was managed by Om Soni's wife, Anjali Soni, and 632 MLK BLVD JR LLC was managed by their son, Kunal Soni. *Id.* ¶¶ 8–9, 45; ECF No. 31 ¶¶ 8–9, 45. Plaintiff alleges that Soni Holdings made this transfer without consideration, or alternatively without adequate consideration, for the purpose of preventing Plaintiff from collecting on the note. ECF No. 26 ¶¶ 48–49.

Plaintiff filed this lawsuit in January 2019, asserting a claim for fraudulent conveyance, after learning about Soni Holdings' transfer of the Newark Property. ECF No. 1 ¶¶ 14–21. Plaintiff later amended its complaint to allege additional instances of fraudulent conveyances and a civil RICO claim. ECF No. 26 ¶¶ 75–88, 95. The day after Plaintiff commenced this lawsuit, the Court entered a temporary restraining order that enjoined the Soni Defendants from further transferring the Newark Property. ECF No. 8. The Court later converted the temporary restraining order to a preliminary injunction that prohibited the Soni Defendants from "selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of" the Newark Property. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449,

2

2019 WL 3712127, at *6 (E.D.N.Y. Aug. 7, 2019).  The Soni Defendants unsuccessfully moved to modify the preliminary injunction.  *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2021 WL 855939, at *6–7 (E.D.N.Y. Mar. 5, 2021).

In March 2020, Plaintiff filed a motion for contempt, arguing that the Soni Defendants had allowed a tax lien to encumber the Newark Property, due to their failure to pay taxes, and thereby placed the property at risk of foreclosure.  ECF No. 88-15 at 1–3.  The Court, in an order issued by Judge Feuerstein, granted Plaintiff's motion and found that the Soni Defendants had violated the Court's earlier temporary restraining order and preliminary injunction.  *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2021 WL 919110, at *10 (E.D.N.Y. Mar. 8, 2021). The Court ordered the Soni Defendants not only to satisfy any then-unpaid tax obligations, but also "to pay all future taxes on the Newark Property, in compliance with the temporary restraining order and the preliminary injunction."  *Id.*  The Soni Defendants paid off their tax debt after Judge Feuerstein's decision but, as shown by Plaintiff's current motion, allowed substantial unpaid taxes to accrue shortly thereafter.  ECF No. 155-16 at 2–3.  At the time Plaintiff sought permission to file this motion, the Soni Defendants owed $71,994.24 in taxes on the Newark Property.  ECF No. 151-3 at 1.

The Soni Defendants appealed to the Second Circuit both this Court's decision denying their motion to modify the preliminary injunction and the decision finding them in contempt because of their non-payment of taxes.  ECF No. 122.  The Second Circuit summarily dismissed, for lack of jurisdiction, their appeal of the decision finding them in contempt and affirmed the Court's decision not to modify the preliminary injunction, rejecting all of the Soni Defendants' arguments.  *New Falls Corp. v. Soni Holdings, LLC*, No. 21-865-cv, 2022 WL 2720517, at *1 n.1, *3 (2d Cir. July 14, 2022).  The Second Circuit did not decide the appeal, however, until

after the Soni Defendants had incurred their new tax obligations and after Plaintiff had filed its current motion for contempt. *Id.*

## LEGAL STANDARD

Courts have several sources of authority to impose civil contempt sanctions. Rule 70(e), which Plaintiff cites in support of its motion, authorizes the Court to "hold [a] disobedient party in contempt" if a "judgment" required that party to perform a "specific act and the party fail[ed] to comply within the time specified." Fed. R. Civ. P. 70(a), (e). The Court also has "inherent power to enforce its own orders" through civil contempt even if not all of the criteria described in Rule 70 apply, such as when an injunction is not reduced to a judgment. *See Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 20 n.2 (2d Cir. 2018). "Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to coerce the defendant into compliance with an injunction or compensate the complainant for losses stemming from the defendant's noncompliance with an injunction." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (internal quotation marks omitted). Finally, Congress has provided yet another basis for courts to impose contempt sanctions: "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (quoting 18 U.S.C. § 401(3)) (first alteration added).

When a party violates an injunction, a court "may hold [that] party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). These

elements remain the same when a district court exercises the contempt power authorized by Rule 70 or 18 U.S.C. § 401(3). *Next Invs.*, 12 F.4th at 128 (applying 18 U.S.C. § 401(3)); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1344, 1351 (2d Cir. 1989) (affirming district court's contempt sanctions imposed "pursuant to Fed. R. Civ. P. 70 and 18 U.S.C. § 401"). The party moving for contempt has the burden of establishing these elements. *Next Invs.*, 12 F.4th at 128, 130.

