UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW FALLS CORPORATION,

               Plaintiff,

      v.

SONI HOLDINGS, LLC, KUNAL SONI,
ANJALI SONI, 632 MLK BLVD JR LLC,
OM P. SONI, SONI CAPITAL
RESOURCES, LLC, WEANONA HUGIE,
and RICHARD SPEARS,

               Defendants.

**MEMORANDUM & ORDER**
19-CV-00449 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

This order addresses two separate requests for relief pending in this case. First, the Court addresses the letter filed by Defendants Weanona Hugie and Richard Spears requesting a pre-motion conference regarding a motion for reconsideration. *See* ECF No. 173. The Court treats that letter, along with Plaintiff's opposing letter, as the motion for reconsideration itself and denies that motion. *See* ECF Nos. 173, 175. Second, the Court addresses the letter filed by the remaining Defendants (collectively, the "Soni Defendants") requesting permission to file a motion to modify the preliminary injunction that prohibits them from selling certain real property located in Newark (the "Newark Property"). *See* ECF No. 177.[1] The Court similarly treats that letter, along with Plaintiff's opposing letter, as the motion to modify the injunction itself and denies that motion because, among other reasons, the relief sought is prohibited by the law of the case, as established by the Second Circuit. *See* ECF Nos. 177, 178.

---

[1] As used in this decision, the term "Soni Defendants" refers to Soni Holdings, LLC, Kunal Soni, Anjali Soni, Om P. Soni, 632 MLK BLVD JR LLC, and Soni Capital Resources, LLC. *See* ECF No. 177 at 1.

This action focuses on an allegedly fraudulent transfer of the Newark Property, previously owned by Soni Holdings, LLC, while it was allegedly indebted to Plaintiff on an unpaid promissory note, for which Plaintiff has obtained a default judgment. *See* ECF No. 26 ¶¶ 18–24, 33–34, 45–50. Plaintiff alleges that Defendant Hugie improperly facilitated that transfer by helping to notarize and backdate a so-called "Family Agreement," which attempted falsely to portray that Soni Holdings had agreed to transfer the Newark Property several years before it defaulted on the note. *Id.* ¶¶ 55, 58, 62, 64. Plaintiff alleges that Spears participated in that transfer by directing Hugie to notarize the allegedly fraudulent agreement. *Id.* ¶ 61. Plaintiff further alleges that Spears took additional actions designed to hide assets that Soni Holdings could have used to pay its debt by creating a bank account under a fictitious company name and fictitious taxpayer identification number that Soni Holdings used to deposit money. *Id.* ¶¶ 67–74. Plaintiff asserts that all of this misconduct rises to the level of a civil RICO enterprise. *Id.* ¶¶ 94–95.

## I. Hugie and Spears's Motion for Reconsideration

Hugie and Spears were first named as Defendants in Plaintiff's amended complaint. *See* ECF Nos. 1, 26. Despite being served, they failed to respond timely, and the Clerk of Court entered their default pursuant to Rule 55(a). ECF Nos. 32–33, 35–37. Plaintiff then moved for a default judgment against them, at which point they appeared for the first time, filing an opposition to the motion for default judgment and asking the Court to vacate their default. ECF Nos. 38, 42. Magistrate Judge Tomlinson recommended that the Court vacate the default because Hugie and Spears had been in default for only a few weeks, thereby suggesting that their default was not willful, and because Plaintiff had not been prejudiced by their brief delay in

appearing.  ECF No. 104 at 9–10, 14–17.  Judge Spatt adopted her recommendation.  ECF No. 106 at 2.

Shortly after having their defaults vacated, Hugie and Spears responded to Plaintiff's amended complaint by filing a motion to dismiss.  ECF No. 108.  While that motion was pending, the case was reassigned to Judge Feuerstein, who issued a text order denying the motion "with leave to renew in accordance with the undersigned's individual rules."  *See* ECF Order dated July 23, 2020.  Less than two weeks later, Plaintiff filed a status report on behalf of all parties, which reiterated that the motion to dismiss had been denied.  ECF No. 111 at 3.  Hugie and Spears, however, never filed a renewed motion to dismiss and waited more than 1.5 years before making any effort at all to respond to Plaintiff's amended complaint.  Their attempted response was triggered by their attorney's learning that he had missed a conference before Magistrate Judge Tiscione in January 2022.  ECF No. 138.

