UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
   NEW FALLS CORPORATION,

                      Plaintiff,

   v.

   OM P. SONI,

                      Defendant.
---------------------------------------------------------X
   NEW FALLS CORPORATION,

                      Plaintiff,

   v.

   SONI HOLDINGS, LLC; KUNAL SONI;
   ANJALI SONI; 632 MLK BLVD JR, LLC; OM
   P. SONI; SONI CAPITAL RESOURCES, LLC;
   WEANONA HUGIE; and RICHARD SPEARS,

                      Defendants.
---------------------------------------------------------X

**ORDER**

16-CV-06805 (HG) (LGD)

19-CV-00449 (HG) (LGD)

**LEE G. DUNST**, Magistrate Judge:

The Court herein supplements its November 10, 2022 Orders in 16-CV-6805 (DE 197) and 19-CV-449 (DE 184) and ORDERS as follows:

**The Parties shall address the following in their November 30, 2022 submissions in 16-CV-6805**:

1. Each party shall set forth their respective rationale for why the Court should not *sua sponte* reject said party's proposed non-party subpoenas for failing to comply with both Fed. R. Civ. P. 26(b)(1) and 45. *See, e.g., Sheindlin v. Brady*, No. 21-CV-1124, 2021 WL 2075483 at *3 n.3 (S.D.N.Y. May 24, 2021) (discussing the court's authority to "issue a protective order on its own initiative to limit discovery if it is outside scope permitted by Rule 26(b)(1)"), *aff'd sub nom. Scheindlin v. Brady*, No. 21-CV-1124, 2021 WL 2689592 at *(S.D.N.Y. June 30, 2021); *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063, 2020 WL 13048694 at *1-2 (E.D.N.Y. Oct. 19, 2020) (discussing legal standard for quashing Rule 45 subpoenas).

2. The parties shall discuss only their own proposed subpoenas and shall not make any arguments regarding the subpoenas sought by other side.

3. In DE 192, Plaintiff sought permission from the Court to "request that non-party Alan Grossman, CPA, produce Defendant [Om P. Soni]'s State and Federal Tax Returns, including all schedules, K-1's, financial statements, information provided by the Defendant, worksheets, notes and/or correspondence related thereto during the period 2006 to the date of production." On November 10, 2022, the Court (a) denied this request without prejudice because this proposed subpoena seeking Defendant's tax records for a 16-year time period was overbroad on its face and (b) permitted Plaintiff to propose a new subpoena in compliance with Rule 45.

   In the event Plaintiff continues to seek Defendant's tax records, Plaintiff shall address the ample case law rejecting similar requests for tax records in other cases. *See, e.g., Bhatt,* 2020 WL 13048694 at *3 (rejecting subpoena for tax records and noting that "[C]ourts have been reluctant to require disclosure of tax returns because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns"). Further, Plaintiff shall address the prior decision by Magistrate Judge Kathleen A. Tomlinson *in this case* rejecting Plaintiff's prior effort to obtain tax records from other non-parties *in this case. See New Falls Corp. v. Soni*, No. 16-CV-6805, 2020 WL 2836787 at *6-9 (E.D.N.Y. May 29, 2020) (rejecting Plaintiff's subpoenas seeking (1) tax records for "all trusts within which Om P. Soni and/or Anjali Soni have or had any interest in," and (2) "Consent Agreements for Plaintiff to obtain [Defendant Soni and non-party Anjali Soni's] Individual Tax Returns ... directly from any tax preparer"). Judge Tomlinson recognized that "[t]he Court has already permitted Plaintiff to obtain the requested tax documents directly from Defendant Soni and non-party Anjali Soni as well as the IRS. Plaintiff has not made an adequate showing that some fraud or other impropriety exists with respect to the produced tax documents to warrant yet another mechanism for the receipt of the same documents." *Id*. at * 9.

4. Judge Tomlinson's May 29, 2020 order that "**[g]oing forward, the parties are precluded from filing any further motions in this case without the advance permission of this Court**" remains in effect. *New Falls Corp.*, 2020 WL 2836787 at *15.

**The Parties shall address the following in their November 30, 2022 submissions in 19-CV-449:**

5. Each party shall set forth their respective rationale for why said party's own proposed subpoenas comply with both Rules 26(b)(1) and 45. *See, e.g., Bhatt,* 2020 WL 13048694 at *1-2 (E.D.N.Y. Oct. 19, 2020) (discussion of legal standard for quashing Rule 45 subpoenas); *New Falls Corp.*, 2020 WL 2836787 at *7 (in rejecting subpoenas in the related case, Judge Tomlinson noted that "[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition").

