UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No. 19-cv-00449(ADS)(AKT)

-------------------------------------------------------------X

NEW FALLS CORPORATION,

                                     Plaintiff,

**AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

-against-

SONI HOLDINGS, LLC, KUNAL SONI, ANJALI
SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI
CAPITAL RESOURCES, LLC, KANWAL KAPUR,
WEANONA HUGIE and RICHARD SPEARS,

                                    Defendants.

-------------------------------------------------------------X

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complains against the
Defendants as follows:

### Summary of the Suit

1.    This case involves the long-term pattern of fraudulent conduct by Defendant OM
P. SONI and those who conspired with him to hide, transfer and otherwise shield the substantial
assets of Defendants OM P. SONI and SONI HOLDINGS, LLC, from Plaintiff NEW FALLS
CORPORATION in furtherance of the general scheme to render the debt owed to Plaintiff
unrecoverable.

2.    As detailed below, Defendants' long-term pattern of wrongful conduct includes
several fraudulent conveyances of real property, mail fraud, wire fraud, money laundering,
mutilating/falsifying and backdating documents, false and fraudulent notarization of a Soni
"Family Agreement," which provided the claimed justification for the conveyance of a valuable

income producing property that was owned by the Judgment-Debtor Defendant SONI HOLDINGS, LLC, racketeering, perjury, witness tampering, and numerous other unlawful acts in attempt to defraud Plaintiff. As a result of Defendants' long-term pattern of wrongful conduct, the Judgment-Debtor SONI HOLDINGS, LLC has been rendered insolvent and Defendant OM P. SON has defrauded Plaintiff because he is still in control of those assets, and thus allowed to maintain his lavish lifestyle, but all the while leaving Plaintiff without the ability to collect its $265,834 Judgment plus interest.

3. Accordingly, Plaintiff brings this action against Defendant Om P. Soni and the conspiring Defendants involved in the enterprise under the civil damage provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO"). Plaintiff also brings this action for damages and to reverse the fraudulent conveyances by Defendants.

4. This suit is timely because Plaintiff recently discovered all of the fraudulent conveyances and unlawful acts in furtherance thereof by the Defendants, which rendered Defendant SONI HOLDINGS, LLC, insolvent. Furthermore, Plaintiff has been injured by the collection expense damages regarding all of the schemes implemented to thwart recovery of the debt. Accordingly, Plaintiff's claims are now ripe and this action is timely.

## **Parties**

5. All of the Defendants listed below were active participants in, and provided knowing and substantial assistance for, the implementation and successful execution of the fraudulent schemes and conspiracy involved in this lawsuit.

6.     Plaintiff NEW FALLS CORPORATION is a corporation duly organized and existing pursuant to the laws of the State of Ohio, with its principal place of business located at 100 North Center Street, Newton Falls, Ohio 44444.   As more fully set forth below, Plaintiff's predecessor-in-interest loaned money to Defendants SONI HOLDINGS, LLC, and OM P. SONI.

7.     Defendant SONI HOLDINGS, LLC, is a New York limited liability company with a principal place of business located at 10 Bel Air Court, Oyster Bay, New York 11771.  As detailed more fully below, said Defendant actively participated in the enterprise and conspired with Defendants to perpetrate numerous frauds with the intent to cause damage and injury to Plaintiff.  According to a Deed recorded on April 4, 2016, as more fully set forth below, it is claimed that Defendant ANJALI SONI is the sole member of Defendant SONI HOLDINGS, LLC. A copy of the Deed, together with the appurtenant transfer documents, are attached hereto collectively as Exhibit "A."

8.     Defendant KUNAL SONI is an individual residing at 10 Bel Air Court, Oyster Bay, New York 11771, and is the son of Defendant OM P. SONI and ANJALI SONI.  Defendant KUNAL SONI is listed as a manager and/or agent of Defendant SONI HOLDINGS, LLC and/or 632 MLK BLVD JR LLC.  As detailed more fully below, said Defendant actively participated in the enterprise and conspired with Defendants to perpetrate numerous frauds and unlawful acts with the intent to cause damage and injury to Plaintiff.

9.     Upon information and belief, Defendant ANJALI SONI, the wife of Defendant OM P. SONI and mother of Defendant KUNAL SONI, is an individual residing at 10 Bel Air Court, Oyster Bay, New York 11771 and is listed as the sole member of Defendant SONI HOLDINGS, LLC.  As detailed more fully below, said Defendant actively participated in the enterprise and

conspired with Defendants to perpetrate numerous frauds and unlawful acts with the intent to cause damage and injury to Plaintiff.

10.     Upon information and belief, Defendant 632 MLK BLVD JR LLC is a New York limited liability company with a principal place of business located at 10 Bel Air Court, Oyster Bay, New York 11771.   The said entity was fabricated to perpetrate the Newark Fraudulent Conveyance Scheme as set forth below.  According to the Certificate of Correction, dated June 21, 2017, Defendant KUNAL SONI is listed as the sole member and/or authorized agent of Defendant 632 MLK BLVD JR LLC.   A copy of Certificate of Correction is attached hereto as Exhibit "B."

11.     Defendant OM P. SONI is an individual residing at 10 Bel Air Court, Oyster Bay, New York 11771.  As detailed more fully below, said Defendant signed the Guaranty for the Note with Plaintiff's predecessor to receive the proceeds of the loan and said Defendant actively participated in the enterprise and conspired with Defendants to perpetrate numerous frauds and unlawful acts with the intent to cause damage and injury to Plaintiff.

12.     Upon information and belief, Defendant SONI CAPITAL RESOURCES, LLC is a foreign limited liability company registered in the State of Delaware with its sole member being Defendant ANJALI SONI and a principal place of business located at 10 Bel Air Court, Oyster Bay, New York 11771.  As detailed more fully below, said Defendant actively participated in the enterprise and conspired with Defendants to perpetrate numerous frauds and unlawful acts with the intent to cause damage and injury to Plaintiff, including but not limited to the fabrication of the bogus "Family Agreement."

