UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NEW FALLS CORPORATION,

Plaintiff,

v.

SONI HOLDINGS, LLC, KUNAL SONI,
ANJALI SONI, 632 MLK BLVD JR LLC,
OM P. SONI, SONI CAPITAL
RESOURCES, LLC, WEANONA HUGIE,
and RICHARD SPEARS,

Defendants.

**MEMORANDUM & ORDER**
19-CV-00449 (HG) (LGD)

---

**HECTOR GONZALEZ**, United States District Judge:

Non-parties Liel Shishi MLK, LLC and Cheskel Parnes (collectively, the "Proposed Intervenors") have filed a letter proposing that the Court modify a preliminary injunction, which has been in place since August 7, 2019, prohibiting Defendants from transferring a property in Newark, New Jersey.  ECF No. 227.  Proposed Intervenors state that Defendants had entered into a contract to sell the property to them in January 2019, before the preliminary injunction was issued, and that Proposed Intervenors learned about the preliminary injunction in June 2021 when they had planned to close the sale.  *Id.*  Proposed Intervenors suggest that the Court permit the sale of the property to go forward and require that "the net proceeds of the sale be placed in escrow with the Court pending the resolution of the action between the parties."  *Id.*  Defendants already made a similar proposal during a motion that they previously made to modify the preliminary injunction, which was rejected by one of the district judges who previously presided over this case.  ECF No. 119.  The Second Circuit affirmed that denial of Defendants' motion to modify the preliminary injunction.  *New Falls Corp. v. Soni Holdings, LLC*, No. 21-865-cv, 2022 WL 2720517, at *2 (2d Cir. July 14, 2022).

Plaintiff opposed Proposed Intervenors' request to intervene.  ECF No. 299.  The Court gave all parties, including Proposed Intervenors, an opportunity to file additional letters regarding the proposed intervention and warned them that "[t]he Court will likely decide whether to permit the non-parties to intervene based solely on the non-parties' and the parties' letters without giving them further opportunity to be heard on this issue."  ECF Order dated Aug. 7, 2023.  After considering the arguments made in those letters, the Court denies Proposed Intervenors' request to intervene for the reasons further set forth below.

If a non-party seeks to intervene as of right, as Proposed Intervenors do, that person "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *In re N.Y. City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022).[1]  "To determine whether an intervention motion is timely, the circumstances generally considered are:  (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."  *TGP Commc'ns, LLC v. Doe*, No. 22-1836-cv, 2023 WL 4230020, at *1 (2d Cir. June 28, 2023) (affirming denial of motion to intervene as untimely).[2]

---

[1]      Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

[2]      Although *TGP Communications* involved a motion for permissive intervention made pursuant to Rule 24(b), the Second Circuit explained that courts should "rely on the same circumstances to assess both the timeliness of Rule 24(a) motions for intervention as of right and Rule 24(b) motions for permissive interventions."  *TGP Commc'ns*, 2023 WL 4230020, at *1 n.2.  Therefore, the untimeliness of Proposed Intervenors' motion defeats their request to intervene both "pursuant to Rule 24(a)(2) and 24(b)(1)."  ECF No. 230.

Proposed Intervenors have failed to satisfy the timeliness requirement.  As described above, this preliminary injunction has been in place since August 2019, and Proposed Intervenors concede that they have known about it since June 2021.  ECF No. 227.  In fact, they have known about it for even longer, because when Defendants filed a motion in November 2019 seeking to modify the preliminary injunction, Defendants included as an exhibit a declaration from one of the Proposed Intervenors, Cheskel Parnes, dated September 25, 2019, and made under penalty of perjury.  ECF No. 69-20.  In that declaration, Mr. Parnes said that this lawsuit had "created a cloud on title" for the Newark property, which had made Defendants and Proposed Intervenors "unable to close the purchase and sale of the Property." *Id.* at 3.  By waiting until August 2023 to request permission to intervene, Proposed Intervenors have waited simply too long for their request to be considered "timely" according to any sensible definition of the word. *See Greater Chautauqua Fed. Credit Union v. Marks*, No. 22-cv-2753, 2023 WL 2744499, at *7 (S.D.N.Y. Mar. 31, 2023) (denying motion to intervene for the purpose of moving to modify preliminary injunction, made only one month after preliminary injunction was granted, because "the proposed intervenors had reasonable notice of the proceedings and delayed unreasonably in filing their motion [to] intervene"); *see also Peterson v. Islamic Republic of Iran*, 690 F. App'x 744, 746 (2d Cir. 2017) (affirming denial of motion to intervene because proposed intervenor had "delayed his motion for years").

Plaintiff would be prejudiced by Proposed Intervenors' delay by being forced to litigate for a second time essentially the same proposed modification to the preliminary injunction that Defendants already proposed.  On the other hand, Proposed Intervenors are free to protect their rights by bringing a separate lawsuit against Defendants for breach of their contract to sell the Newark property—even if that may be a less desirable remedy than Proposed Intervenors obtaining the property itself.

3

Even if Proposed Intervenors' motion were timely, they have failed to show that Defendants are incapable of adequately protecting their purported interest in the Newark property. As mentioned multiple times above, Defendants already proposed essentially the same modification to the preliminary injunction that Proposed Intervenors intend to propose. *See Greater Chautauqua*, 2023 WL 2744499, at *7 (explaining that proposed intervenors sought "to relitigate issues already decided" and sought modifications to a preliminary injunction similar to those already requested by "other parties who share their interest"). Although Proposed Intervenors fault Defendants for not pushing harder for their proposal to sell the property and place the proceeds in escrow, and for failing better to preserve that argument on appeal, the mere fact that Defendants were unsuccessful does not change that their interests and Proposed Intervenors' interests are aligned. *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346 (E.D.N.Y. 2018) (denying motion to intervene and holding that existing plaintiff could protect proposed intervenors' interest even though proposed intervenors "ha[d] different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy"). Like Proposed Intervenors, Defendants insist that they want to bring this action to a resolution and enable their sale of the property to Proposed Intervenors to take place. *See* ECF No. 232.

## **CONCLUSION**

For the reasons set forth above, the Court denies Proposed Intervenors' motion to intervene in its entirety and will not consider their proposed modification to the preliminary injunction in this case. ECF No. 230.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      November 18, 2023

4