The first element of contempt is a clear and unambiguous order. "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden. Thus, a contempt order is inappropriate if there is a fair ground of doubt as to the wrongfulness of the [alleged contemnor's] conduct." *Id.* at 131 (internal quotation marks and citations omitted) (alteration in original). A contempt finding against specific parties is therefore inappropriate if there is "fair ground of doubt" about whether those parties fall within the scope of people bound by an injunction according to Rule 65(d). *Id.* at 133–34. According to Rule 65(d), an injunction binds the parties, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d).

The second and third elements of contempt are, respectively, clear and convincing proof of noncompliance with the court's order and a lack of reasonable diligence in attempting to achieve compliance. "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *MAS Wholesale Holdings LLC v. NW Rosedale Inc.*, No. 19-cv-1294, 2021 WL 1946380, at *5 (E.D.N.Y. May 14, 2021) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)). A party does not act with reasonable diligence in obeying a court order if it

"complied reluctantly" or "after a contempt motion had been filed." *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1176 (2d Cir. 1996).

The Soni Defendants may defend against a contempt order that imposes financial obligations, such as the requirement to pay taxes, by "clearly, plainly, and unmistakably" demonstrating their inability to pay. *Klein v. Aicher*, No. 19-cv-9172, 2021 WL 1948010, at *3 (S.D.N.Y. May 14, 2021); *Kim v. Yoo*, No. 15-cv-3110, 2019 WL 3162128, at *3 (S.D.N.Y. May 17, 2019) (holding that the same standard applies to orders that do not impose financial penalties directly payable to the court). They must show, however, that their financial situation makes compliance "literally impossible" and not merely difficult. *In re Vitamin C Antitrust Litig.*, No. 05-cv-453, 2015 WL 5918254, at *2 (E.D.N.Y. Oct. 9, 2015) (quoting *Badgley v. Santacroce*, 800 F.2d 33, 37 (2d Cir. 1986)).

Once a party's contempt has been established, a court must decide how to remedy that contempt. "Civil sanctions have two purposes: to coerce compliance with a court order and to compensate a plaintiff." *CBS Broadcasting*, 814 F.3d at 101. Sanctions for civil contempt therefore enter inappropriate territory when they "only serve to punish [a party] for its non-compliance." *Gaffos, Inc. v. Designer Optics Corp.*, No. 20-cv-5783, 2022 WL 2467539, at *11 (E.D.N.Y. Mar. 23, 2022), *adopted in full*, 2022 WL 2467472 (E.D.N.Y. June 6, 2022). "[I]n selecting contempt sanctions, a court is obligated to use the 'least possible power adequate to the end proposed.'" *Marchella of NY Inc. v. Mejia Tropical Prods. LLC*, No. 22-cv-551, 2022 WL 2274781, at *2 (E.D.N.Y. June 22, 2022) (quoting *Shillitani v. United States*, 384 U.S. 364, 371 (1966)).

A court that imposes monetary penalties as a form of coercive sanction must give the party in contempt an "opportunity to reduce or avoid the fine through compliance." *CBS*

6

*Broadcasting*, 814 F.3d at 101.  Failing to provide such an opportunity renders the sanctions criminal even if their amount is nominal.  *Id.*  A court may not, for example, impose a civil fine based on a party's past noncompliance with the court's orders.  *Gucci Am., Inc. v. Li*, 768 F.3d 122, 144 (2d Cir. 2014).  On the other hand, prospective fines that accrue each day that noncompliance continues are acceptable.  *Id.*

Rather than imposing a coercive sanction, a court may award attorneys' fees to compensate the party that filed a contempt motion.  *In re DiBattista*, 33 F.4th 698, 702–03 (2d Cir. 2022).  The Second Circuit has not yet decided whether a party moving for contempt must prove that its opponent's conduct was willful to collect attorneys' fees.  *See 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 46–47 (2d Cir. 2020).  If a court finds that the contempt was willful, however, it must "articulate persuasive grounds" for not awarding reasonable attorneys' fees to "the victim of [the] contempt."  *M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021) (quoting *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996)).

## DISCUSSION

The Soni Defendants' conduct in allowing unpaid taxes to accrue on the Newark Property satisfies all the elements of contempt.  The Court agrees with Judge Feuerstein's previous contempt ruling that the language of the preliminary injunction "is clear and unambiguous" in its prohibition against allowing encumbrances and liens on the property.  *New Falls*, 2021 WL 919110, at *9.  That ruling made the Soni Defendants' obligations even clearer by ordering them "to pay all future taxes on the Newark Property, in compliance with the temporary restraining order and the preliminary injunction."  *Id.* at *10.  After Judge Feuerstein's ruling, the Soni

Defendants cannot plausibly argue that they did not understand their obligation to stay current on all tax obligations related to the Newark Property.