Three weeks after missing the conference, Hugie and Spears filed a letter addressed to Judge Kuntz, to whom the case had been reassigned, seeking permission to file a belated motion to dismiss or, alternatively, a late answer.  *See* ECF No. 140.  Their attorney explained that he had overlooked the email transmitting Judge Feuerstein's text order denying the prior motion due to competing demands for his attention caused by significant health issues and the burden of attempting to homeschool two children as a single parent during the school closures associated with the COVID-19 pandemic.  *Id.* at 2.  He further explained that the long stretch of time between filing his motion and the apparent lack of a decision had not caused him any concern because the Court had taken approximately one year to decide his prior motion to vacate his clients' defaults, and he expected that the COVID-19 pandemic had increased the Court's backlog even further.  *Id.*

3

Judge Kuntz denied Hugie and Spears's request and ruled that their time to answer Plaintiff's amended complaint had expired. ECF No. 144. Judge Kuntz explained that their attorney's illnesses and parental obligations did not demonstrate good cause for the delay because he presumably received email notices from the Court of Judge Feuerstein's order and the subsequent joint status report filed by Plaintiff. *Id.* at 2. He also participated in a status conference with Judge Feuerstein in October 2020, after his clients' motion to dismiss had been denied, without making any effort to inquire about the status of the motion, despite never having received an opposition brief from Plaintiff. *See id.*; ECF No. 116.

Hugie and Spears timely filed a notice of appeal of Judge Kuntz's order, *see* ECF No. 148, and their appeal is pending before the Second Circuit, *see New Falls Corp. v. Soni Holdings, LLC, et al.*, No. 22-699-cv (2d Cir. filed Apr. 4, 2022). In their appellate briefs, Hugie and Spears have argued that Judge Kuntz erred in concluding that they had not demonstrated good cause for their failure to answer timely Plaintiff's amended complaint. *Id.* (ECF No. 76 at 14–15). They further argue that even if Judge Kuntz's conclusion was correct, denying them an opportunity to file an untimely answer would deprive them of their constitutional right to due process. *Id.* (ECF No. 76 at 11–14). Although their pre-motion letter filed in this Court does not make any due process arguments, it makes the same arguments in support of good cause that they have made before the Second Circuit. ECF No. 173 at 2–3.

"[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks and citations omitted) (alterations in original). The District's Local Rules require parties to move for reconsideration "within fourteen (14) days after the entry of the Court's determination of the original motion" unless the Federal Rules of Civil Procedure establish a longer deadline. Local Civ. R. 6.3. No such alternative deadline applies to Hugie and Spears's motion.

Hugie and Spears's decision to appeal Judge Kuntz's order affects the scope of the Court's jurisdiction to address the issues dealt with by that order. "The filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice." *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (internal quotation marks omitted). As a result of the transfer of jurisdiction from this Court to the Second Circuit, "once a notice of appeal has been filed, [the Court] may take actions only in aid of the appeal or to correct clerical errors." *Id.* (internal quotation marks omitted).

The Federal Rules of Appellate Procedure provide a limited exception to this jurisdictional bar for some types of motions for reconsideration. If a party moves for reconsideration of a prior order pursuant to Fed. R. Civ. P. 60(b) "no later than 28 days after the judgment is entered," then any previously-filed notice of appeal does not become effective until the district court decides the motion for reconsideration. Fed. R. App. P. 4(a)(4)(A)(vi), (a)(4)(B); *see also Vasquez v. Cullen*, No. 20-cv-7931, 2021 WL 930828, at *2 (S.D.N.Y. Mar. 9, 2021) (finding jurisdiction to consider a motion for reconsideration made pursuant to Fed. R. Civ. P. 60(b) where "[p]laintiff submitted th[e] motion after he submitted a notice of appeal and within 28 days after judgment was entered"). This exception does not apply here because the

5

Clerk of Court has not issued a judgment against Hugie and Spears, and, in any event, they have waited far longer than 28 days since Judge Kuntz's order to move for reconsideration.