6. The parties shall discuss only their own proposed subpoenas and shall not make any arguments regarding the subpoenas being sought by other side.

7. Plaintiff shall file a letter of no more than two pages setting forth its position about whether the undersigned must grant Defendants' request for a hearing under Local Civil Rule 83.6(b) concerning the amount of attorneys' fees Plaintiff claims in DE 127 (submitted to the Court pursuant to Judge Sandra J. Feuerstein's order at DE 120).

8. Other than what is explicitly referenced in DE 184, "**[g]oing forward, the parties are precluded from filing any further motions in this case without the advance permission of this Court.**"

**The Parties shall address the following in their November 30, 2022 submissions in both 16-CV-6805 and 19-CV-449:**

9. Counsel for Plaintiff and counsel for Soni Defendants shall submit affidavits advising whether any federal or state judges in their many other cases involving these parties (including, but not limited to, 16-CV-6805 and 19-CV-449) previously addressed (orally or in writing) any of the discovery-related issues now presented to the Court. The affidavits must confirm the absence of any such prior oral or written ruling (unless the affidavits direct the Court to such a prior ruling). Failure to submit this mandatory affidavit will result in denial of the requested discovery relief with prejudice.

10. Counsel for Plaintiff and counsel for Soni Defendants shall submit affidavits confirming that all of their respective discovery requests, responses, or objections throughout the duration of both cases comply with the mandatory signature and certification requirement set forth in Fed. R. Civ. P. 26(g)(1). *See, e.g., DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 952-54 (N.D. Ill. 2021) (imposition of sanctions on attorneys for violations under Rule 26(g)). Failure to submit this mandatory affidavit will result in denial of requested discovery relief with prejudice.

11. "As officers of the court, all attorneys conducting discovery owe the court a heightened duty of candor." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009); *accord Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 571 (S.D.N.Y. 2019); *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618 JBW, 2011 WL 3471508 at *7 (E.D.N.Y. Aug. 5, 2011). In recent weeks, there has been a pattern of obfuscation by Plaintiff's counsel in responding to direct and specific inquiries from the Court.

    *First*, in DE 190, Plaintiff's counsel represented to the Court that "Mr. Mead discussed his additional demands during the status conference on August 10, 2020 before Judge Feuerstein, but the Court did not grant his requests," while Defendant's counsel argued that "[c]ontrary to Plaintiff's position, the District Judge did not address and rule in any manner on defendant's remaining discovery and Mr. Giordano presents no proof of the same (i.e., order, transcript, etc.)." As a result of this dispute, the Court ordered both counsel to submit sworn affidavits supporting their respective claims about what transpired at the August 10, 2020 conference with Judge Feuerstein. *See* DE 191. While Defendant's counsel provided the Court with such an affidavit, Plaintiff's counsel failed to provide any affidavit to support his prior representations about the 2020 conference with Judge Feuerstein. *Compare* DE 192 with DE 193.

    *Second*, the Court ordered the parties to advise the Court "how much time remains within the seven hour limit for the depositions of Peter Barta . . .and Kanwal Kapur (excluding any formal on-the-record breaks and/or any calls to the Court during those depositions)."

November 7, 2022 Order. In DE 196, Plaintiff's counsel answered this question about the Kapur deposition, but represented to the Court that it was "impossible to determine the length of the [Barta] deposition." By contrast, Defendant's counsel and Barta's attorney each advised the Court that the Barta deposition lasted approximately 45 minutes. DE 195. At the November 10, 2022 conference, Plaintiff's counsel again claimed that he did not know how long the Barta deposition lasted before he ultimately conceded, only after direct questioning by the Court, that he would estimate that the Barta deposition lasted approximately 45 minutes. *See* FTR Log # 1:14-2:41. Failure to make fulsome representations to the Court is unacceptable and will not be tolerated. Counsel are on notice that any continued obfuscation and lack of candor may result in imposition of sanctions by the Court.

12. Other than indicated above, there are no changes to previous limitations on length of submissions or restrictions on exhibits as previously ordered by the Court on November 10, 2022.

**SO ORDERED:**

Dated: Central Islip, New York
November 17, 2022

s/ Lee G. Dunst
_____
LEE G. DUNST
United States Magistrate Judge