13.     Defendant KANWAL KAPUR is an individual residing in New York with a business address of 25 Winthrop Drive, Woodbury, New York 11797.  As detailed more fully

below, said Defendant, among other instances of fraud, fabricated and mutilated tax return documents to conceal fraudulent activity and actively participated in the enterprise and conspired with Defendants to perpetrate numerous frauds and unlawful acts with the intent to cause damage and injury to Plaintiff.

14.     Upon information and belief, Defendant WEANONA HUGIE is an individual residing in New Jersey with a business address of 2077 Oak Tree Road, Edison, New Jersey 08820. As detailed more fully below, said Defendant actively participated by backdating and falsely notarizing the fabricated "Family Agreement," and conspired with Defendants to perpetrate numerous frauds with the intent to cause damage and injury to Plaintiff.  Upon information and belief, the said Defendant committed her fraudulent and unlawful activities through the use of the wires and/or mail with the effect, transaction and/or occurrences being felt in New York and engaged in tortious conduct in New York.  Given that the said Defendant's conduct was carried on with domiciliaries of New York, the said Defendant has consented to the jurisdiction of the Courts herein.

15.     Upon information and belief, Defendant RICHARD SPEARS is an individual residing in 310 West South Orange Avenue, South Orange, New Jersey 07079 with a business address of 1549 Springfield Avenue, Maplewood, NJ 07040.  As detailed more fully below, among other instances of fraudulent conduct, said Defendant actively participated in Chase Bank Scheme and conspired with Defendants to perpetrate numerous frauds with the intent to cause damage and injury to Plaintiff.  Upon information and belief, the said Defendant committed his fraudulent and unlawful activities through the use of the wires and/or mail with the effect, transaction and/or occurrences being felt in New York and engaged in tortious conduct in New York.  Given that the

said Defendant's conduct was carried on with domiciliaries of New York, the said Defendant has consented to the jurisdiction of the Courts herein.

## JURISDICTION AND VENUE

16.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(a).  Jurisdiction over the subject matter of this action is also properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties.  As set forth with specificity above, all Defendants are citizens of New York or New Jersey, and the Plaintiff is a citizen of Ohio.  The amount in controversy herein exceeds the sum of $75,000.00.

17.     Venue is pursuant to 28 U.S.C. § 1391, as the Defendants reside in the Eastern District of New York.

## FACTS

18.     On or about May 14, 2007, Defendant SONI HOLDINGS, LLC, for valuable and substantial consideration, executed and delivered to Plaintiff's predecessor-in-interest, AmSouth Bank, a Note for Business and Commercial Loans ("Note") for a business loan in the sum of $301,216.50, to be repaid with interest at the rate set forth therein.

19.     On or about May 14, 2007, Defendant OM P. SONI executed and delivered to Plaintiff's predecessor-in-interest, AmSouth Bank, a Guaranty Agreement ("Guaranty") of the obligations under the Note.

20.     In an attempt to defraud Plaintiff and obstruct satisfaction of the Note, Defendant OM P. SONI feigns that he did not sign the Guaranty, although at the time of the Note, he was the sole member of Defendant SONI HOLDINGS, LLC and received the benefit of the proceeds of the loan.

21.     The said Note was assigned and transferred to Plaintiff NEW FALLS CORPORATION by Allonge dated September 15, 2015, which is permanently affixed to the Note and made a part thereof.

22.     Plaintiff is the owner and holder of the Note.

23.     Defendant SONI HOLDINGS, LLC, defaulted under the terms of the Note by failing to pay principal and interest when due.

24.     Defendant SONI HOLDINGS, LLC, has been in default since 2014. The last payment by Defendant SONI HOLDINGS, LLC was on April 14, 2014.

25.     Defendants presented Plaintiff with false and fraudulent statements, both written and oral, on at least ten separate occasions.

26.     Included in the false information submitted to Plaintiff was the claim by Defendant OM P. SONI that he did not sign the Guaranty used to secure the Loan to his company, Defendant SONI HOLDINGS, LLC, of which he was the sole member at the time.

27.     Defendants SONI HOLDINGS, LLC, ANJALI SONI, KUNAL SONI and/or OM P. SONI received the proceeds and the benefits from the Note and Guaranty.

28.     Due to the false and fraudulent claims by Defendant OM P. SONI regarding the Guaranty, Plaintiff was forced to initiate a lawsuit against Defendant OM P. SONI, entitled "New Falls Corporation v. Om P. Soni," in the United States District Court for the Eastern District of

New York, Case No. 16-CV-06805. The said action is currently pending and Plaintiff has been damaged by the fraudulent conduct by the Defendants therein, including but not limited to the litigation costs across several actions pending in this Court.

29.     Defendants knew and understood that Plaintiff would rely upon on their false and fraudulent statements to Plaintiff's detriment.

30.     At the time of Defendants' false and fraudulent statements, Defendants were well-aware that their claims were fabricated.

31.     Defendants made the false and fraudulent statements as part of a conspiracy to defraud Plaintiff and cause excessive and undue collection costs.

32.     Defendants' false and fraudulent statements benefited Defendants and unlawfully obstructed satisfaction of the Debt, which affected interstate commerce.

33.     On or about February 22, 2018, a Judgment was entered in the United States District Court, Northern District of Alabama, Case No.17-cv-1330, in favor of Plaintiff, New Falls Corporation, against Defendant, SONI HOLDINGS, LLC, in the sum of $265,834.84 ("Judgment").

34.     On or about April 18, 2018, the Judgment was docketed in the United States District Court for the Eastern District of New York, in favor of Plaintiff against the Defendant SONI HOLDINGS, LLC, in the sum of $265,834.84.

35.     Defendant OM P. SONI and the Defendants herein who conspired with him designed and implemented a number of schemes which unlawfully rendered Defendant SONI HOLDINGS, LLC, insolvent for the propose of defrauding Plaintiff and preventing enforcement of the debt.

**A. The Newark Property Fraudulent Conveyance Scheme.**

36.     In an attempt to defraud Plaintiff and conceal fraudulent conveyances of real property and personal property, Defendants conspired together in an enterprise and committed numerous acts in furtherance of their general scheme, which caused injury to Plaintiff.