The Soni Defendants have conceded that they owe taxes on the Newark Property, thereby rendering their noncompliance with the Court's prior orders clear and convincing. *See* ECF No. 158 at 2. Their own exhibit shows that after making a partial payment, five days after Plaintiff asked the Court's permission to file this motion, approximately $49,000 in taxes was still owed. ECF No. 158-1 at 2, 4.[2] The Soni Defendants' payment history, submitted by Plaintiff, shows that this was the first tax payment that the Soni Defendants had made in over a year. *See* ECF No. 155-16 at 2–3. It was also the first payment the Soni Defendants made after initially paying down the tax obligation that triggered Judge Feuerstein's contempt ruling. *Id.*

The Soni Defendants cannot show reasonable diligence through belated efforts to "cure a finding of contempt based on their prior inaction"—especially because their efforts commenced only after Plaintiff initiated this motion. *MAS Wholesale Holdings*, 2021 WL 1946380, at *6; *see also Aquavit Pharms, Inc. v. U-Bio Med, Inc.*, No. 19-cv-3351, 2020 WL 1900502, at *9 (S.D.N.Y. Apr. 17, 2020) (finding lack of diligence when the defendants took "a reactive approach towards compliance" that required "prompting from [p]laintiff"). Their status as "repeat offenders" cements this conclusion. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-cv-10175, 2021 WL 3418475, at *12 (S.D.N.Y. Aug. 5, 2021). If the Soni Defendants had truly been unable to satisfy their tax obligations despite paying all that they could, then they should

---

[2]     The same database that both Plaintiff and the Soni Defendants have used to submit evidence of the tax obligations related to the Newark Property shows that the Soni Defendants allowed yet another quarterly tax bill to accrue on August 1, 2022, after Plaintiff filed this motion. *Online Inquiry & Payment*, CITY OF NEWARK, https://taxes.ci.newark.nj.us/ViewPay?accountNumber=142365 (last visited Sept. 19, 2022). The Soni Defendants' total tax obligation therefore increased to $60,422.68 and continues to increase as interest accrues. *Id.*

have "petition[ed] the Court for a modification or clarification of the [i]njunction" rather than unilaterally deciding that compliance was optional.  *Id.*

The COVID-19 pandemic and its supposed frustration of the Soni Defendants' ability to collect rents from the Newark Property cannot save them from contempt.  A total inability to pay taxes would be a defense to contempt, but the Soni Defendants cannot meet their burden through "bare assertions" of financial distress in their attorney's memorandum of law.  *Akman v. Pep Boys Manny Moe & Jack of Del., Inc.*, No. 11-cv-3252, 2013 WL 2237542, at *7 (E.D.N.Y. May 21, 2013); *see also Yoo*, 2019 WL 3162128, at *3 (holding that even sworn affidavits making "conclusory" assertions of financial distress were insufficient).  The Soni Defendants have not provided any bank statements or even a declaration explaining the specifics of their financial circumstances, as other parties who have successfully proven their inability to pay have done.  *See, e.g.*, *Miss Jones LLC v. Stiles*, No. 17-cv-1450, 2020 WL 7043508, at *5–6 (S.D.N.Y. Dec. 1, 2020) (finding inability to pay because defendant "had no bank account with more than $100 in it and no liquid assets").  Furthermore, the Soni Defendants' near-instantaneous ability to marshal substantial funds in response to the Court's first contempt ruling and Plaintiff's filing of this motion, both of which occurred during the pandemic, suggests that any purported decrease in rental income is not a real obstacle to payment.  ECF No. 158-1 at 2, 4; ECF No. 155-16 at 2–3.

The fact that the Court's preliminary injunction was on appeal before the Second Circuit while the Soni Defendants allowed unpaid taxes to accrue does not alter the contempt analysis.  To be sure, this Court would have lost its contempt authority if the Second Circuit had adopted the Soni Defendants' arguments on appeal and vacated the preliminary injunction against encumbering the Newark Property.  *Massaro v. Palladino*, 19 F.4th 197, 216 (2d Cir. 2021).  The mere *filing* of an appeal, however, "does not deprive the district court of its normal contempt

9

powers." *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (2d Cir. 2004). Instead, "persons

subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree

until it is modified or reversed, even if they have proper grounds to object to the order."