But the appeal's divestiture of the Court's jurisdiction "is not absolute." *El-Bey v. Brooklyn Hosp.*, No. 20-cv-3296, 2021 WL 6796859, at *1 n.1 (E.D.N.Y. July 12, 2021). Rule 62.1 provides that when a party seeks "relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The Court therefore retains the authority to "*deny* [this] motion, despite the mandate residing with the Court of Appeals." *El-Bey*, 2021 WL 6796859, at *1 n.1 (denying motion to reconsider prior order dismissing case while plaintiff's appeal of that dismissal was pending and motion was filed more than 28 days after judgment had been entered).

Hugie and Spears's motion could be denied on the ground of untimeliness alone because they waited seven months after Judge Kuntz's order to file a pre-motion letter proposing a motion for reconsideration. *See* ECF Nos. 144, 173; *see also Murphy v. Commonwealth Land Title Ins. Co.*, No. 20-cv-2793, 2022 WL 3347223, at *5 (E.D.N.Y. Aug. 12, 2022) (denying motion for reconsideration filed long after the 14-day deadline required by the District's Local Rules). The motion also fails on the merits because Hugie and Spears have not identified any new evidence, change in controlling law, or manifest injustice that would undermine Judge Kuntz's decision that they lack good cause to file a belated response to Plaintiff's amended complaint. *See Avions De Transport Régional G.I.E. v. Avian Líneas Aéreas S.A.*, No. 19-cv-6769, 2019 WL 11274574, at *1 (S.D.N.Y. Dec. 19, 2019) (denying reconsideration of decision denying motion to vacate default judgment because defendants' motion "s[ought] to relitigate

6

issues already decided in this Court's last order"). The Court takes Hugie and Spears's counsel at his word that he noticed neither Judge Feuerstein's text order denying his clients' motion to dismiss without prejudice, nor the portion of Plaintiff's status report that referenced that dismissal. Even if that were true, however, it is nevertheless unreasonable for an attorney to wait more than 1.5 years to inquire about a motion for which he has not received a responsive order or even an opposition brief. Hugie and Spears's counsel should have, at minimum, consulted the Court's electronic docket during that period to investigate further the status of his motion.

II. **The Soni Defendants' Motion to Modify the Preliminary Injunction**

The day after Plaintiff filed this case, the Court entered a temporary restraining order that enjoined the Soni Defendants from further transferring the Newark Property. ECF No. 8. The Court later converted the temporary restraining order into a preliminary injunction that prohibited the Soni Defendants from "selling, transferring, conveying, hypothecating, mortgaging, liening, encumbering, or otherwise disposing of" the Newark Property. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2019 WL 3712127, at *6 (E.D.N.Y. Aug. 7, 2019).

The Soni Defendants unsuccessfully moved to modify the preliminary injunction. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2021 WL 855939, at *6–7 (E.D.N.Y. Mar. 5, 2021). They then appealed that denial to the Second Circuit, which affirmed the Court's decision and denied all of the relief that the Soni Defendants requested. *New Falls Corp. v. Soni Holdings, LLC*, No. 21-865-cv, 2022 WL 2720517, at *2 (2d Cir. July 14, 2022). In doing so, the Second Circuit expressly found that the Soni Defendants had "forfeited their argument that the continued enforcement of the preliminary injunction is inequitable" because they failed to raise that argument before this Court. *Id.*

This Court has twice found that the Soni Defendants were in contempt of their obligations imposed by the preliminary injunction. In March 2021, Judge Feuerstein ruled that they had violated the injunction by allowing a tax lien to encumber the Newark Property, thereby placing the property at risk of foreclosure. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2021 WL 919110, at *10 (E.D.N.Y. Mar. 8, 2021). Judge Feuerstein ordered the Soni Defendants not only to satisfy any then-unpaid tax obligations, but also "to pay all future taxes on the Newark Property, in compliance with the temporary restraining order and the preliminary injunction." *Id.* When Plaintiff moved again this year to hold the Soni Defendants in contempt for their non-payment of taxes, the Court granted Plaintiff's motion and reiterated the Soni Defendants' obligation to stay current on their taxes for the Newark Property. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2022 WL 4357410, at *6 (E.D.N.Y. Sept. 20, 2022). As part of that decision, the Court rejected the Soni Defendants' argument that the COVID-19 pandemic had diminished the Newark Property's rental income so much that they could not comply with the injunction. *Id.* at *4. The Court rejected that argument, in part, because the Soni Defendants relied on "bare assertions of financial distress in their attorney's memorandum of law" rather than submitting documentary evidence related to their ability to pay. *Id.* (internal quotation marks omitted).