37.     In March 2016, while in New York, Defendant KUNAL SONI, as manager of Defendant SONI HOLDINGS, LLC, communicated via telephone with Plaintiff's representative, Pete Barta, in Ohio, regarding the subject debt.   During said telephone conference, Defendant intentionally misled the Plaintiff regarding the status of the debt and the ability to repay the same, as well as the assets owned by Defendant SONI HOLDINGS, LLC.  Just days thereafter, the said Defendants conspired together and committed the fraudulent conveyances complained of herein.

38.     In December 2018, Defendant KUNAL SONI testified under oath that besides a property in Missouri, Defendant SONI HOLDINGS, LLC, never owned any other property. However, the said claim was a false and fraudulent statement under oath in an attempt to conceal several fraudulent conveyances.

39.     For the years 2011 through 2016, Defendant SONI HOLDINGS, LLC, actually owned the premises located at 632-634 MLK Jr. Blvd., Newark, New Jersey ("Newark Property"), filed Tax Returns as owner, received rental payments in the hundreds of thousands of dollars per year as the owner.   However, Defendant KUNAL SONI, the manager of Defendant SONI HOLDINGS, LLC, lied in his deposition testimony in December 2018 claiming that the said entity was never an operational company when clearly it was.

40.     In December 2018, Defendant KUNAL SONI testified under oath that Defendant SONI HOLDINGS, LLC could not continue to pay the debt owed to Plaintiff because it did not

have any income.  However, the sworn testimony of Defendant KUNAL SONI was false and fraudulent because the said entity did have a substantial income from rents from the Newark Property, so this was yet another false and fraudulent statement under oath intended to defraud Plaintiff and which constituted perjury.

41.     Defendant KUNAL SONI submitted false, fraudulent and perjurious statements to Plaintiff about what assets Defendant SONI HOLDINGS, LLC owned to thwart Plaintiff from satisfying the debt.

42.     In furtherance of the scheme, in December 2018 and in January 2019, non-party Robert Bean, Esq., while acting as counsel to Defendants, unlawfully tampered with and attempted to intimidate a Subpoenaed Party, Defendant KANWAL KAPUR, in an attempt to keep him from producing information which would lead Plaintiff to the discovery of the said fraudulent conveyance.

43.     At all times relevant herein, Defendant KANWAL KAPUR was a Certified Public Accountant for Defendants OM P. SONI, ANJALI SONI, KUNAL SONI, SONI HOLDINGS, LLC, and/or 632 MLK BLVD JR LLC.

44.     In December 2018, Defendant KANWAL KAPUR produced documents in response to a lawfully served Subpoena.  However, Mr. Kapur unlawfully mutilated and/or "whited-out" information on the documents produced in an attempt to conceal the fraudulent conveyances and obstruct Plaintiff from satisfying the debt.

45.     In spite of Defendants' unlawful conduct, Plaintiff determined that, by deed recorded on April 4, 2016 ("Newark Deed"), while indebted to Plaintiff, the Defendants SONI HOLDINGS, LLC, ANJALI SONI and KUNAL SONI transferred all right, title and interest in

and to the Newark Property, which is known as and located at 632-634 Martin Luther King Jr. Boulevard, Newark, New Jersey, and further described as Block No. 103, Lot No. 41, on the tax map of the City of Newark, County of Essex, State of New Jersey, from Defendant SONI HOLDINGS, LLC, to Defendant 632 MLK BLVD JR LLC. *See Exhibit "A."*

46.     The Newark Deed was recorded in the office of the Essex County Clerk on April 4, 2016 at 1:11:09 p.m. under Instrument No. 2016028532. *See Exhibit "A."*

47.     The aforesaid transfer and conveyance was made by and/or at the direction of Defendants OM P. SONI, KUNAL SONI and/or ANJALI SONI.

48.     The aforesaid transfer and conveyance was made without consideration or without adequate consideration.

49.     The conveyance of the Newark Property by Defendant SONI HOLDINGS, LLC, was intended to render the said entity "judgment proof" and insolvent.

50.     The aforesaid transfer and conveyance was made at a time when Defendant SONI HOLDINGS, LLC was justly indebted to Plaintiff.

51.     Immediately after discovering the above-stated fraudulent conveyance, Plaintiff filed a fraudulent conveyance action against the Defendants in January 2019. However, at the same time, Defendants were attempting to further fraudulently convey the Newark Property by fabricating its sale to another family-owned entity, and Defendants fabricated a new claim that Defendant SONI HOLDINGS, LLC, did not "actually" own the Newark Property, but was a "mere conduit."

52.     In furtherance of their fabrication, the Defendants claimed that there was a "Family Agreement" and a "Sales Agreement" whereby Defendant 632 MLK BLVD JR LLC was going to sell the Newark Property to a new entity.

53.     Defendants submitted a fabricated "Agreement of Purchase and Sale," dated January 18, 2019, wherein Defendant 632 MLK BLVD JR LLC allegedly attempted to sell the Newark Property to an entity named "Liel Shishi MLK LLC," which is an entity owned by the Soni Defendants.

54.     At all times relevant hereto, non-parties Robert Bean, Esq., and Kenneth Reynolds, Esq., advised, aided, abetted and/or created the fabricated, false and fraudulent Sales Agreement and Family Agreement in an attempt to cover up the fraudulent conveyance.

55.     Defendants falsely alleged that the "Family Agreement," sets forth that Defendant SONI HOLDINGS, LLC, was a "place holder" for the purchase of the Newark Property.  The Defendants also falsely and fraudulently claimed that the "Family Agreement" was notarized on August 26, 2011 by Defendant WEANONA HUGIE, a Notary Public.

56.     Defendant SONI CAPITAL RESOURCES LLC is a New York entity owned and operated by the Soni Defendants, which they utilized to carry out the false and fraudulent activities within the enterprise.

57.     Defendant SONI CAPITAL RESOURCES LLC was party to the false and fraudulent "Family Agreement."  Upon information and belief, the said entity is another sole member-owned entity without any corporate structure.

58.     Although Defendant WEANONA HUGIE claims to have notarized all of the signatures on August 26, 2011, on the false and fraudulent "Family Agreement," her notary stamp

on the document sets forth that her commission expires on November 21, 2020, clearly demonstrating that the document is fraudulent and backdated, because notaries public in New Jersey only hold their respective offices for the term of five (5) years. Therefore, Defendant HUGIE would have renewed her notary license five (5) years prior to November 21, 2020, which would have been on or about November 21, 2015, which was four (4) years after the date which she purportedly notarized the bogus "Family Agreement."