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645,

656 (2d Cir. 2004). Now that the Second Circuit has rejected the Soni Defendants' appeal, they

cannot use the appeal as a basis to argue against contempt. If anything, the Second Circuit's

findings that the Soni Defendants "cite[d] no authority for" certain of their arguments and had

"forfeited" others underscore the extent of their contempt. *New Falls*, 2022 WL 2720517, at *2.

The Soni Defendants are not entitled to a hearing to decide whether they are in contempt

because, just as when Judge Feuerstein decided Plaintiff's first contempt motion, "the key

allegations of contempt [are] not in issue." *New Falls*, 2021 WL 919110, at *9. The Second

Circuit has recently explained that "[n]o hearing is required" on a contempt motion "where there

are no material facts in dispute and the parties decline to request one." *A Royal Flush, Inc. v.*

*Arias*, 855 F. App'x 23, 26 (2d Cir. 2021).

As with Plaintiff's prior contempt motion, the Court "awards Plaintiff attorneys' fees and

costs associated with briefing th[is] motion for contempt," to compensate Plaintiff for the Soni

Defendants' second violation of multiple court orders. *New Falls*, 2021 WL 919110, at *10.

Attorneys' fees are justified because the Soni Defendants' ability promptly to make a tax

payment after Plaintiff raised the issue with the Court demonstrates that the Soni Defendants'

noncompliance was willful. *See* ECF No. 158-1 at 2, 4. Plaintiff shall submit sufficient proof of

its fees and costs within two weeks of the entry of this Order.

Finally, the Soni Defendants have asserted that whether they can all be found in contempt

"is an issue for the Second Circuit and quite possibly the U.S. Supreme Court" because they do

not all exercise control over 632 MLK BLVD JR LLC, the entity that owns the Newark Property.
ECF No. 158 at 3.  The Court's preliminary injunction and contempt order applied to all of the
Soni Defendants, and Rule 65(d) provides that all parties to a lawsuit are bound by the Court's
injunctions.  *New Falls*, 2019 WL 3712127, at *6; *New Falls*, 2021 WL 919110, at *12; Fed. R.
Civ. P. 65(d)(2).  In an abundance of caution, however, this contempt finding shall apply only to
the following Soni Defendants:

- **632 MLK BLVD JR LLC** because it owns the Newark Property, *see* ECF No.
  158-1 at 2;

- **Kunal Soni** because the Soni Defendants have admitted that he is the manager of
  632 MLK BLVD JR LLC, *see* ECF No. 31 ¶ 8;

- **Soni Holdings, LLC** because the Soni Defendants' exhibits show that it made the
  partial payment of taxes owed, *see* ECF No. 158-1 at 4; and

- **Anjali Soni** because the Soni Defendants have admitted that she is the sole
  member of Soni Holdings, LLC, *see* ECF No. 31 ¶ 9.

## CONCLUSION

The Court ends its decision with a note of caution for Plaintiff.  The Court has not
accepted at this stage the Soni Defendants' assertions that Plaintiff has been improperly
"seek[ing] to gain large monetary sums" through "multiple contempt motions" rather than
litigating the merits of Plaintiff's RICO and fraudulent conveyance claims.  *See* ECF No. 158 at
3.  The Second Circuit has made clear, however, that a district court need not award contempt
sanctions where a party seeking them has "delay[ed] resolution of key legal issues" or "rest[ed]
on [its] rights."  *Next Invs.*, 12 F.4th at 130.  This case and the parties' related lawsuits have been
stalled for years by frequent motion practice over collateral issues.  This case in particular
appears to have made little progress in litigating the merits of Plaintiff's claims since it was filed
in January 2019, even after accounting for delays associated with the COVID-19 pandemic.  The
Court is not at this point assigning the primary fault for these delays to a specific party—or

11

prejudging the parties' competing discovery motions—but all parties and their counsel must work together in a civil, professional manner to advance these cases towards completion.  The Court will not hesitate to decline to award otherwise meritorious contempt sanctions if it determines in the future that Plaintiff is contributing to the delays in this case.

For the reasons explained above, the Court grants Plaintiff's motion for contempt sanctions against the Soni Defendants.  *See* ECF No. 155.  The Soni Defendants shall pay all past taxes due on the Newark Property and file proof of that payment with the Court on or before October 4, 2022.  For the avoidance of doubt, the Soni Defendants remain obligated to "pay[] all future taxes and legal obligations with regard to the Newark Property as they become due." *New Falls*, 2021 WL 919110, at *12.  Plaintiff shall file proof of the fees and costs it incurred in preparing this motion on or before October 4, 2022.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 20, 2022

12