After the Court's second contempt decision, the Soni Defendants filed papers demonstrating their payment of the back taxes on the Newark Property. ECF No. 177. Their submission, however, also requested various forms of relief. They asked for permission to file another motion to modify the preliminary injunction based on the financial hardship that they raised in their opposition to Plaintiff's second contempt motion, along with the advanced age and alleged ill health of Om Soni, Anjali Soni, and Kunal Soni. *Id.* at 1–2. At various points in their

8

letter, however, the Soni Defendants characterized their obligations under the Court's contempt decisions as different from their obligations under the preliminary injunction, and they cited case law related to the standard for civil contempt. *Id.* at 1–3. These references suggest that the Soni Defendants also want to modify their obligations described in the Court's contempt decisions. *See id.* Finally, the Soni Defendants asked "for the trial on the merits on this matter be advanced" because this case has been pending for nearly four years yet is still in the discovery and motion practice stage. *Id.* at 2.

To the extent the Soni Defendants propose moving to modify the preliminary injunction on the ground that it is inequitable, the Court denies that motion because it is foreclosed by the Second Circuit's decision affirming the denial of their earlier motion to modify the preliminary injunction. One branch of the law of the case doctrine, known as the "mandate rule," "provides that 'where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court.'" *Wilson v. United States*, No. 19-cv-5037, 2022 WL 3566504, at *3 (E.D.N.Y. Aug. 18, 2022) (quoting *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004)). Even though the Second Circuit held that the Soni Defendants had forfeited their arguments on this issue, "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand . . . from reopening such issues." *Azeez v. City of New York*, No. 16-cv-342, 2021 WL 3578500, at *7 (E.D.N.Y. Aug. 13, 2021) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)) (internal quotation marks omitted).

To the extent the Soni Defendants want the Court to modify any obligations in its prior contempt decisions, the Court treats that request as a motion to reconsider those decisions. The

Court denies that motion as untimely because the Soni Defendants raised their request more than 14 days after the Court's most recent contempt decision, in violation of Local Civil Rule 6.3. *See* ECF Nos. 171, 177; *see also Murphy*, 2022 WL 3347223, at *5 (denying motion for reconsideration as untimely). The Court also denies the motion on its merits because the Soni Defendants have not provided any information about their supposed financial hardship that was unavailable to them when opposing Plaintiff's most recent contempt motion, during which they relied on "bare assertions of financial distress in their attorney's memorandum of law." *New Falls Corp.*, 2022 WL 4357410, at *4 (internal quotation marks omitted). The Soni Defendants have now filed a letter written to Kunal Soni by Richard Spears, one of their co-defendants responsible for managing the property, dated October 5, 2022, stating that the Newark Property has "a backlog of rent of at least $200,000 since January of 2020." ECF No. 177-1 at 1; *see also* ECF No. 177 at 1 (identifying Spears as the author of the letter). The letter does not provide any documentation corroborating the amount of this backlog or showing the total assets of Defendant 632 MLK BLVD JR LLC, the owner of the Newark Property. *See* ECF No. 177-1.

Finally, the Court denies the Soni Defendants' request to accelerate the process of scheduling a trial in this case. The parties have raised several discovery disputes with Magistrate Judge Dunst, who has scheduled a conference to discuss them on November 10, 2022. *See* ECF No. 172. The Court will not schedule a trial in this case until all parties have complied with their discovery obligations and discovery is complete. Once discovery is complete, one way that the parties may potentially obtain an earlier trial date would be to consent to the jurisdiction of Judge Dunst, or another randomly-selected magistrate judge, which is a possibility that they can raise with Judge Dunst at their upcoming conference.

## CONCLUSION

For the reasons described above, the Court concludes that it has jurisdiction only to deny (but not to grant) Defendants Hugie and Spears's proposed motion for reconsideration, *see* ECF No. 173, and denies that motion as untimely and because it fails on the merits. The Court also denies the relief sought in the Soni Defendants' letter asking for permission to modify the preliminary injunction related to their Newark Property and the Court's contempt decisions related to their failure to comply with that injunction. *See* ECF No. 177.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
         November 9, 2022