59.    Clearly, Defendants rushed to fabricate the "Family Agreement" which is backdated to August 26, 2011, but in their haste failed to realize that the stamp by the notary proves that they had fabricated the document recently. This was done by the Defendants in an attempt to intentionally mislead and commit a fraud on the United States District Court, as well as the Plaintiff.

60.    Defendant RICHARD SPEARS is a manager of Defendant SONI HOLDINGS, LLC. Defendant SPEARS has signature authority on the bank accounts belonging to the said Defendant and has perpetrated numerous frauds to perpetuate the fraudulent schemes.

61.    Defendant SPEARS participated in the fraud regarding the alleged "Family Agreement," in January 2019, which conduct included directing Defendant HUGIE to falsely notarize the said document.

62.    The conduct by the Defendants and the notary, Defendant HUGIE, was intentionally false, fraudulent and caused damage to Plaintiff.

63.    In January and February 2019, Defendants transmitted the false and fraudulent "Family Agreement" as well as the false and fraudulent "Sale Agreement," through the mails and/or the wires across State lines.

64.     In February 2019, Defendant HUGIE committed a further unlawful act by submitting more false and fraudulent claims in an affidavit under oath alleging that she notarized the signatures of the Defendants on the alleged "Family Agreement" in 2011, but then affixed her stamp in 2019.  The said false and fraudulent act was conducted in furtherance of the general scheme of the Defendants' enterprise.

65.     Defendant SONI HOLDINGS, LLC is duly indebted to Plaintiff pursuant to the Judgment in the sum of $265,834.84, together with interest from April 18, 2018.

66.     As a result of the RICO conduct and fraudulent conveyances by Defendants, Plaintiff has not been able to satisfy its debt against Defendants SONI HOLDINGS, LLC and OM P. SONI.

**B.      The Scheme Regarding the Chase Bank Account.**

67.     Defendants conspired and operated the unlawful enterprise together to defraud Plaintiff and make the debt unenforceable.

68.     In furtherance thereof, in 2012, Defendants created a bank account with JPMorgan Chase Bank ("Chase Bank") under a fictitious Taxpayer Identification Number ("TIN") for Defendant SONI HOLDINGS, LLC, and fraudulently labeled their checks "SONI HOLDINGS MLK LLC" to conceal the account from Plaintiff and other creditors.

69.     From 2011 to 2018, Defendants regularly engaged in fraudulent banking practices by causing hundreds of thousands of dollars to be deposited into the account at Chase Bank for rents and other income paid to Defendant SONI HOLDINGS, LLC.  However, due to the fictitious

TIN and bogus entity name wherein significant funds of the said Defendant were hidden, Plaintiff and other creditors were unable to locate the account to satisfy the debt owed.

70.     Defendant RICHARD SPEARS, as manager of Defendant SONI HOLDINGS, LLC, signed the Business Account and Signors Form for the Fraudulent Chase Account Scheme on or about February 9, 2012.

71.     For the period of 2012 through 2018, Defendant RICHARD SPEARS deposited and signed numerous checks to be concealed within the Fraudulent Chase Bank Account with the fictitious TIN.

72.     Defendant RICHARD SPEARS signed numerous checks bearing the name of SONI HOLDINGS MLK, LLC, which is a nonexistent entity.

73.     In 2019, upon learning that Plaintiff likely discovered the account with money belonging to Defendant SONI HOLDINGS, LLC, Defendants conspired and transferred the said funds in an attempt to further thwart satisfaction of the debt and cause damage to Plaintiff.

74.     As a result of the Defendants' wrongful conduct, Defendant SONI HOLDINGS, LLC, has been rendered insolvent.


**C**.     **The Florida Property Fraudulent Conveyance Scheme.**

75.     On or about May 9, 2016, Plaintiff sent Demand Letters by regular and certified mail from Ohio to Defendants OM P. SONI and SONI HOLDINGS, LLC and received in New York on May 11, 2016.

76.     By deed, signed on May 11, 2016, and recorded on May 31, 2016 ("Florida Fraudulent Deed"), while indebted to Plaintiff, the Defendants SONI HOLDINGS, LLC, OM P.

SONI, ANJALI SONI and KUNAL SONI transferred all right, title and interest in and to the real property known as Lot 49 Reunion West Villages North, and located at 581 Muirfield Loop, Reunion, Florida 34747 ("Florida Property"), and further described as Lot 49, Reunion West Villages North recorded in Book 16, Pages 23 through 31, inclusive, Public Records of Osceola County, Florida, from Defendant SONI HOLDINGS, LLC, to Defendant ANJALI SONI.

77.     On May 11, 2016, the Florida Fraudulent Deed and supporting Limited Liability Company Affidavit were signed in New York, sent to Florida via the mails and recorded in the office of the Osceola County Clerk on May 31, 2016 under CFN 2016081564, and then sent back via the mails to New York.

78.     The said Florida Fraudulent Deed and supporting Limited Liability Company Affidavit were falsely notarized.

79.     The aforesaid transfer and conveyance was made by and/or at the direction of Defendants OM P. SONI, KUNAL SONI and/or Defendant ANJALI SONI.

80.     The aforesaid transfer and conveyance was made without consideration or without adequate consideration.

81.     The above-referenced fraudulent conveyance of Florida Property by SONI HOLDINGS, LLC, was intended to render the said entity "judgment proof" and insolvent so that Plaintiff sustained damages and was unable to enforce the debt.

82.     The aforesaid transfer and conveyance was made at a time when Defendant SONI HOLDINGS, LLC was justly indebted to Plaintiff.

83.     As a result of the fraudulent conveyance and RICO conduct by the Defendants, Plaintiff has been damaged because it has been unable to satisfy the debt.

**D.      Fraudulent Conveyance of the Soni Mansion Scheme.**

84.      While duly indebted to Plaintiff, by deed dated December 29, 2012, the Defendant OM P. SONI transferred all of his right, title and interest in and to the real property known as and located at 10 Bel Air Court, Oyster Bay, New York 11771, and further described as Section 24, Block 27, Lot 5, on the tax map of the County of Nassau, to his wife, Defendant ANJALI SONI and non-party Sudershan Sethi, as Trustees of the Om P. Soni Irrevocable Family Trust.

85.      The said deed was recorded in the office of the Nassau County Clerk's Office on September 17, 2013.

86.      The aforesaid transfer and conveyance was made without consideration.

87.      The aforesaid transfer and conveyance was made at a time when Defendant OM P. SONI was justly indebted to Plaintiff.

88.      As a result of the said fraudulent conveyance, Plaintiff has not been able to satisfy its debt against Defendant OM P. SONI and/or Defendant SONI HOLDINGS, LLC and Defendants have caused undue collection costs to Plaintiff.


**E.      The Defendants are Jointly and Severally Liable for the Conduct of Defendants OM P. SONI, ANJALI SONI and KUNAL SONI.**

89.      The Defendants consciously agreed, and participated knowingly and intentionally in the wrongful schemes of Defendants OM P. SONI, ANJALI SONI and KUNAL SONI to render Defendant SONI HOLDINGS, LLC, insolvent and make the debt owed to Plaintiff unenforceable.

90.     The acts of each Defendant herein played an integral role in the implementation and execution of the said wrongful schemes, and at all times relevant to this action, all Defendants acted with awareness that their role was part of an overall improper activity.

91.     Defendants formed an association-in-fact RICO enterprise because they all collaborated together to achieve the common goal of defrauding Plaintiff and assisting the Defendants OM P. SONI, ANJALI SONI and KUNAL SONI to commit the various frauds in obstructing satisfaction of the debt.

92.     All of the Defendants are jointly and severally liable for the full amount of damages caused to Plaintiff because they engaged in affirmative conduct described herein in furtherance of the goals of the conspiracy.  Upon joining the conspiracy, each Defendant became liable for the prior conduct of the earlier co-conspirators, and remains liable for the subsequent conduct of the Defendants OM P. SONI, ANJALI SONI and KUNAL SONI and other co-conspirators until such time as there is clear and unequivocal renouncement of any further participation in the conspiracy. To date, none of the co-conspirators named as Defendants herein has renounced their further participation in the fraudulent conspiracy.

## FIRST CAUSE OF ACTION

93.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

94.     Pursuant to 18 U.S.C. § 1962(b), it is unlawful "for any person through a pattern of racketeering activity…to acquire or maintain, directly or indirectly, any interest in or control of any enterprise…"  Pursuant to 18 U.S.C. § 1962(c), it is unlawful "for any person employed by or

associated with any enterprise's affairs through a pattern of racketeering activity…" Moreover pursuant to 18 U.S.C. § 1962(d), it is unlawful "for any person to conspire to violate any of the provisions of subsections …(b) or (c) of [§ 1962]."

95.     The course of conduct described above constitutes violations by Defendants SONI HOLDINGS, LLC, OM P. SONI, ANJALI SONI and SONI CAPITAL RESOURCES, LLC of §§1962 (b) and (c) and by all Defendants regarding § 1962(d) of RICO.  Defendants engaged in a pattern of wrongful conduct involving mail fraud, wire fraud, money laundering, monetary transactions with unlawful proceeds, extortion, interstate racketeering, interstate transport of misappropriated funds and witness tampering (the "Predicate Acts") to allow Defendants OM P. SONI, ANJALI SONI, and KUNAL SONI to commit various fraudulent conveyances, abuse the corporate structure of Defendant SONI HOLDINGS, LLC, and result in injury to Plaintiff by rendering the said entity insolvent and causing significant and undue collection costs.  As a result of the unlawful conduct by the Defendants, Plaintiff has been unable to satisfy the debt.


**A.     Predicate Acts.**

96.     **Mail Fraud.** The conduct of the Defendants described herein constitutes mail fraud in violation of 18 U.S.C. § 1341 in that:

> (a) the Defendants participated in a scheme or artifice to defraud or attempt to defraud Plaintiff and its predecessor in interest;
>
> (b) the Defendants and/or someone associated with the scheme, used the mails or caused the mails to be used, by placing or causing to be placed in an authorized depository for mail a letter intended to be sent or delivered by the United States Postal Service; and
>
> (c) the use of the mails was for the purpose of executing the scheme.

In that regard, the United States mails were used on a regular, continuous and systematic basis in connection with the implementation and execution of the various wrongful schemes set forth above.

97.     For the period of 2014 to the present, in connection with the Fraudulent Conveyance Schemes regarding the Florida Property and Newark Property, Defendants regularly and systematically used the mails across multiple States for the purpose of executing the scheme.

98.     In connection with the <u>Florida Property Scheme</u>, Defendants knew, must have known, or should have known that the United States Mails would be used in connection with some aspect in furtherance of this scheme.  In addition to other numerous instances of mail fraud:

a.     On or about May 11, 2016, the Florida Fraudulent Deed was signed by Defendants in New York, sent to Florida via the mails and recorded in the office of the Osceola County Clerk on May 31, 2016 under CFN 2016081564, and then sent back via the mails to New York;

b.     On or about May 11, 2016, the Limited Liability Company Affidavit was signed in New York by Defendants, sent to Florida via the mails and recorded in the office of the Osceola County Clerk on May 31, 2016 under CFN 2016081564, and then sent back via the mails to New York;

c.     On or about May 11, 2016, Defendants mailed the Operating Agreement of New York State Limited Liability Company from New York to Clerk of Court in Florida, Osceola County; and

d.     Upon information and belief, from 2014 to present, Defendants signed and mailed tax returns concerning the ownership and income concerning the Florida Property between New York, Florida and the IRS.

99.     In connection with the <u>Newark Property Scheme</u>, Defendants knew, must have known, or should have known that the United States Mails would be used in connection with some aspect in furtherance of this scheme.  In addition to other numerous instances of mail fraud:

a.  On or about March 4, 2016, Defendants signed and mailed the false and fraudulent Newark Deed from New York to the Clerk of Essex County, New Jersey, which was then recorded on or about April 4, 2016 and returned to New York;

b.  On or about March 4, 2016, Defendants signed and mailed the false and fraudulent Seller's Residency Certification/Exemption from New York to the State of New Jersey;

c.  On or about March 4, 2016, Defendants signed and mailed the false and fraudulent Affidavit of Consideration for Use by Seller from Nassau County, New York, to Essex County in New Jersey; and

d.  Upon information and belief, from 2012 to present, Defendants signed and mailed false and fraudulent tax returns concerning the ownership and income concerning the Newark Property between New York, New Jersey and the IRS;

100.  For the period of 2012 through 2018, in connection with the scheme regarding rents and income paid to Defendant SONI HOLDINGS, LLC, and deposited in the Chase Bank account with a fictitious TIN, Defendants knew or must have known, or should have known that the United States mails would be used in connection with some aspect of the furtherance of the scheme.

101.  With regard to the Chase Bank Account Scheme, Defendants regularly and systematically mailed and received statements, checks, correspondence and other documents across multiple States for the purpose of executing the scheme.   In addition to numerous other instances of mail fraud:

a.  On a regular and periodic basis from 2012 to the present, Defendants mailed false and fraudulent checks reflecting payment of expenses related to the Newark Property to and from Defendants between New York and New Jersey;

b.  On a regular and periodic basis from 2012 to the present, copies of statements from the subject fraudulent Chase Bank Account were mailed to

and from Defendants between Texas, New Jersey and/or New York regarding the Newark Property; and

c.    Upon information and belief, on a regular and periodic basis from 2012 to the present, Defendants communicated false and fraudulent information via the mails interstate regarding the business transacted through the fraudulent Chase Bank Account.

.

102.    With regard to all schemes, for the period of 2012 to present, Defendants sent by mails and/or wires numerous false and fraudulent documents as part of discovery in several legal actions to Plaintiff.

103.    In connection with all of the Fraudulent Conveyance Schemes, Defendants knew, or should have known that the United States mails would be used in connection with some aspect of the furtherance of the scheme.

104.    **Wire Fraud.**  The conduct of the Defendants described herein constitutes wire fraud in violation of 18 U.S.C. § 1343 in that:

(a) the Defendants devised a scheme or artifice to defraud or attempt to defraud Plaintiff and its predecessor in interest;

(b) the Defendants, or someone associated with the scheme or artifice, transmitted communications by means of a telephone, computer or fax machine connected to interstate wires for the purpose of executing such scheme or artifice; and

(c) the Defendants, or someone associated with the scheme or artifice, used a telephone, computer or fax machine connected to interstate wires willfully and with the specific intent to carry out some essential step in attempting to carry out the scheme or artifice to defraud or attempt to defraud Plaintiff and its predecessor in interest.

105.    In that regard, as detailed in part above, the interstate wires were used on a regular, continuous and systematic basis in connection with the implementation and execution of the various schemes set forth above.

106.    For the purpose of the Fraudulent Conveyance Schemes regarding Newark Property and the Florida Property, and the Chase Bank Account Scheme, Defendants regularly and systematically used and transmitted false and fraudulent communications by the use of the telephone, computer and/or fax machines connected to interstate wires for the purpose of executing the schemes with the specific intent to carry out essential steps to defraud Plaintiff and its predecessor-in-interest.  Among the numerous instances of wire fraud:

   a.    In March 2016, Defendants, while located in New York, communicated with Plaintiff, located in Ohio, via the telephone and gave false and fraudulent information regarding the status of the debt owed and lied about the assets of Defendants to perpetrate the Fraudulent Conveyance Schemes;

   b.    Upon information and belief, in January 2019, Defendants fabricated and transmitted the bogus "Family Agreement" between New York and New Jersey through the use of the wires to perpetrate and in furtherance of the Newark Fraudulent Conveyance Scheme;

   c.    Upon information and belief, in January 2019, Defendants fabricated and transmitted the bogus "Sales Contract" between New York and New Jersey over the wires to perpetrate and in furtherance of the Newark Fraudulent Conveyance Scheme; and

   d.    Upon information and belief, between 2012 and present, Defendants, regularly and systematically, transmitted numerous wire transactions between New York and New Jersey regarding the Fraudulent Chase Bank Account Scheme.

107.    **Money Laundering**.  The course of conduct set forth above constitutes violations by Defendants of 18 U.S.C. § 1956(a) in that Defendants:

a.   unlawfully obtained proceeds from, or that rightfully belonged to, the Defendant SONI HOLDINGS, LLC (the "Funds");

b.   were involved in (i) a transaction which in any way or degree affected interstate commerce (1) involving the movement of Funds by wire or other means, or (2) involving one or more monetary instruments, or (3) involving the transfer of title to any real property; or (ii) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate commerce in any way or degree (a "Financial Transaction"); and

c.   knowing that the Funds involved in a Financial Transaction represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a Financial Transaction which in fact involved the proceeds of a violation of 18 U.S.C. §§ 1341, 1343, 1951, 1952 and/or 2314 (the "Specified Unlawful Activity"), (i) with the intent to promote the carrying on of Specified Unlawful Activity; or (ii) knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of Specified Unlawful Activity.

108.   For the period of 2012 to present, for the purposes of the Fraudulent Conveyance Schemes regarding the Newark Property and the Florida Property, as well as the Fraudulent Scheme regarding the Chase Bank Account, Defendants regularly and systematically unlawfully obtained proceeds from, or that rightfully belonged to, Defendant SONI HOLDINGS, LLC, and which affected interstate commerce by movement of the said Funds by wires, by transfer of title to real and/or personal property knowing that the said Funds involved the proceeds of some form of unlawful activity with the intent on carrying out the said unlawful activities, knowing that the transaction was designed to conceal or disguise the true nature, location, source, ownership or control of the proceeds.

109.   **Monetary Transactions with Unlawful Proceeds**. The course of conduct set forth above constitutes violations by Defendants of 18 U.S.C. § 1957 in that Defendants:

     (a)     unlawfully obtained the Funds;

     (b)     knowingly engaged in or attempted to engage in a monetary transaction (the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution which is engaged in, or the activities of which affect, interstate commerce in any way or degree) in connection with the acquisition of property of a value greater than $10,000; and

     (c)     the Funds involved in the acquisition were proceeds of a violation of Specified Unlawful Activity (as defined under 18 U.S.C. §1956).

110.    Since Defendants used proceeds derived from a Specified Unlawful Activity to acquire numerous exotic, antique and/or classic automobiles and numerous other assets of a value in excess of $10,000, and in connection therewith, used a financial institution which was engaged in, or the activities of which affect, interstate commerce, Defendants' conduct constitutes monetary transactions with unlawful proceeds in violation of 18 U.S.C. § 1957.

111.    **Extortion.**  The course of conduct by Defendants constitutes extortion pursuant to 18 U.S.C. § 1956(a) in that Defendants obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspired so to do.

112.    In connection with the Fraudulent Conveyance Schemes, the Defendants, through their counsel, non-party Kenneth Reynolds, Esq., stated in February 2019 that they would obstruct, delay and otherwise affect Plaintiff's commerce by tying Plaintiff up in litigation for five (5) years before declaring bankruptcy unless Plaintiff relented in its pursuit of satisfying the debt.

113.    **Interstate Racketeering.**  Defendants engaged in unlawful activity under 18 U.S.C. § 1952 in that they engaged in (1) money laundering as detailed above; (2) monetary

transactions with unlawful proceeds in violation of 18 U.S.C. § 1957; and (3) extortion in violation of 18 U.S.C. § 1951 (the "Unlawful Activity").

114.    For the period of 2012 to the present, Defendants used the United States mails and other facilities of interstate commerce with intent to (1) distribute the proceeds of any Unlawful Activity; or (2) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any Unlawful Activity.

115.    The course of conduct set forth above constitutes interstate racketeering by Defendants in violation of 18 U.S.C. § 1952.

116.    **Interstate Transport of Misappropriated Funds**. Defendants transported, transmitted or transferred in interstate commerce funds of the value of $5,000 or more knowing the same to have been misappropriated, converted or taken by fraud from Defendant SONI HOLDINGS, LLC, and thus defrauding Plaintiff.

117.    Further, Defendants devised the Fraudulent Conveyance Schemes and the Scheme Regarding the Chase Bank Account to defraud money from Plaintiff, and in connection therewith, transported or caused to be transported in interstate commerce funds having a value of $5,000 or more.

118.    The course of conduct set forth above constitutes interstate transport of misappropriated funds by Defendants in violation of 18 U.S.C. § 2314.

119.    **Tampering with a witness, victim, or an informant.** Defendants engaged in tampering with a witness pursuant to 18 U.S.C. § 1512 in that they knowingly used intimidation, threatened or corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct toward another person, with intent to (1) influence, delay or prevent the testimony of any

person in an official proceeding; (2) cause or induce any person to, (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (D) be absent from an official proceeding to which such person has been summoned by legal process; or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings.

120.    Defendants also corruptly (1) altered, destroyed, mutilated, or concealed records, documents, or other objects, or attempted to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructed, influenced, or impeded any official proceeding, or attempted to do so.

121.    Furthermore, Defendants intentionally harassed another person and thereby hindered, delayed, prevented, or dissuaded a person from (1) attending or testifying in an official proceeding.

122.    As detailed above, within the Fraudulent Conveyance schemes, Defendants, through their counsel, non-party Robert Bean, Esq., tampered with a subpoenaed witness, Defendant KANWAL KAPUR by improperly advising and threatening legal action if the said Defendant fully complied with a Subpoena.

123. As a result of the witness tampering and/or intimidation, Plaintiff has been damaged in that it has been unable to recover on the debt owed by Defendants OM P. SONI and SONI HOLDINGS, LLC, as well as associated damages.

124. **Pattern of Racketeering Activity.** As described herein, the Defendants engaged in numerous acts of racketeering activity within ten years of each other. The predicate acts and other wrongful conduct of the Defendants described herein were related in the sense that they involved the same or similar purposes, results, participants, victims and methods of commission, and did not involve isolated or sporadic events. Further, there was continuity of conduct in that the predicate acts and other wrongful activities of the Defendants described herein extended over a considerable period of time and involved conduct with the threat of continuing wrongful activities.

125. **Enterprise.** Pursuant to 18 U.S.C. § 1962(b), the Defendants have engaged in the pattern of racketeering activity described herein to allow Defendants to fraudulently conceal and convey the real and personal property of Defendant SONI HOLDINGS, LLC, to obstruct and defraud Plaintiff in an "enterprise" affecting interstate commerce within the meaning of 18 U.S.C. § 1961(4).

126. Defendants participated in varying capacities in the wrongful and fraudulent schemes to allow Defendants OM P. SONI, ANJALI SONI and KUNAL SONI to divert assets from Defendant SONI HOLDINGS, LLC, in fraud of Plaintiff and to acquire an interest and then maintain control over the affairs assets.

127. The Defendants willfully associated themselves with the schemes and willfully participated in the said schemes. As set forth above, the Defendants and those under their direction

committed numerous fraudulent and wrongful acts which constitute the predicate acts detailed above.

128.   The Defendants named herein knew about and agreed to facilitate the Fraudulent Schemes and provided knowing and substantial assistance toward accomplishment of the wrongful goals of the enterprise.

129.   Accordingly, all Defendants are liable as co-conspirators with Defendants OM P. SONI, ANJALI SONI and KUNAL SONI, as principals.

130.   Defendants, each, constitute an enterprise engaged in activities which affect interstate commerce within the meaning of 18 U.S.C. § 1962.

131.   Defendants, collectively, constitute an association-in-fact that also constitutes an enterprise engaged in activities which affect interstate commerce within the meaning of 18 U.S.C. § 1962.

132.   Defendants OM P. SONI, KUNAL SONI, ANJALI SONI, KANWAL KAPUR, WEANONA HUGIE and RICHARD SPEARS (hereinafter, "Individual Defendants") are each a "person" within the meaning of 18 U.S.C. § 1962.

133.   The Individual Defendants have conducted and participated directly in the conduct of the enterprises' affairs through a pattern of racketeering activity.

134.   Specifically, the Individual Defendants have engaged in a scheme to defraud Plaintiff in order to obtain financing and obstruct lawful satisfaction of the debt, and on numerous occasions, from the period of May 14, 2007, to the present have used the United States mails and/or the wires to communicate information to Plaintiff in furtherance of multiple schemes, which acts constitute violations as set forth above.

135.    As a result of Defendants' violations of 18 U.S.C. § 1962, Plaintiff has been injured in its business or property, inasmuch as Plaintiff has been defrauded and now Plaintiff has been unable to satisfy the debt due solely to the fraudulent schemes by the Defendants.

136.    The Defendants' conduct of the enterprise constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), and the Defendants have conducted the affairs of the enterprises in such a manner as to constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

137.    Because of Defendants' fraudulent concealment of their schemes, Plaintiff did not become fully aware of the schemes until January 2019, nor could Plaintiff have reasonably become aware of the schemes before that date.

138.    **Injury**.  The injuries to Plaintiff are present and this action is ripe.

139.    By virtue of their violations of 18 U.S.C. § 1962, the Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained plus the costs of this suit, as well as the lawsuit currently pending against Defendant OM P. SONI for the enforcement of the Guaranty and the action pending against Defendants OM P. SONI and ANJALI SONI for the fraudulent conveyance of their mansion, including reasonable attorneys' fees for all actions against the Defendants related to the enforcement of the subject debt.  Defendants are liable for collection expense damages regarding all of the schemes involving enforcement of the debt.

140.    In addition, because the wrongful acts of the Defendants as described above were willful, intentional, and malicious, or with such a high degree of recklessness that the Defendants knew, must have known, or should have known, that harm would likely result to Plaintiff and its

predecessor in interest, Plaintiff seeks an assessment of punitive damages against the Defendants in an amount not less than three times Plaintiff's actual damages.

## **SECOND CAUSE OF ACTION**

141.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

142.     Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the aforesaid transfer and conveyance regarding the Newark Property and Florida Property were made by Defendants with actual intent to defraud, hinder or delay creditors, causing damage to Plaintiff.

143.     The aforesaid fraudulent transfers and occurrences were egregious, prejudicial and requires punitive damages.

## **THIRD CAUSE OF ACTION**

144.     Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

145.     Pursuant to DCL § 273, the said transfers and conveyances of the Newark Property and Florida Property were effectuated by Defendants with intent presumed in law to defraud, hinder and delay creditors, was made without adequate consideration, and was made at a time when Defendant SONI HOLDINGS, LLC was insolvent, or was thereby rendered insolvent, causing damage to Plaintiff.

## FOURTH CAUSE OF ACTION

146.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

147.    Pursuant to DCL § 274, the said transfers and conveyances of the Newark Property and the Florida Property, effectuated by Defendants who were engaged in or about to engage in a business or transaction for which the property remaining in the hands of Defendants after the conveyance is an unreasonably small capital, is fraudulent as to creditors, causing damage to Plaintiff.

## FIFTH CAUSE OF ACTION

148.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

149.    Defendants devised and implemented a plan to render Defendant SONI HOLDINGS, LLC wholly insolvent and judgment proof.

150.    The said conveyances were made by Defendants with the intent to prevent Plaintiff from recovering on a Debt justly owed.

151.    By reason of the said plan and the said conveyances, Defendants tortiously interfered with the collectability of the Debt owed by Defendant.

152.    As a result thereof, Defendants are liable for the damages caused to Plaintiff.

## SIXTH CAUSE OF ACTION

153.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

154.    There was no legal justification for the aforesaid plan and conveyances, which have caused unjustifiable injury to Plaintiff.

## SEVENTH CAUSE OF ACTION

155.    Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

156.    Pursuant to DCL § 276-a, Plaintiff is entitled to recover its attorneys' fees and expenses incurred in this action.

## DEMAND FOR RELIEF

Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a.      Judgment against all Defendants in the sum of $265,834.84 together with statutory interest from February 22, 2018;

b.      Statutory treble damages pursuant to 18 U.S.C. § 1964(c) consisting of three (3) times the total sum all collection costs regarding the Debt including the costs of this suit, as well as the lawsuit currently pending against Defendant OM P. SONI for the enforcement of the Guaranty, the Post-Judgment matter pending against Defendant SONI HOLDINGS, LLC, and the action pending against Defendants OM P. SONI and ANJALI SONI for the fraudulent conveyance of their mansion, including reasonable attorneys' fees for all actions against the Defendants related to the enforcement of the subject debt;

c.      Punitive damages against all Defendants in the amount of not less than three (3) times the total of Plaintiff's Judgment against Soni Holdings, LLC,

$265,834.84 together with statutory interest from February 22, 2018 and all collection costs;

d.  Vacating, voiding and setting aside the Deed recorded on April 4, 2016, with regard to the premises known as and located at 632-634 MLK Jr. Boulevard, Newark, New Jersey, and further described as Block No. 103, Lot No. 41, on the tax map of the City of Newark, County of Essex, State of New Jersey, and restoring title to the premises in the name of Defendant SONI HOLDINGS, LLC;

e.  Vacating, voiding and setting aside the Deed recorded on May 31, 2016, with regard to the premises known as real property known as Lot 49 Reunion West Villages North, and located at 581 Muirfield Loop, Reunion, Florida 34747 ("Florida Property #2"), and further described as Lot 49, Reunion West Villages North recorded in Book 16, Pages 23 through 31, inclusive, Public Records of Osceola County, Florida, and restoring title to the premises in the name of Defendant SONI HOLDINGS, LLC;

f.  For attorneys' fees, expenses and costs incurred as a result of this action and within the action pending before this Court in the matter entitled, "New Falls Corporation v. Om P. Soni," Case No. 16-CV-06805, for undue collection costs caused by the conduct of the Defendants in an amount to be determined by the Court; and

g.  For such other and further relief as the Court deems just and proper under the circumstances, together with interest, and the costs and disbursements of this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:      New York, New York
            March 15, 2019

                                        VLOCK & ASSOCIATES, P.C.
                                        Attorneys for Plaintiff
                                        630 Third Avenue, 18th Floor
                                        New York, New York 10017
                                        (212) 557-0020

                                        By: _s/Steven Giordano, Esq._
                                        Steven Giordano, Esq.